# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

---

SHARON  BLACKMON-MALLOY
2525   36TH Street S. E.
Washington, D. C.  20020

| | | | |
|---|---|---|---|
| DAMON | ADAMS | 6018 WESSON DRIVE | SUITLAND, MD 20746 |
| FRANK | ADAMS | 7228 LORRING PLACE | FORESTVILLE, MD 20747 |
| SHAFTON | ADAMS | 1830 T PLACE S. E. | WASHINGTON, D. C. 20020 |
| CHARLES | AKINS | 13811 WATER FOWL WAY | UPPER MARLBORO, MD 20774 |
| TWANDA | ALEXANDER-WISE | 9125 ROUNDLEAF WAY | GAITHERSBURG, MD 20879 |
| EARL | ALLEN | 1025 BUTTERWORTH LANE | UPPER MARLBORO, MD 20774 |
| BUTLER | ALPHONSO | 12604 ANTREE COURT | UPPER MARLBORO, MD 20772 |
| VERNON | ALSTON JR. | P. O. BOX 170 | MT. RAINER, MD 20712 |
| MARSHA | ANDERSON | 11922 BIRCHVIEW DRIVE | CLINTON, MD 20735 |
| ROY | ANDERSON | 10007 CAMPUS WAY SOUTH | LARGO, MD 20772 |
| SHERRY | BAILEY | 6003 ST. MORITZ DRIVE #301 | TEMPLE HILLS, MD 20748 |
| KENNETH | BALDWIN | 7314 DONNELL PLACE #D-8 | FORESTVILLE, MD 20747 |
| DARYL | BANKS | 3405 ERIN COURT | UPPER MARLBORO, MD 20772 |
| TRENTON | BASS | 819 BAISAMTREE PLACE | SEAT PLEASANT, MD 20743 |
| LARRY | BENNETT | 9201 BRANCHVIEW DRIVE | FT. WASHINGTON, MD 20074 |
| CLARENCE | BLACK | 3738 DUNLIN SHORE COURT | NORCROSS, GA 30092 |
| LEWIN | BLACKSTON | 3400 CROYDON ROAD | BALTIMORE, MD 21207 |
| SHIRLEY | BLAND | 2110 BROOKS DRIVE #502 | FORESTVILLE, MD 20747 |
| DARRIN | BLOXON | 2200 JAMESON STREET | TEMPLE HILLS, MD 20748 |
| ERIC | BOGGS | 6745 PARK DRIVE | GREENBELT, MD 20770 |
| REGINA | BOLDEN-WHITAKER | 5812 JACKIES WAY | CLINTON, MD 20735 |
| HELEN | BOND-JONES | 3547 11TH STREET N. W. | WASHINGTON, D. C 20010 |
| GAYLE | BOONE | 9502 TELLICO PLACE | CLINTON, MD 20735 |
| WILBERT | BOOTH JR. | 2700 SASSATRAS COURT | OWINGS, MD 20736 |
| AMANDO | BOWMAN | 12959 BROADVIEW RUN | WALDORF, MD 20602 |
| TERESA | BRADBY | 3309 28TH PKWY. | TEMPLE HILLS, MD 20748 |
| CLINTON | BRADFORD | 2910 LOYD COURT | TEMPLE HILLS, MD 20748 |
| GRADY | BRADFORD SR. | 4208 NORCROSS STREET | TEMPLE HILLS, MD 20748 |
| SYLVIA | BRADLEY | 6426 KNOLLBROOK DRIVE | HYATTSVILLE, MD 0783 |
| ROBERT | BRASWELL  JR. | 3207 BARCROFT DRIVE | SPRINGDALE, MD 20774 |
| TYRONE | BROOKS | 4429 BECKENHAM PLACE | UPPER MARLBORO, MD 20772 |
| LORETTA | BULLOCK | 7910 VERNON AVENUE | FT. WASHINGTON, MD 20744 |
| SAPHONIA | BUTLER | 14102 REV. RAINSFORD CT. | UPPER MARLBORO, MD 20772 |
| KAYLANA | BYRD | 1522 DEEP GORGE COURT | OXON HILL, MD 20745 |
| JOHN WILLIE | CALDWELL  JR. | 3344 5TH STREET  S. E. | WASHINGTON, DC 20032 |
| STEPHEN | CANNADY | 2021 BROOKS DRIVE #204 | FORESTVILLE, MD 20747 |
| BRYAN | CARTER | 11805 ELLINGTON DRIVE | BELTSVILLE, MD 20705 |

Civil No:_____
(F.R. Civ. P. 23 Class
Action)

# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOE | CHRISTIAN | 3004 LUMAR DRIVE | FT. WASHINGTON, MD 20774 |
| PERNELL | CLARK | 18418 SHANNA DRIVE | ACCOKEEK, MD 20607 |
| KAREN | CLAY | 74 W. RIDGE CIRCLE | ODENTON, MD 21113 |
| WILLIAM | CLEVELAND | 2121 JAMEISON AVE #501 | ALEXANDRIA, VA 22314 |
| LUARTHUR | COCHRAN | 6819 SOUTHFIELD ROAD | FT. WASHINGTON, 20744 |
| CHARLES | COFFER JR. | 12514 CAMBLETON DRIVE | UPPER MARLBORO, MD 20774 |
| REGINALD | COLLINS | 2583 OACK GLENWAY | FORESTVILLE, MD 20747 |
| MICHAEL | COVINGTON | 2900 HILLSIDE AVENUE | CHEVERLY, MD 20785 |
| DORIAN | COWARD | 1720 TERRAPIN HILLS DRIVE | MITCHELLVILLE, MD 20721 |
| J | CREEKMAR | 5404 ANNETTE COURT | UPPER MARLBORO, MD 20772 |
| MONTE | CURTIS | 5219 CAROLINE CIRCLE | WALDORF, MD 20601 |
| RONALD | CURTIS | 3606 BASKERVILLE DRIVE | MITCHELLVILLE, MD 20721 |
| BEVERLY | DAVIS | 12308 ST. ALBAN CIRCLE | FT. WASHINGTON, MD 20744 |
| WILLIAM | DAVIS | 402 GOLDLEAF AVENUE | SEAT PLESANT, MD 20743 |
| SHAWN | DENEAL | 7918 ASHFORD BLVD. | LAUREL, MD 20707 |
| WILLIAM | DIGGS | P.O. BOX 292 | UPPER MARLBORO, MD 20772 |
| RAYMOND | DINGLE | 8200 REPPY LANE | FT. WASHINGTON, MD 20774 |
| DONALD | DIXON | 12720 HOLIDAY LANE | BOWIE, MD 20716 |
| TYRONE | DIXON | P.O. BOX 441071 | FT. WASHINGTON, MD 20749 |
| LEO | DUNKLIN | 8 CHANNING STREET N. E. | WASHINGTON, D. C. 20019 |
| CYNTHIA | EDWARDS | 7215 FLAG HARBOR DRIVE | FORESTVILLE, MD 20747 |
| MARCUS | EDWARDS | 922 PALMER ROAD #13 | FT. WASHINGTON, MD 20744 |
| VANESSA | EDWARDS | 8606 SAFFRON DRIVE | LANHAM, MD 20706 |
| KEITH | EMORY | 512 KISCONKO TURN | FT. WASHINGTON, MD 20744 |
| JOHN | EUILL II | 2903 WOODWAY PLACE | CHEVERLY, MD 20785 |
| KEVIN | EVANS | 2428 CORNING AVENUE #202 | FT. WASHINGTON, MD 20744 |
| KIM | EVANS-HERRING | 2950 LABELLA WAY | FALLS CHURCH, VA 22042 |
| KIM | EWINGS | 4216 DANVILLE DRIVE | TEMPLE HILLS, MD 20748 |
| RHONDA | FARMER | 1836 METZEROTT ROAD #1201 | ADELPHI, MD 20783 |
| ARNOLD | FIELDS | 306 JENNINGS MILLS ROAD | BOWIE, MD 20721 |
| MARCUS | FLEMING | 6912 GATEWAY BLVD. | DISTRICT HEIGHTS, MD 20747 |
| DAVID | FLEMMING | 7965 MONARCH STREET | WHITE PLAINS, MD 20695 |
| ROBERT | FOUNTAIN | 6020 GOODFELLOW DRIVE | SUITLAND, MD 20746 |
| MICHAEL | FUNDERBURK | 3525 ELLENTON ROAD | BOWIE, MD 20716 |
| LARRY | GAINES | 2109 BRIGHTER ROAD | HYATTSVILLE, MD 20782 |
| GEORGE | GIBSON | 7129 BRANCHWOOD PLACE | CLINTON, MD 20735 |
| GARY | GOINES | 518 POWHATAN PLACE N. W. | WASHINGTON, DC 20011 |
| TIERRE | GOLSBY | 13309 EDINBURGH LANE #2 | LAUREL, MD 20708 |
| RAYMOND | GOODINE | 8961 TOWN CENTER CT. A-112 | LARGO, MD 20774 |
| JAMES | GRAHAM | 8843 STONEBROOOK LANE | COLUMBIA, MD 21046 |
| MARK | GRAY | 6817 GROVETON DRIVE | CLINTON, MD 20735 |

Civil No:_____
(F.R. Civ. P. 23 Class Action)

Page 2 of 45

**1B of 38**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| PATRICK | GRAY | 32 BRYANT STREET N. W. | WASHINGTON, D. C. 20002 |
| LARRY | GREAR | 4303 LEATHERWOOD TERRACE | BURTONVILLE, MD 20866 |
| ALVIN | GREEN | 12002 GREEN TREE TURN | UPPER MARLBORO, MD 20772 |
| PAMELA | GREEN | 4713 KING JOHN WAY | UPPER MARLBORO, MD 20772 |
| TAMMI | GREEN | 30 REGENCY DRIVE | STAFFORD, VA 22554 |
| JAMES | GRIFFIN | 2503 KORVALE LANE | BOWIE, MD 20715 |
| LYNWOOD | GUISE | 2202 I STREET N. W. | WASHINGTON, DC 20001 |
| JAMES | GUPTON JR. | 2609 FORT DRIVE | SUITLAND, MD 20746 |
| CLARENCE | HAIZLIP JR. | 3301 ACCODALE DRIVE | CLINTON, MD 20735 |
| DAVID | HAMLETT | 3716 DOWNEY DALE DRIVE | RANDALLSTOWN, MD 21133 |
| EARNESTINE | HARDING | 9506 ATOM ROAD | CLINTON, MD 20735 |
| MACCO | HARPER | 8021 EASTERN AVENUE #109 | SILVER SPRING, MD 20910 |
| MARCO | HARPER III | 6807 HOLLY BERRY COURT | FORESTVILLE, MD 20747 |
| TIMOTHY | HARRELL | 7927 HEATHER LEIGH PLACE | WHITE PLAINS, MD 20695 |
| AVE' MARIA | HARRIS | 5404 STRATFORD LANE | TEMPLE HILLS, MD 20748 |
| ROBIN | HARRIS | 1982 WINSLOW COURT | WOODBRIDGE, VA 22191 |
| NIKKOL | HICKS | 516 FAIRHILL DRIVE | SILVER SPRING, MD 20904 |
| JERRY | HOWARD | 05 ALEXANDRIA OVERLOOK | OXON HILL, MD 20745 |
| LARRY | HUDSON | 8 BLACKPOOL CIRCLE | WALDORF, MD 20602 |
| TIMOTHY | HUNTER | 11312 MARLEE AVENUE | CLINTON, MD 20735 |
| LARRY | IKARD | 4629 EASTERN AVENUE | MT. RAINIER MD, 20712 |
| DWAYNE | INABINET | 1311 47 OPAL LANE | WOODBRIDGE, VA 22193 |
| KONEY | IRBY | 3056 CLINTON STREET N. E. | WASHINGTON, DC 20018 |
| BERNAARD | JACKSON | 7204 RIVERDALE ROAD | LANHAM, MD 20716 |
| EDWARD | JACKSON | 43376 BURKEDALE STREET | SOUTH RIDING, VA 20133 |
| GREG | JACKSON | 504 CRETIA PLACE | UPPER MARLBORO, MD 20774 |
| MELDON | JACKSON | 8110 RICHARD DRIVE | FORESTVILLE, MD 20747 |
| WAINWRIGHT | JACKSON | 1354 RANDOLPH STREET N. W. | WASHINGTON, D. C. 20011 |
| GREGORY | JACOBS | 7514 SWEET HOURS WAY | COLUMBIA, MD 21046 |
| HENRY | JACOBS | 9130 HARDESTY DRIVE | CLINTON, MD 20735 |
| STEPHEN | JAMES | 3213 CARLTON AVENUE | TMEPLE HILLS, MD 20748 |
| DENEA | JAMISON | 6108 BREEZEWOOD CT. #203 | GREENBELT, MD 20770 |
| CARLTON | JENKINS | 1727 S. NELSON STREET | ARLINGTON, VA 22204 |
| MICHAEL | JENKINS | 12719 BUCKHARDT | CLINTON, MD 20735 |
| THOMAS | JENKINS III | 10017 HOWELL DRIVE | UPPER MARLBORO, MD 20774 |
| RODERICK | JENNINGS | 801 NORTH PITT STREET | ALEXANDRIA, VA 22314 |
| CLARENCE | JETER JR. | 1700 N. NASH STREET | ARLINGTON, VA 22207 |
| FRANK | JOHNSON | 7420 CRANE PLACE | LANDOVER, MD 20785 |
| JOHN | JOHNSON | 8812 PISGAH DRIVE | CLINTON, MD 20735 |
| WILLIE | JOHNSON | 3420 NAVY DAY DRIVE | SUITLAND, MD 20746 |
| LAVERNE | JOHNSON-REYNOLDS | 2402 OLSEN STREET | TEMPLE HILLS, MD 20748 |

Civil No:_____
(F.R. Civ. P. 23 Class
Action)

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MERVIN | JONES | 101 YELLOWTWIG LANE | ANNAPOLIS, MD 20401 |
| RONALD | JONES | 13017 WEISS DRIVE | BOWIE, MD 20715 |
| THEORTIS | JONES | 10765 KITCHENER COURT | BOWIE, MD 20721 |
| NAUDIAN | JONES, JR. | 605 BURNS STREET S. E.FRANK | WASHINGTON, DC 20019 |
| MACK | KENNEDY | 5442 FALLRIVER ROW COURT | COLUMBIA, MD 21044 |
| WANDA | KENNEDY | 1651 FOREST PARK DRIVE | FORESTVILLE, MD 20747 |
| MICHAEL | KILLEBREW | 4502 ROCKDALE LANE | UPPER MARLBORO, MD 20772 |
| DOROTHY | KYLE | 1201 DIXIE BOWIE WAY | UPPER MARLBORO, MD 20774 |
| JOHN | LANCESLIN | 5850 CAMERON RUN TERRACE #915 | ALEXANDRIA, VA 22303 |
| JANICE | LANDRUM | 3903 21ST PLACE | TEMPLE HILLS, MD 20748 |
| LONNIE | LANE | 1909 WINSLOW COURT | WOODBRIDGE, VA 22191 |
| SYLVIA | LASSITER | RR1, BOX 592 PINNERS CH. RD | RICH SQUARE, NC 27865 |
| GOVERNOR | LATSON | 10110 KATHLEEN DRIVE | FT. WASHINGTON, MD 20744 |
| MARK | LATSON | 9703 TEAKWOOD DRIVE | UPPER MARLBORO, MD 20774 |
| ERRINGTON | LINDO | 9507 TIPPETT LANE | GAITHERSBURG, MD 20879 |
| JEROME | LOFTY | 1213 EMERSON STREET N. E. | WASHINGTON, D. C. 20017 |
| ANTHONY | LUCAS | 20407 BASELINE TERRACE | ASHBURN, VA 20147 |
| BRENDA | LUCKEY | 3764 STONESBORO ROAD | FT. WASHINGTON, MD 20744 |
| ROBERT | LUMPKIN | 7530 9TH STREET N. W. | WASHINGTON, D. C. 20012 |
| DERRICK | MACON | 11804 SYLVIA DRIVE | CLINTON, MD 20735 |
| WILLIAM | MAEDEL | 1700 ALLISON STREET, NE | WASHINGTON, DC 20017 |
| DANNY | MALLOY | 1102 45TH PLACE, NE | WASHINGTON, DC 20019 |
| TYRONE | MARSHALL | 1317 LAWRENCE STREET N. E. | WASHINGTON, D. C. 20017 |
| BRANDY | MARTIN-WILCHER | 1719 BARRINGTON COURT | MITCHELLVILLE, MD 20721 |
| DAVID | MASSIE | 7903 POWHATAN STREET | NEW CARROLTON, MD 20784 |
| RON | MASSIE | 1527 KINGS HILL STREET | MITCHELLVILLE, MD 20721 |
| KEVIN | MATTHEWS SR. | 2507 32ND STREET, SE | WASHINGTON, DC 20020 |
| DAWNYA | MAUNEY | 1205 OTIS STREET N. E. | WASHINGTON, D. C. 20017 |
| KESHIA | MCCATTY | 8006 DANIEL DRIVE | FORESTVILLE, MD 20747 |
| OLLIE | MCCOY | 2106 WILLOW TREE LANE | TEMPLE HILLS, MD 20748 |
| DANNY | MCELROY | P. O. BOX 11132 | ALEXANDRIA, VA 22131 |
| DINA | MCILWAIN | 2204 HOLLOW COURT | WALDORF, MD 20601 |
| SAMUEL | MCNAIR | 5722 EAGLE STREET | CAPITOL HEIGHTS, MD 20743 |
| BRENT | MILLS | 2700 WOODWALK COURT | ALEXANDRIA, VA 22306 |
| JEANITA | MITCHELL | 2604 LONGBOW COURT | BRYANS ROAD, MD 20616 |
| JOCELYN | MOORE | 7300 MOORE ROAD | BRANDYWINE, MD 20613 |
| JOSEPH | MOORE | 5314 WEST BONIWOOD TURN | CLINTON, MD 20735 |
| MONIQUE | MOORE | 4948 WEALDING WAY | OXON HILL, MD 20745 |
| MORRIS | MOORE | 2706 31ST STREET S. E. #640 | WASHINGTON, DC 20020 |
| RENARD | MOORE | 7974 JANNA LEE CT. #101 | ALEXANDRIA, VA  22306 |

Civil No:_____
(F.R. Civ. P. 23 Class Action)

)

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DENISE | MORRIS | 1307 GIRARD STREET N. E. | WASHINGTON, D. C. 20017 |
| CLARK | MORTON | 7212 GOBLET COURT | CLINTON, MD 20735 |
| ADRIAN | MOTLEY | P.O. BOX 2967 | WASHINGTON, DC 20013 |
| RODRIC | MYERS | 7612 SHEFFIELD GRWY. | LORTON, VA 22079 |
| CHARLES | NANTON JR. | 1543 POTOMAC HEIGHTS DRIVE | FT. WASHINGTON, MD 20744 |
| DAVID | NELSON | 1540 ROXANNE ROAD N. W. | WASHINGOTN, D. C. 20012 |
| GLENN | NEWELL JR. | 1807 COLUMBIA AVENUE | LANDOVER, MD 20785 |
| MARCELUS | NEWTON | 2614 BERRYWOOD LANE | SPRINGDALE, MD 20774 |
| BARRY | NIXON | 6609 TALL OAK DRIVE | TEMPLE HILLS, MD 20748 |
| CYNTHIA | NORRIS | 8600 CORRY DRIVE | BOWIE, MD 20720 |
| BRANDELL | ODOM | 10801 KING EDWARD DRIVE | UPPER MARLBORO, MD 20772 |
| PAULA | OREM | 1782 TULIP AVENUE | FORESTVILLE, MD 20747 |
| TRUDY | PARKER | 2621 33RD STREET S. E. | WASHINGTON, DC 20020 |
| MARVIN | PATTERSON | 6110 OMNAR COURT | UPPER MARLBORO, MD 20772 |
| LUTHER | PETERSON | 11954 AUTUMNWOOD LANE | FT. WASHINGTON, MD 20744 |
| ANTOINETTE | PETTIS | 1704 N STREET N. W. | WASHINGTON, D. C. 20001 |
| DUVALL | PHELPS | 8920 CONTINENTAL PLACE | LANDOVER, MD 20785 |
| JAMES | PINNIX | 17124 MOSS SIDE LANE | OLNEY, MD 20832 |
| KENNETH | PITTMAN | 10015 WHITEFIELD STREET | FAIRFAX, VA 22032 |
| JACQUELINE | PORTEE-RAYMOND | 6915 ADEL STREET | CAPITOL HEIGHTS, MD 20743 |
| ALBERT | POWELL | 8505 SUNDALE DRIVE | SILVER SPRING, MD 20910 |
| JAMES | POWELL | 3498 SOUR CHERRY COURT | WALDORF, MD 20602 |
| WILLIE | RAGLAND | 7813 MARDAR ROAD #107 | GREENBELT, MD 20772 |
| BARRY | RAINEY | 6601 KIPLING PKWY | DISTRICT HEIGHTS, MD 20747 |
| DORIS | REID | 1003 BANISTER WAY | CAPITOL HEIGHTS, MD 20743 |
| MARY | RHONE | 3400 GEATON DRIVE | UPPER MARLBORO, MD 20774 |
| MICHAEL | RICHARDSON | 10305 SEA PINES | MITCHELLVILLE, MD 20721 |
| RONALD | RICHARDSON | 5505 CELESTIAL LANE | BRANDYWINE, MD 20613 |
| VERNIER | RIGGS | 6313 SOUTHLAKE COURT | BRYANS ROAD, MD 20616 |
| GLENN | RITCHIE | 3414 CURTIS DRIVE #302 | HILLCREST HEIGHTS, MD 20746 |
| JAMES | ROBERTS | 1728 GIRARD STREET  N. E. | WASHINGTON, DC 20018 |
| THEODORE | RODGERS | 5807 JACKIES WAY | CLINTON, MD 20735 |
| LEONARD | ROSS | 6110 HELLEN LEE DRIVE | CLINTON, MD 20735 |
| LLOYD | RUDD | 1615 ANGELWING DRIVE | SILVER SPRING, MD 20904 |
| GREG | RUSH | 11104 ATWELL AVENUE | BOWIE, MD 20720 |
| STEVEN | SCOTT | 1923 BROOKDALE ROAD | BALTIMORE, MD 21244 |
| JEFFREY | SCRUGGS | 14 WHISPERING COURT | OWINGS MILLS, MD 21117 |
| GLYNIS | SENN | 9709 SUMMIT CIRCLE | LARGO, MD 20774 |
| JOLANIA | SHARPS | 3521 PUMPHREY DRIVE | FORESTVILLE, MD 20747 |
| KENNETH | SHAW | 6948 CONY COURT | WALDORF, MD 20603 |

Civil No:_____
(F.R. Civ. P. 23 Class Action)

)

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CALVIN | SHIELDS JR. | 4340 G STREET S. E. | WASHINGTON, D. C. 20019 |
| MICHAEL | SHIRLEY | 3831 HOLLOWAY CIRCLE | UPPER MARLBORO MD 20772 |
| DORMAN | SIMMONS | 625 MT. LUBENTIA CT. W. | UPPER MARLBORO, MD 20772 |
| JOSEPH | SIMPSON | 4 DOE HILL COURT | BALTIMORE, MD 21228 |
| FLOYD | SIMPSON JR. | 3267 PRINCE RAINER PLACE | FORESTVILLE, MD 20747 |
| MAURITA | SMITH | 1014 MARLBORO ROAD | LOTHIAN, MD 20711 |
| SAMUEL | SMITH | 1301 DEL. AVE. S. W. #401 | WASHINGTON, D. C. 20024 |
| HENRY | SMITH JR. | 1407 SPRING PLOW CT. | SEVERN, MD 21144 |
| PINKNEY | SPEIGHTS | 112 E. RAYMOND AVENUE | ALEXANDRIA, VA 22301 |
| CHAUNCY | SPRIGGS | 10122 GLOUCESTER LANE | CHELTENHAM, MD 20735 |
| MICHAEL | SPRIGGS | 7109 SUNRISE DRIVE | LANHAM, MD 20706 |
| ROBERT | SPRUILL | 1000 STAGWAY | FT. WASHINGTON, MD 20744 |
| CLAUDETTE | SQUIRES | 7112 FLAG HARBOR DRIVE | DISTRICT HEIGHTS, MD 20747 |
| KEITH | STEWARD | 16137 EDENWOOD DRIVE | BOWIE, MD 20716 |
| ROBERT | STEWART | 7501 MARION STREET | FORESTVILLE, MD 20747 |
| REGINALD | STRAUGHN | 11468 LELAND PLACE | WALDORF, MD 20601 |
| DWIGHT | STURDIVANT | 7814 GOLDFIELD COURT | CLINTON, MD 20735 |
| PATRICIA | SUMLIN | 4004 CAROZZA COURT | TEMPLE HILLS, MD 20748 |
| WENDELL | SUMMERS, JR. | 4900 MEGAN DRIVE | CLINTON, MD 20735 |
| SHELLY | TAYLOR | 8424 INDIAN HEAD HWY. | FT. WASHINGTON, MD 20744 |
| GERALD | THOMAS | 5608 N. CAPITOL STREET N. W. | WASHINGTON, D. C. 20011 |
| ANWAR | THOMPSON | 4704 KENMORE AVENUE #304 | ALEXNDRIA, VA 22304 |
| KENNETH | THOMPSON | 9814 GREEN APPLE TURN | UPPER MARLBORO, MD 20772 |
| GLADYS | TRADER | 9240 LIVERY LANE #P | LAUREL, MD 20723 |
| TYRONE | TUCKER | 5225 POOKS HILL ROAD #3175 | BETHESDA, MD 20814 |
| CLINTON | TURNER | 7411 GAMBIER DRIVE | UPPER MARLBORO, MD 20772 |
| DALE | VEAL | 411 POST LANE | BOWIE, MD 20716 |
| ANTHONY | WASHINGTON | 5101 BLUEHEAD COURT | WALDORF, MD 20603 |
| STEPHEN | WASHINGTON | 7023 MASON STREET | DISTRICT HEIGHTS, MD 20747 |
| REGINALD | WATERS | 5604 BUTTERFIELD DRIVE | CLINTON, MD 20735 |
| RICHARD | WEBB | 10752 GREEN MOUNTAIN CIRCLE | COLUMBIA, MD 21044 |
| STEPHANIE | WEEMS | 1411 ELKWOOD LANE #201 | CAPITOL HEIGHTS, MD 20743 |
| JAMES | WESTBROOK II | 8911 LOUGHRAN ROAD | FT. WASHINGTON, MD 20744 |
| ANGELA | WHEELER | 415 DERWOOD AVENUE | CENTERVILLE, MD 21617 |
| RITA | WHEELER | 1402 CAPITAL VIEW TERRACE | LANDOVER, MD 20785 |
| MCARTHUR | WHITAKER | 5812 JACKIES WAY | CLINTON, MD 20735 |
| MCKINLEY | WHITE | 6011 TAYLOR ROAD | RIVERDALE, MD 20736 |
| HOWARD | WHITEHURST | 7806 QUARSA TERRACE | BOWIE, MD 20720 |
| JAMES | WHITT | P.O. BOX 735 | BLADENSBURG, MD 20710 |
| FRANK | WILKES | 8907 HARDESTY DRIVE | CLINTON, MD 20735 |

# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CYNTHIA | WILLIAMS | 3520 POPE STREET S. E. | WASHINGTON, D. C. 20020 |
| KATHY | WILLIAMS | 8491 IMPERIAL DRIVE | LAUREL, MD 20708 |
| MALCOLM | WILLIAMS | 1428 KINGS MANOR DRIVE | MITCHELLVILLE, MD 20721 |
| ROOSEVELT | WILLIAMS | 136 LAUREL WAY #3A | HERNDON, VA 20170 |
| STEPHANIE | WILLIAMS | 4855 KING JOHN WAY | UPPER MARLBORO, MD 20772 |
| TANYA | WILLIAMS | 7214 GIDDINGS DRIVE | CAPITAL HEIGHTS, MD 20743 |
| VICTORIA | WILLIAMS | 8810 BRADFORD ROAD #6 | SILVER SPRING, MD 20772 |
| CHARLES | WILLIAMS JR. | 803 NEW ORCHARD PLACE | LARGO, MD 20774 |
| DIANNE | WILLIS | 2304 PENROD COURT | UPPER MARLBORO, MD 20772 |
| JOHNNIE | WILSON | 5701 GWYNNDALE PLACE | CLINTON, MD 20735 |
| REGINALD | WILSON | 2108 SAYAN COURT | TEMPLE HILLS, MD 20748 |
| RENEE | WILSON | 9514 NORDIC DRIVE | LANHAM, MD 20706 |
| SPENCER | WILSON | 43 SUMMER WOOD DRIVE | STAFFORD, VA 22554 |
| CLABE | WRIGHT II | 7902 PEARLBUSH DRIVE #202 | GAITHERBURG, MD 20879 |
| CRAIG | YOUNG | 10903 PENNY AVENUE | CLINTON, MD 20735 |
| KENDRICK | YOUNG | 4436 SWINDON TERRACE | UPPER MARLBORO, MD 20772 |

Civil No:_____
(F.R. Civ. P. 23 Class Action)

**Plaintiffs,**

**vs.**

UNITED STATES CAPITOL POLICE
BOARD,
119 D STREET, NE
WASHINGTON, DC 20510-7218

DEFENDANT.

Serve on:          ALLAN M. HANTMAN,          )
                   AIA                        )
                   Architect of the           )
                   Capitol                    )
                   Capitol Buildings          )
                   Washington, DC             )
                   20540,                     )     Civil No: _____
                                              )     (F.R. Civ. P. 23 Class
                   or                         )     Action)
                                              )
                   BILL LIVINGOOD,            )
                   Sergeant at Arms           )
                   United States House        )

Page 7 of  45

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **of Representatives** | **)** |
| **The Capitol, Room** | **)** |
| **H-124** | **)** |
| **Washington, DC 20515,** | **)** |
|  | **)** |
| **or** | **)** |
|  | **)** |
| **ALFONSO LENHARDT,** | **)** |
| **Sergeant at Arms** | **)** |
| **United Stated Senate** | **)** |
| **The Capitol, S-151** | **)** |
| **Washington, DC 20510,** | **)** |
| **Defendant.** | **)** |

_____

**CLASS ACTION COMPLAINT FOR
TEMPORARY AND PERMANENT INJUNCTIVE
RELIEF, MONETARY DAMAGES AND AWARDS,
AND OTHER REMEDIES**

_____

**COME NOW** the Plaintiffs ---- Sharon Blackmon-Malloy and over 250 African-

American Police Officers, (male and female, present and former), by and through their attorneys,

Charles Jerome Ware, Esquire and Charles Jerome Ware, P.A., Attorneys & Counsellors,

pursuant to The Congressional Accountability Act of 1995 (Public Law 104-1) and the Federal

Rules of Civil Procedure 23, <u>et al</u>., and <u>et seq</u>., file this Class Action Complaint against the

Defendant, the United States Capitol Police Board, and in further support state as follows:

### <u>AUTHORITY</u>

1.      This Class-Action Complaint is for immediate, temporary and permanent

injunctive relief, monetary damages and awards, and other appropriate remedies --

-- including, <u>inter alia</u>, hiring, promotions, front pay, back pay, attorneys' fees,

expert fees and other costs.

2.      Plaintiffs, Sgt. Sharon Blackmon-Malloy and over 250 other African-American

United States Capitol Police Officers, many of whom were, and are, members of

the United States Capitol Black Police Association, male and female, present and

former, <u>See</u>, **<u>EXHIBIT 1</u>**, hereby bring this Complaint pursuant to The

Congressional Accountability Act of 1995 (Public Law 104-1) and the Federal

Rules of Civil Procedure 23, <u>et al</u>. and <u>et seq</u>.  Plaintiffs have completed both

counseling and mediation with the Office of Compliance.  Plaintiffs' Class-Action

Complaint is hereby timely filed pursuant to the Congressional Accountability Act

of 1995.


3.        The Congressional Accountability Act ("CAA" or the "Act") became effective on

January 23, 1996, and it deals with employee rights and protections, and with

dispute resolution procedures.  The Act was the first law passed by the 104th

Congress.  It applies eleven (11) civil rights, labor and workplace laws to

employees of the legislative branch of the federal government, and it establishes

dispute resolution procedures and judicial remedies for employees.


4.        Covered under the Act are employees of the House of Representatives and the

Senate, the Capitol Guide Service, the Capitol Police, the Congressional Budget

Office, the Office of the Architect of the Capitol, the Office of the Attending

Physician, the Office of Compliance, and the Office of Technology Assessment.

This includes those currently working, job applicants, and former employees who

may file in certain cases.


5.        The Office of Compliance is an office within the legislative branch, with a five (5)

member Board of Directors, an Executive Director, a Deputy Executive Director

for the Senate, a Deputy Director for the House of Representatives, and a General

Counsel.  The Office provides education and information to employees and

employing offices, and administers a procedure to resolve disputes and to provide remedies if violations are found.

6.      Pursuant to Federal Rule of Civil Procedure 23, the "Class Action" Rule, one or more members of a class may sue or be sued as representative parties on behalf of all if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims and defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

7.      Over two hundred (250) African-American United States Capitol police officers (See, **EXHIBIT 1**) ---- women and men, active and retired, present and former ---- join Sgt. Sharon Blackmon-Malloy in this class action Complaint.

8.      There are currently 350-plus African-American/Black United States Capitol police officers on the 1300-plus force.

9.      The Court has jurisdiction of all counts in this action by virtue of §408, et al., of the Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. §1408.  Section 201 of the CAA, 2 U.S.C. §1311, incorporates by reference and makes applicable to victims of race discrimination, inter alia, and related reprisals/retaliations who are covered by the CAA rights and remedies of Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§2000 (e) et seq. and of 42 U.S.C. §1981 (a).

10.    Because Plaintiffs were and are employed by the Capitol Police in the District of

Columbia and this Court is also an alternative venue for suits under the CAA, 2

U.S.C. §1404(2), this is the proper venue for this class action.

**BACKGROUND**

**A.  History of the U.S. Capitol Police**

11.    **The United States Capitol Police** began with a single guard in 1801, when the

seat of government was moved from Philadelphia to Washington.  John Golding,

the initial guard was paid $371.75 annually, was instructed to "... take as much

care as possible of the property of the United States."  However, the guard had no

legal police authority, and a marine detachment aided him in his duties from 1823

to 1827.  In 1825, the position received the authority of a constable and the marine

contingent was removed in 1827, when President John Quincy Adams established

a "watch."

12.    The first move toward a systematic policing of the Capitol was made in legislation

passed in 1828, which empowered the Washington municipal police to do the job.

But pleading that his force was overworked and underpaid, in 1834 David M.

Wilson, Captain of the police working at the Capitol, asked for authorization to

hire more men.  At that time he had only three men assigned to him, and these

stalwarts labored 10 hours a day during congressional recess and 15 hours daily

when they were in session.


13.     The title "Capitol Police" was first used in legislation in 1851, in the

Appropriations Act for fiscal year 1852.  The measure established a total annual

salary for Captain C.W.C. Dunnington and his seven men of $3, 565.00.  This

small force was not provided uniforms and badges until the late 1850's.


14.     As of February 2001 Capitol Police force is comprised of 1, 221 sworn officers.

This number includes 357 African-American officers, including 1-Inspector, 3-

Lieutenants, 23-Sergeants, 5-Detectives, 2-Technicians, 229-Privates First Class,

60-Privates w/Training, and 34-Privates.  Therefore, African-American officers

comprise only twenty-nine percent (29%) of the current force, and are even more

severely under-represented in the ranking positions of the Department.  (See,

**EXHIBIT 6**).


In sum, the Capitol Police is an agency of the United States Congress entrusted

with responsibility for guarding and policing the United States Capitol and

grounds and the buildings used by Congress and agencies of Congress, together

with the adjacent public areas.

### B.  1993 U.S. Capitol Police Statistics

15.     In 1993, the _Washington Post_ newspaper published an article on the U.S. Capitol Police, titled "**Minorities Hold Just 16% of the Top Ranks of U.S. Capitol Police, Profile Shows**," by staff writer Kenneth J. Cooper.  (**EXHIBIT 2**)

16.     The article presented a statistical personnel profile compiled by the National Black Police Association, U.S. Capitol Police Chapter (**EXHIBIT 3**).

17.     The U.S. Capitol Police never challenged or disagreed with the personnel statistics (supra, at 15 and 16).

18.     The personnel statistics showed that racial minorities, in 1993, made up only thirty-one percent (31%), or 341 officers, of the 1, 100-member police force, and held no more than sixteen percent (16%) of ranking positions, from detective to chief.  (**EXHIBITS 2 & 3**).

19.     Only twenty-nine percent (29%) of the officers in 1993 was black, and only two percent (2%) was "other minorities".  (**EXHIBITS 2 & 3**)

20.     Only sixteen (16%) of the force in 1993 was female, and only six percent (6%) was black female.  (**EXHIBITS 2 & 3**).

21.     The total 1993 population of Washington, DC was 576, 358 (<u>Source</u>: U.S. Census

Bureau; DC Office of Planning/State Data Center; **<u>EXHIBIT 4</u>**).

22.     Blacks/African Americans comprised over sixty percent (60%) of the total DC

population in 1993; i.e., over 345, 815 black residents.

23.     The general consensus is that females represented over 50 percent (50%) of the

total 1993 DC population; i.e., 288, 179 female residents.  Further, over 60% of

these females were black; i.e., 172,907.

24.     These figures, <u>supra</u>, reveal in graphic and staggering detail the overwhelming

<u>under</u>-representation that black males and black females accounted for on the U.S.

Capitol Police force in 1993.

### C.  1999 U.S. Capitol Police Statistics

25.     As previously stated in 8 and 14, <u>supra</u>, the present (year 2001) U.S. Capitol

Police force is comprised of over 1, 300 sworn officers, men and women.

26.     Only 350 or so (or 29%) of those 1, 300 sworn officers are African-American men

and women.

27.    Since the population figures for the District of Columbia have not been tabulated

as yet for the year 2000 (nor for the year 2001), the nearest DC population

statistics available for comparison and analysis are those for the year 1999 (See,

**EXHIBITS 4 and 5**).

28.    The total 1999 population of Washington, DC was 519,000 (Source: U.S. Census

Bureau; DC Office of Planning/State Data Center; **EXHIBIT 4**).

29.    Blacks/African-Americans comprised over sixty percent (60%) of the total DC

population in 1999, i.e., over 311, 400 black residents (**EXHIBIT 5**).

30.    These figures (25, 26, 27, 28 and 29, supra) speak for themselves in

demonstrating the sever under-representation of African-American men and

women on the U.S. Capitol Police force.

But, the statics are even worse for African-Americans (and other minorities) for

representation in the ranking Capitol Police positions, as revealed hereafter in 31,

infra (And, See, **EXHIBIT 6**).

31.    **Exhibit 6** reveals the ranks of the sworn officers in the U.S. Capitol Police as of

February 2001, from the rank of detective to chief.

32.    According to the current (February 2001) personnel statistics of the U.S. Capitol

Police (**EXHIBIT 6**), <u>no improvement</u> whatsoever has been made by the force in the areas of minority recruitment and promotions.  White men continue to be at the top of the force and racial minorities (particularly African-Americans) continue to be clustered at the bottom of the ranks, just as was reported by the *Washington Post* in 1993.  (**EXHIBIT 2**).

33.  The figures and statics in **EXHIBIT 6** do not lie, and are revealing in their composition and simplicity:

---- As of February 2001 ----

(a)  There are 1, 221 sworn Capitol Police officers.

(b)  244 or (20%) of the sworn officers hold ranks from detective up to chief.

(c)  Minorities hold just 16% (39 positions) of the top ranks of the U.S. Capitol Police.

(d)  Of that 16%, or 39 positions, African-Americans hold just 13% (32 positions).

(e)  Of the 16%, or 39 positions, other minorities (one (1) American Indian, two (2) Asians and four (4) Hispanics account for 3% (7 positions).

(f)  Of the top five (5) positions on the force, all (100%) are white males.

(g)  The highest ranking African-American is a male inspector (1 of 8 inspectors on the force): four ranks down from the top (chief).

(h)  The highest ranking African-American females are sergeants (8 of 145 sergeants/special technicians): seven ranks down from the top (chief).

(i)     There are 93 African-American females on the force.  Therefore, African-American females represent only 7.6% of the officers.

(j)     There are 264 African-American males on the force.  Therefore, African-American males represent only 21.6% of the officers.

(k)     There are 114 white females on the force (9.3% of officers)

(l)     There are 703 white males on the force (58% of officers).

(m)     There are 4 American Indian females on the force (0.32% of officers).

(n)     There is one (1) American Indian male on the force (0.08% of officers).

(o)     There are no (0) Asian females on the force.

(p)     There are 12 Asian males on the force (0.98% of officers).

(q)     There are 4 Hispanic females on the force (0.32% of officers).

(r)     There are 26 Hispanic males on the force (2.0% of officers).

(s)     Out of 15 captains on the force, there are no (0) minorities represented.  Three (20%) captains are white females and 12 (80%) captains are white males.

(t)     No (0) black females are represented in the 36-member lieutenant rank.

34.

35.     The graphic in 34A, supra, demonstrates strikingly the overwhelming domination of the top ranks in the force by white males, primarily, and white females, secondarily.

36.     As 34B, supra, clearly reveals, even in the lower ranks of the force African-Americans and other minorities are severely under-represented; since white males comprise at least 54.35% (531) of officers in the lower ranks and white females constitute 8.3% (81) of the lower ranks.

37.     **With little to no positive and unbiased recruitment of African-American males and females, and other minorities, into the upper (top) and lower ranks of the force, the Capitol Police will continue to be a modern day version of a 19th Century Southern Plantation in law enforcement.**

38.     In sum, racial discrimination is rampant in the ranks of the U.S. Capitol Police.


## COUNT ONE

### RACE DISCRIMINATION
_____

39.     Plaintiffs incorporate by reference as if fully stated herein averments 1 through 38.

40.     The statistics presented, supra, are compelling and revealing, and undeniable:

employment discrimination is rampant within the U.S. Capitol Police force.

41.   Considering the location of the Capitol (in Washington, DC) and the

overwhelming numbers of highly-qualified African-American males and females

in Washington, DC and its surrounding communities, inter alia, it is virtually

impossible for black males and females to be under-represented as they are in both

the top and lower ranks of the Capitol Police force without the intervention of race

discrimination against them.

42.   Since 1993, the U.S. Capitol Police has experienced three (3) promotional cycles

for the ranks of lieutenant and sergeant: 1994-1995, 1996-1998, and 1998-2000,

for the total of a six (6) year period.

43.   During the 1994-1995 promotional cycle, the promotions among the ranks of

lieutenant and sergeant were as follows:

| Lieutenants (1994-1995) | | Sergeants (1994-1995) | |
|---|---|---|---|
| Black Males | 0        (0%) | Black Males | 2        (8.7%) |

| Black Females | 0 | (0%) | Black Females | 2 | (8.7%) |
|---|---|---|---|---|---|
| Hispanic Females | 1 | (9%) | White Males | 14 | (60.86%) |
| White Females | 2 | (18%) | White Females | 5 | (21.74%) |
| White Males | 8 | (73%) | | | |
| **TOTAL** | 11 | (100%) | **TOTAL** | 23 | (100%) |

44.    Black/African-American males and females were clearly under-represented in the 1994-1995 promotional cycle in the ranks of lieutenant and sergeant.

45.    During the 1996-1998 promotional cycle, the promotions among the ranks of lieutenant and sergeant were as follows:

| **Lieutenants (1996-1998)** | | | **Sergeants (1996-1998)** | | |
|---|---|---|---|---|---|
| Black Males | 1 | (11%) | Black Males | 3 | (9.67%) |
| Black Females | 0 | (0%) | Black Females | 0 | (0%) |
| White Males | 7 | (78%) | White Males | 19 | (61.3%) |
| White Females | 1 | (11%) | White Females | 9 | (29.03%) |
| **TOTAL** | 9 | (100%) | **TOTAL** | 31 | (100%) |

46.    Black/African-American males and females were clearly under-represented in the 1996-1998 promotional cycle in the ranks of lieutenant and sergeant.

47.    During the 1998-2000 (as of 6/00)  promotional cycle, the promotions among the

ranks of lieutenant and sergeant were as follows:

| Lieutenants (1998-6/2000) | | | Sergeants (1998-6/2000) | | |
|---|---|---|---|---|---|
| Black Males | 0 | (0%) | Black Males | 5 | (20%) |
| Black Females | 0 | (0%) | Black Females | 3 | (12%) |
| White Males | 4 | (100%) | White Males | 15 | (60%) |
| White Females | 0 | (0%) | White Females | 1 | (4%) |
| | | | Other Minority Males | 1 | (4%) |
| **TOTAL** | 4 | (100%) | **TOTAL** | 25 | (100%) |

48.    In sum, during the six (6) year period of 1994 to 2000 (and in one case of sergeant

promotions from 1998 to 3/01), covering three (3) promotional cycles, promotions

of lieutenants and sergeants were as follows:

| 1994-2000 (3 Promotional Cycles) |
|---|

| Lieutenants | Sergeants |
|---|---|

| Black Males | 1 | (4%) | Black Males | 10 | (12.65%) |
|---|---|---|---|---|---|
| Black Females | 0 | (0%) | Black Females | 5 | (6.33%) |
| Hispanic Females | 1 | (4%) | White Males | 48 | (60.67%) |
| White Males | 19 | (80%) | White Females | 15 | (18.99%) |
| White Females | 3 | (12.0%) | Other Minority Males | 1 | (1.26%) |
| **TOTAL** | 24 | (100%) | **TOTAL** | 79 | (100%) |

49.    Black/African-American males and females were severely <u>under</u>-represented

during the three (3) promotional cycles from 1994 to 2000 in the ranks of

lieutenant and sergeant.

50.    Plaintiffs believe, aver and allege that they, individually and as a class of African-

Americans/Blacks have been denied promotions and promotional opportunities

because of their race, and that their race (African-American/Black) has/had no

relation whatsoever to the qualifications of the positions/promotions of which they

have been denied and continue to be denied in the U.S. Capitol Police.

51.    A specific, egregious and human example of race discrimination on the Capitol

Police force is the case of Sgt. Sharon Blackmon-Malloy, a black female, who

recently applied for a promotion to the position of lieutenant.  First of all, it

should be noted that in all of the 200 year history of the force, there has never

been a black female lieutenant; and there have only been a few black male

lieutenants on the force.

52.     In Sgt. Blackmon-Malloy's case, she actually passed the promotional examination, only to have her scores deliberately and maliciously down-graded to below passing after the promotion authorities became aware that the passing grades were hers (a black female officer).

There are other examples, as well, of race discrimination on the force. Officers Gary D. Goines and Earl Allen, Jr. have been subjected to race discrimination, harassment, and hostile work environments while serving on dignitary protection details in Ohio, Tennessee, et al.

53.     Another example of race discrimination is the case of Sgt. Frank Adams, a black male officer. Despite the recommendation of his Section Commander, Lt. Don Dixon, that he be promoted to the rank of lieutenant, Sgt. Adams was denied his promotion, he believes, solely on the basis of his race.

Retired officer Duvall W. Phelps has been the target (during his service on the force) of race discrimination, hostile work environment, and intentional infliction of emotional and/or mental distress or anguish along with many other black officers. Phelps was forced to retire by the force.

54.    And again, another of many examples of race discrimination on the force is the case of Officer Larry Ikard, who has repeatedly been denied his request for assignment to the K-9 Unit.  Officer Ikard believes his denial of assignment to K-9 has been due to his race, black.

Black officers Linval Jones, Alfred Moffet, and Leroy T. Shields have been abusively discharged.  Sgt. Sharon Blackmon-Malloy, David Fleming and LaVerne Johnson-Reynolds have received disparate treatment and have been subjected to hostile work environments.

## COUNT TWO

## SEX/GENDER DISCRIMINATION

55.    Plaintiffs incorporate by reference as if fully stated herein averments 1 through 54.

56.    Female Plaintiffs believe, aver and allege that they, individually and as a class of African-American/Black females, have been denied promotions and promotional opportunities because of their sex/gender (female) and that their sex/gender (female) has/had no relation to the qualifications of the positions/promotions of which they have been denied and continue to be denied in the U.S. Capitol Police.

57.     Black female officers Regina Bolden-Whittaker, Sharon Blackmon-Malloy, Teresa Bradby, and others on the force have been victims of sex/gender discrimination in the areas of promotions, discipline, assignments,  et al.


## COUNT THREE

## ABUSIVE DISCHARGE

58.     Plaintiffs incorporate by reference as if fully stated herein averments 1 through 57. Plaintiffs also incorporate by reference as if fully stated herein other averments, infra, of this Complaint.


59.     Numerous Plaintiffs, 55 infra, believe, aver and allege that Defendants are liable to them for abusive discharge.


60.     These Plaintiffs include, inter alia, Alfred L. Moffett, Linval Jones, Derek Waters, and Leroy T. Shields (See, **EXHIBITS 7, 8, 9, 9(a), 10 and 11**).


61.     These Plaintiffs, and other in this class of litigants, were abusively discharged when the Defendants fired them for reasons that violate policy or their firings were prohibited by law.

62.     Members of this class of Plaintiffs continue to this day to be abusively discharged from the U.S. Capitol Police.

63.     Abusive discharges, race discrimination and sex/gender discrimination of African-American males and females has been, and continues to be, severe and pervasive within the U.S. Capitol Police.

**COUNT FOUR**

**INTENTIONAL INFLICTION OF EMOTIONAL
AND/OR MENTAL DISTRESS OR ANGUISH**
_____

64.     Plaintiffs incorporate by reference as if fully stated herein averments 1 through 63. Plaintiffs also incorporate by reference as if fully stated herein other averments, infra, of this Complaint.

65.     Plaintiffs believe, aver and allege that Defendants has intentionally or recklessly caused, and continue to cause them, individually and as a class, emotional or mental distress or anguish.

66.     As presented in this Complaint, supra and infra, the conduct of Defendant towards Plaintiffs has been, and continues to be, intentional and/or reckless; extreme and outrageous; and the conduct caused, and continues to cause, emotional and/or

mental distress and/or anguish to the Plaintiffs; and the emotional and/or mental distress and/or anguish was, and continues to be, severe.  (See, **EXHIBITS 13, 14, 15, and 16**, inter alia).

67.     The referenced exhibits, inter alia, are insightful with regards to this Count:

(a)     "[U.S.C.P. officer] Millham repeatedly called women bitches and dykes. His excuse for calling them these names was he was preparing them for the street.  I remember Millham telling the class how one female in a previous class was not performing up to standards.  So he 'had to take her under his wing'.  He then winked to the class and said 'if you know what I mean'.  Which means he had sexual relations with a fellow officer which is strongly discouraged by the department."  (**EXHIBIT 13**)

(b)     " ... Lt. Reynolds was pressuring Mr. [Derek L.] Waters (**EXHIBIT 9**) to admit he had cheated on the exam, but Mr. Waters insisted that he did not."  (**EXHIBIT 14**)

(c)     "GET THE FUCK OUT OF THE STREET YOU FUCKIN' NIGGER!" - White officer/driver of a U.S.C.P. scout car yelled to an elderly black male attempting to cross the street (but, obviously too slowly for the white officer).  (**EXHIBIT 15**)

(d)     " ... we are being served last because you are black."  (**EXHIBIT 16**)

68.     On several levels and through numerous factual circumstances Defendant is liable

        to Plaintiffs for the tort of intentional infliction of emotional distress and/or

        mental anguish.


## COUNT SIX

### DISPARATE TREATMENT/HOSTILE
### WORK ENVIRONMENT
_____

69.     Plaintiffs incorporate by reference as if fully stated herein averments 1 through 68.

         Plaintiffs also incorporate by reference as if fully stated herein other averments,

        infra, of this Complaint.


70.     Plaintiffs believe, aver and allege that Defendant has subjected them, individually

        and as a class, to disparate treatment and a hostile work environment.


71.     This disparate treatment and hostile work environment that Defendant has

        inflicted upon Plaintiffs was, and continues to be, unwelcome, severe and

        pervasive.


72.     This disparate treatment and hostile work environment is in violation of Title VII

        of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991,

which states in pertinent part that it is illegal "to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." §2000e-2(a)(1) of Title VII.

73.   The following exhibits, <u>inter alia</u>, are insightful with respect to this Count (Six):

    (a)   **EXHIBIT 17**:    David Fleming (November 2000).

    (b)   **EXHIBIT 18**:    Sharon Blackmon-Malloy (February thru March 2001).

    (c)   **EXHIBIT 19**:    Laverne M. Johnson-Reynolds (May-July 2000)

    (d)   **EXHIBIT 20**:    June 06, 2000 Agenda for Meeting with Chief Varey.

74.   The clear mandate of public policy and federal law is that the federal workplace not tolerate a hostile work environment of its protected class of employees.

75.   **Capitol Hill, where the laws were, and are, written must <u>not</u> be an exception to the enforcement of them.**

## COUNT SEVEN

## SEXUAL HARASSMENT
_____

76.   Plaintiffs incorporate by reference as if fully stated herein averments 1 through 75.

Plaintiffs also incorporate by reference as if fully stated herein other averments, infra, of this Complaint.

77.     Some of the Plaintiffs believe, aver and allege that they have been, and continue to be, subjected to sexual harassment by the Defendant.

78.     This sexual harassment was and is known to the Defendant, and/or should have reasonably been known to the Defendant, and appropriate actions meant to end the harassment were not, and are not being, taken.

79.     Sexual harassment is the unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.

80.     This harassment may take place in two major forms: (i) an employee may be subjected to a situation in which sexual favors are demanded from her or him as a condition of maintaining employment (See, **EXHIBIT 13**, inter alia); and (ii) another form of sexual harassment is termed "hostile environment," which occurs when unwelcome sexual advances, comments, or references are severe and pervasive and a "reasonable woman or reasonable man," or "a reasonable person," or a "person in the position of Plaintiffs" would find the conduct offensive.

81.     Using Section 201 of the Congressional Office of Accountability Act of 1995 (2

U.S.C. 1301 et seq.), Title VII and the Equal Employment Opportunity

Commission (hereinafter "EEOC") guidelines, federal courts have consistently

held sexual harassment to be a form of employment discrimination based on sex,

thereby actionable under Title VII.  (See, *Meritor Savings Bank* v. *Vinson*, 477

U.S. 57, 66-67, 106 S. Ct. (1986).

**COUNT EIGHT**

**DISCRIMINATION IN PROMOTIONS
BASED ON RACE AND COLOR**

82.    Plaintiffs incorporate by reference as if fully stated herein averments 1 through 81.

 Plaintiffs also incorporate by reference as if fully stated herein other averments,

infra, of this Complaint.

83.    Section 201 of the Congressional Accountability Act ("CAA") provides that all

hiring, promotions, pay, benefits, discipline, discharge, and other personnel

actions affecting covered employees shall be free from discrimination based on

race and color, within the meaning of Title VII of the Civil Rights Act of 1964, as

amended by the Civil Rights Act of 1991.

84.    Plaintiffs believe, aver and allege that, as individuals and as a class, they have

been denied promotions based on their race and color (African-American/Black).

(See, inter alia, **EXHIBITS 21, 22**, et al.)

85.     Plaintiffs reference in pertinent, relevant and material part, in support of all

counts, averments and allegations of their Complaint, all exhibits included with

this Complaint.


**COUNT NINE**

**DISCRIMINATIONS IN PROMOTIONS
BASED ON SEX**

_____

86.     Plaintiffs incorporate by reference as if fully stated herein averments 1 through 85.

Plaintiffs also incorporate by reference as if fully stated herein other averments,

infra, of this Complaint.


87.     Section 201 of the Congressional Accountability Act ("CAA") provides that all

hiring, promotions, pay, benefits, discipline, discharge, and other personnel

actions affecting covered employees shall be free from discrimination based on

sex, within the meaning of Title VII of the Civil Rights Act of 1964, as amended

by the Civil Rights Act of 1991.

88.     Plaintiffs believe, aver and allege that the law has been violated by the Defendant
        in this regard.


89.     Plaintiffs reference in pertinent, relevant and material part, in support of <u>all</u>
        counts, averments and allegations of their Complaint, <u>all exhibits</u> included with
        this Complaint.


**COUNT TEN**

**DISCRIMINATION IN HIRING
BASED ON RACE AND COLOR**
_____


90.     Plaintiffs incorporate by reference as if fully stated herein averments 1 through 89.
        Plaintiffs also incorporate by reference as if fully stated herein other averments,
        <u>infra</u>, of this Complaint.


91.     Section 201 of the Congressional Accountability Act ("CAA") provides that all
        hiring shall be free from discrimination based on race and color, within the
        meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil
        Rights Act of 1991.


92.     Plaintiffs believe, aver and allege that the law has been violated by the Defendant
        in this regard.  (<u>See</u>, <u>inter alia</u>, **EXHIBITS 9, 9(a), 23, 26**, and <u>See</u>, **Graphs 34A**

**and 34B**, <u>et</u> <u>al</u>.).

93.     Plaintiffs reference in pertinent, relevant and material part, in support of <u>all</u>

counts, averments and allegations of their Complaint, <u>all exhibits</u> included with

this Complaint.

**COUNT ELEVEN**

**DISCRIMINATION IN ASSIGNMENTS
BASED ON SEX**

_____

94.     Plaintiffs incorporate by reference as if fully stated herein averments 1 through 93.

Plaintiffs also incorporate by reference as if fully stated herein other averments,

<u>infra</u>, of this Complaint.

95.     Section 201 of the CAA forbids discrimination in assignments based on sex,

within the meaning of Title VII of the Civil Rights Act of 1964, as amended by

the Civil Rights Act of 1991.

96.     Plaintiffs believe, aver and allege that the law has been violated by the Defendant

in this regard.  (<u>See</u>, <u>inter</u> <u>alia</u>, **EXHIBIT 24, 26**, <u>inter</u> <u>alia</u>).

97.     Plaintiffs reference in pertinent, relevant and material part, in support of <u>all</u>

counts, averments and allegations of their Complaint, <u>all exhibits</u> included with

this Complaint.


**COUNT TWELVE**

**DISCRIMINATION IN ASSIGNMENTS
BASED ON RACE AND COLOR**

_____

98.     Plaintiffs incorporate by reference as if fully stated herein averments 1 through 97.

Plaintiffs also incorporate by reference as if fully stated herein other averments,

<u>infra</u>, of this Complaint.


99.     Section 201 of the CAA forbids discrimination in assignments based on race and

color, within the meaning of Title VII of the Civil Rights Act of 1964, as amended

by the Civil Rights Act of 1991.


100.    Plaintiffs believe, aver and allege that the law has been violated by the Defendant

in this regard.


101.    Plaintiffs reference in pertinent, relevant and material part, in support of <u>all</u>

counts, averments and allegations of their Complaint, <u>all exhibits</u> included with

this Complaint.

## COUNT THIRTEEN

### DISCRIMINATION IN HIRING
### BASED ON SEX
_____

102.   Plaintiffs incorporate by reference as if fully stated herein averments 1 through

101.  Plaintiffs also incorporate by reference as if fully stated herein other

averments, _infra_, of this Complaint.


103.   Section 201 of the CAA forbids discrimination in hiring based on sex, within the

meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil

Rights Act of 1991.


104.   Plaintiffs believe, aver and allege that the law has been violated by the Defendant

in this regard.


105.   Plaintiffs reference in pertinent, material and relevant part, in support of _all_

counts, averments and allegations of their Complaint, _all exhibits_ included with

this Complaint.

## COUNT FOURTEEN

## DISCRIMINATION IN DISCIPLINE
## BASED ON RACE AND COLOR
_____

106.    Plaintiffs incorporate by reference as if fully stated herein averments 1 through

105.  Plaintiffs also incorporate by reference as if fully stated herein other

averments, infra, of this Complaint.


107.    Section 201 of the CAA forbids discrimination in discipline based on race and

color, within the meaning of Title VII of the Civil Rights Act of 1964, as amended

by the Civil Rights Act of 1991.


108.    Plaintiffs believe, aver and allege that the law has been violated, and continues to

be violated, by the Defendant in this regard.


109.    Plaintiffs reference in pertinent, relevant and material part, in support of all

counts, averments and allegations of their Complaint, all exhibits included with

this Complaint.

## COUNT FIFTEEN

## REPRISAL AND/OR INTIMIDATION
_____

110.    Plaintiffs incorporate by reference as if fully stated herein averments 1 through

109.  Plaintiffs also incorporate by reference as if fully stated herein other averments, _infra_, of this Complaint.

111.   Section 207 of the CAA makes it unlawful for any employing office (including the U.S. Capitol Police) to intimidate, take reprisal against, or otherwise discriminate against a covered employee, or class of covered employees, for (i) opposing an unlawful practice, (ii) initiating proceedings or making a charge under the CAA, or (iii)   testifying, assisting, or participating in a proceeding under the CAA.

112.   Plaintiffs believe, aver and allege that the law has been violated, and continues to be violated, by the Defendant against them and their witnesses.

113.   For instance, it is noted that at least three (3) black officers who gave supporting statements on behalf of wrongfully-terminated black recruit officer Derek L. Waters were retaliated or reprised against by the Defendant with reassignments, intimidation and other personnel actions.

114.   Plaintiffs reference in pertinent, relevant and material part, in support of _all_ counts, averments and allegations of their Complaint, _all exhibits_ included with this Complaint.

## CLASS ACTION PREREQUISITES

115.   For purposes of all relief sought in this case, Plaintiffs Sharon Blackmon-Malloy,
currently the president of the United States Capitol Black Police Association, et
al., bring this action pursuant to Sections 201 and 207 of the Congressional
Accountability Act of 1995 (CAA) and Rule 23(a), (b) (2) and (b)(3) of the
Federal Rules of Civil Procedure, on behalf of themselves and all other persons
similarly situated.  Each of these individual class representatives is an African-
American/black male or female U.S. Capitol officer or police recruit, past or
present, active or retired, whose employment rights have been violated by the
Defendant.  Thus, each is a member of the proposed class.  Plaintiffs seek
declaratory and injunctive relief, pursuant to Rule 23 (a) and (b)(2), on behalf of
themselves, and the Plaintiff class.

116.   There are questions of law and fact common to all members of the class and all
class members are and/or will be directly affected by the challenged actions of the
Defendant.  Each putative class member has been or will be subjected to varying
forms of discrimination and/or reprisal from the Defendant.  These common
questions predominate over any minor potential variances in the circumstances of
the individual complaints by the class members.

117.   The claims of the representative Plaintiffs are typical of the claims of the class as

a whole.

118.    Plaintiffs, working with the Executive Council of the United States Capitol Black

        Police Association, will be adequate representatives of the class in that all of the

        relevant questions of fact and law applicable to the class also apply to each of

        them.

119.    Plaintiffs are individuals of high integrity, and will responsibly and vigorously

        pursue the claims of the class.

120.    Plaintiffs are adequately represented by legal counsel, Charles Jerome Ware, P.A.,

        Attorneys & Counsellors, who has litigated numerous civil rights cases in Federal

        Court, including, inter alia, the class action lawsuit: *Hall*, *et al*. v. *Burger King*, *et*

        *al*., in the United States District Courts for the District of Columbia and the

        District of Florida - Southern Division.  (See, **EXHIBIT 25**).

        In addition to the requested remedies and damages, Plaintiffs seek their attorneys'

        fees, expert fees and other costs in this action.

121.    Individual members of the putative class have not indicated to counsel any desire

        to pursue their claims independently of the class, and to Plaintiffs' knowledge,

        except for the filing by former recruit officer Derek L. Waters and perhaps Sgt.

Reynolds, there currently exists no pending litigation of claims by individual class members.

122.    The prosecution of separate actions by individual members of the class would create a risk of adjudications which would be inconsistent or varying with respect to the individual class members, establishing incompatible standards of conduct for the Defendant, or which would as a practical matter be dispositive of the interests of other members of the class who are not parties to the adjudication.

123.    Separate actions also would create a risk of adjudications disposing of interests of unnamed parties or impairing their ability to protect their interests.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.    That Defendant be immediately, temporarily and permanently enjoined (cease and desist) from committing the unlawful behavior outlined in this Complaint.

B.    That each of the Plaintiffs be awarded adequate monetary damages in compensation for their damages and injuries immediately.

C.    That the Plaintiffs who have been fired/terminated be rehired or reinstated to their

positions immediately.

D.    That the Plaintiffs who have been denied promotions be granted those promotions

immediately.

E.    That the number and percentage of black/African-American male and female new

hires (officers) be increased substantially and immediately.

F.    That the number and percentage of black/African-American male and female

promotions in the "top ranks" (from detective to chief) be increased substantially

and immediately.

G.    That the individuals within the U.S. Capitol Police who have been, and will be,

identified as violators of Sections 201 and 207 of the CAA with regard to

unlawful treatment of Plaintiffs, be disciplined appropriately with, inter alia,

discharge from the U.S. Capitol Police.

H.    That Plaintiffs be awarded other monetary damages, including back pay, front pay

and other financial awards.

I.      That Plaintiffs be awarded attorneys' fees, expert fees, deposition costs and other

associated costs and fees for pursuing this lawful action.


J.      That Plaintiffs be awarded such other and further relief and remedies as the nature

of their cause may require, invite or warrant.


                                        Respectfully submitted,
                                        **SHARON BLACKMON-MALLOY,**
                                        **(A CLASS ACTION)**


                            By:     _____
_____
        Date                        Charles Jerome Ware, P.A., Esquire
                                    DC Bar No: 372092

                                    Charles Jerome Ware, P.A.
                                    Attorneys & Counsellors
                                    Century Plaza Building
                                    Suite 113
                                    10630 Little Patuxent Parkway
                                    Columbia, Maryland 21044
                                    (410) 730-5016
                                    (410) 720-6129
                            Fax:    (410) 730-7603
                            Fax:    (301) 854-0567

                                    Attorneys for the Class of United States
                                    Capitol Black Police Association, Et Al.