**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
SHARON BLACKMON-MALLOY, et al.,      )
                                      )
          Plaintiffs,                 )
                                      )
     v.                               ) C.A. 01-cv-2221 (EGS)
                                      )
UNITED STATES CAPITOL POLICE BOARD,   )
                                      )
          Defendant.                  )
_____ )
```

**PLAINTIFFS/APPELLANTS' MOTION FOR A FINAL ORDER**
**AND MEMORANDUM OF POINTS AND AUTHORITIES**
<u>**IN SUPPORT THEREOF**</u>

Plaintiffs/Appellants Regina Bolden-Whitaker, <u>et al.</u>, by and through undersigned counsel, hereby seek a final order pursuant to Federal Rule of Civil Procedure 54(b) so that they may pursue their appeal of this Court's dismissal of their claims on August 15, 2007. Having filed their original Complaint in this proposed class action in October 2001, the Black Police Officers who filed this case should not be subjected to further delay in pursuing their appeal, and no just reason for delay existing, Plaintiffs/Appellants request that their Motion for a Final Order be promptly granted in time for them to respond to the Show Cause Order of the D.C. Circuit before May 8, 2008.

The Plaintiffs/Appellants whose claims were dismissed filed a Notice of Appeal on September 12, 2007. The Court of Appeals for the District of Columbia Circuit issued an Order on April 8, 2008, requiring Plaintiffs/Appellants to show cause within 30 days why the appeal should not be dismissed for lack of jurisdiction, citing Federal Rule of Civil Procedure 54(b). Accordingly, the dismissed Plaintiffs/Appellants respectfully request this Court to issue a final order pursuant to Rule 54(b) as to them in sufficient time to bring the fact before the Court of Appeals by May 8, 2008. A final order in this case will cure the apparent defect cited by the Court of Appeals in its Order. See Fed. R. App. P. 4(a)(2).

Rule 54(b) provides:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In this case, there is no just reason to delay a final order for those claims which have been dismissed with prejudice, and the failure to enter such an order will create undue hardship for the Plaintiffs/Appellants whose claims have been dismissed.

**Factual Background**

As the Court is aware, this case was initially filed on October 29, 2001.  Since that time there have been numerous motions; two amended complaints; extensive settlement discussions; a Memorandum Opinion and Order issued on September 30, 2004; a referral to Magistrate Judge Facciola to determine whether any Plaintiffs/Appellants are entitled to relief from the September 30, 2004, Order; lengthy submissions to the Magistrate Judge; an original and a supplemental Report and Recommendation by the Magistrate Judge; and finally, the Court's Order of August 15, 2007, dismissing with prejudice the claims of more than 300 Plaintiffs/Appellants, on the ground that they have, in the Court's view, failed to exhaust their administrative remedies.  However, some of the claims of eight Plaintiffs/Appellants survived, and the Court did not at that time issue a final order.

As regards the Plaintiffs/Appellants whose claims have been dismissed with prejudice, their claims are ripe for appeal, yet appeal appears to be prevented by 28 U.S.C. Section 1291, which grants appellate courts review of "final decisions" of the district courts, and Rule 54(b), which provides that an order adjudicating fewer than all the claims of all the parties is not

"final" absent the explicit statement of the court and an express determination by the court that there is no just reason for delay.

## Argument

"Rule 54(b) mediates between the sometimes antagonistic goals of avoiding piecemeal appeals and giving parties timely justice." <u>Taylor v. FDIC</u>, 132 F.3d 753, 760 (D.C. Cir. 1997). As the Advisory Committee Notes to the rule acknowledge, the inability to appeal discrete adjudicated claims that will not affect and will be unaffected by those that remain in a case can work a serious hardship on the proponents of those adjudicated claims. Advisory Committee Notes to Rule 54, http://www.law.cornell.edu/rules/frcp/ACRule54.htm (last accessed Apr. 14, 2008).

More than half a century ago, the Supreme Court, in <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427 (1956), set forth the steps to be followed in making determinations under Rule 54(b):

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980), quoting Sears, supra, 351 U.S. at 436.

Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1336-37 (4th Cir. 1993), describes the factors that go into a decision that the adjudicated claims are in fact "final":

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

In this case, there is no just reason for delay. In concluding that the dismissed Plaintiffs/Appellants failed to exhaust their administrative remedies, this Court has foreclosed itself from granting them relief on their claims. At the same time, having concluded that the remaining Plaintiffs/Appellants have exhausted their administrative remedies on at least some of their claims, the issue of exhaustion will not arise again in this lawsuit, nor can any determination concerning the remaining claims affect those of the Plaintiffs/Appellants who have been dismissed. Similarly, there is no possibility that

the reviewing court will need to consider exhaustion of remedies more than once in this litigation.  Nor is there any counterclaim or set-off in this case.  Thus, the clear conclusion is that the Order dismissing most claims with prejudice is final.

On the other hand, there are pressing concerns that militate in favor of the entry of a final order on these claims. It requires no citation to observe that, in the more than seven years that elapsed since the initial Complaint was filed, memories have grown stale and some witnesses and documents have likely disappeared. Nine of the Plaintiffs/Appellants have died since suit was initially filed, and many others have retired. Meanwhile, the surviving claims are in litigation infancy — discovery has yet to be commenced.[1]  It is unlikely that their claims could be tried in less than a year, during which time the facts and witnesses will grow yet more stale and more

---

[1] Defendant has filed a motion for summary judgment as to the remaining claims.  Of course, discovery is further delayed by the pendency of this motion.  Although it is true that, if Defendant prevails on its dispositive motion, all claims in this action will be ripe for appeal, any issues for appeal in that event would necessarily be different from those presented by the Court's August 15, 2007, Order, and would require a separate appeal.  There is thus no benefit to be had from delaying issuance of a final order as to the dismissed Plaintiffs/Appellants.

Plaintiffs/Appellants may die deprived of a resolution of their case. Justice demands that the Plaintiffs/Appellants whose claims have been dismissed with prejudice for failure to exhaust be granted a final order in their case, so that they may appeal their dismissal while a different outcome, if one is obtained, can still benefit them.

Defendant's counsel has indicated that Defendant does not plan to oppose this Motion, but may file a response.

## Conclusion

The Plaintiffs/Appellants who initiated their proposed class action in October 2001, respectfully request that this Court issue a final order so that they may pursue their appeal. A proposed Order is attached.

                                Respectfully submitted,

                                _____/s/_____
                                JOSEPH D. GEBHARDT
                                Counsel of Record
                                    (D.C. Bar No. 113894)
                                LENORE C. GARON
                                    (D.C. Bar No. 172205)
                                CHARLES W. DAY, JR.
                                    (D.C. Bar No. 459820)
                                GEBHARDT & ASSOCIATES, LLP
                                1101 17th Street, N.W.
                                Suite 807
                                Washington, DC 20036-4716
                                (202)496-0400

April 17, 2008                  Attorneys for Plaintiffs/
                                Appellants