```
 1                UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
 2   --------------------------X
     SHARON BLACKMON-MALLOY, ET AL, Docket No. CA 01-2221
 3                Plaintiffs,

 4        v.                      Washington, D.C.
                                  March 5, 2010
 5                                2:45 p.m.

 6   U.S. CAPITOL POLICE BOARD,
                  Defendant.
 7   --------------------------X

 8                       STATUS HEARING
            BEFORE THE HONORABLE EMMET G. SULLIVAN
 9              UNITED STATES DISTRICT JUDGE

10   APPEARANCES:

11   For the Plaintiffs:   GEBHARDT & ASSOCIATES, LLP
                           By:  Ms. Donna Williams Rucker
12                              Mr. Charles W. Day, Jr.
                                Ms. Valencia R. Rainey
13                              Ms. Lenore C. Garon
                           1101 17th Street, N.W.
14                         Suite 807
                           Washington, D.C.  20036
15                         202.496.0400
                           drucker@gebhardtlaw.com
16                         bday@gebhartlaw.com
                           vrainey@covad.net
17                         lgaron@gebhardtlaw.com

18                         LAW OFFICES OF NATHANIEL D. JOHNSON
                           By:  Mr. Nathaniel D. Johnson
19                         3195 Old Washington Road
                           Waldorf, MD  20602
20                         301.645.9103
                           esquire@ndjohnson.com
21

22                         MR. DERRICK MACON - PRO SE

23                         MR. FRANK ADAMS - PRO SE

24

25
```

```
 1  APPEARANCES:  (CONT'D.)

 2  For the Defendant:      UNITED STATES ATTORNEY'S OFFICE
                            By:  Mr. Harry B. Roback
 3                               Ms. Laurie J. Weinstein
                            555 Fourth Street, N.W.
 4                          Washington, D.C.  20530
                            202.616.5309
 5                          harry.roback@usdoj.gov
                            laurie.weinstein2@usdoj.gov
 6
                            SPECIAL ASSISTANT UNITED STATES ATTORNEY
 7                          By:  Ms. Patricia Davison-Lewis
                            202.616.3285
 8
                            USCP BOARD EMPLOYMENT COUNSEL
 9                          By:  Mr. Frederick Herrera
                            202.593.3662
10
    Court Reporter:         Catalina Kerr, RPR, CRR
11                          U.S. District Courthouse
                            Room 6716
12                          Washington, D.C.  20001
                            202.354.3258
13                          catykerr@msn.com

14  Proceedings recorded by mechanical stenography, transcript

15  produced by computer.

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2              (2:45 P.M.; OPEN COURT.)
 3              THE DEPUTY CLERK:  Civil Action 02-2221 [sic],
 4   Sharon Blackmon-Malloy, et al versus United States Capitol
 5   Police Board.  Would counsel please identify yourselves for
 6   the record.
 7              MS. RUCKER:  Good afternoon, Your Honor.  Donna
 8   Rucker on behalf of the Plaintiffs in this case.
 9              THE COURT:  All right.  Good afternoon, Counsel.
10              MR. JOHNSON:  Good afternoon, Your Honor.  Nathaniel
11   D. Johnson on behalf of Plaintiffs.
12              THE COURT:  Mr. Johnson.
13              MS. GARON:  Good afternoon, Your Honor.  I'm Lenore
14   Garon on behalf of the Plaintiffs.
15              MR. DAY:  Good afternoon.  Charles W. Jay, Jr. on
16   behalf of the Plaintiffs.
17              MS. RAINEY:  Good afternoon, Your Honor.  Valencia
18   Rainey on behalf of Plaintiffs.
19              THE COURT:  All right.  Good afternoon.
20              MR. MACON:  Good afternoon, Your Honor.  My name is
21   Derrick Wayne Macon and I'm represented pro se.
22              THE COURT:  Mr. Macon.
23              MR. ADAMS:  Good afternoon, Your Honor.  My name is
24   Frank Adams.  I'm pro se, but I will also at some point during
25   the hearing like to clarify the representation of Mr. Johnson
```

1   in my behalf.
2           THE COURT: All right.
3           MR. ROBACK: Good afternoon, Your Honor. Harry
4   Roback from the U.S. Attorney's Office on behalf of the
5   Defendant. Seated with me at counsel's table are Laurie
6   Weinstein, also an Assistant United States attorney, and
7   Mr. Frederick Herrera on behalf of the Capitol Police Board.
8           THE COURT: All right. Good afternoon. Mr. Adams,
9   let me ask you this: Have you and your attorney been able to
10  resolve your differences, Mr. Adams?
11          MR. ADAMS: Sir, I wasn't aware that there were an
12  differences.
13          THE COURT: I don't want to get into it. I just
14  need the answer to that. Were you unable to -- been able
15  to -- he filed a motion, I believe, to prevent you from
16  withdrawing your --
17          MR. JOHNSON: It was clarification of the
18  attorney/client representation. Your Honor, my -- in response
19  to your question, no. Mr. Adams and I have not had any
20  discussion on the matter.
21          THE COURT: What I'm going to do is I'm not going to
22  attempt to resolve that. I'll refer that to Judge Facciola
23  and direct that you both meet with him and see if you can
24  resolve it, and if you can't resolve it, at least you would
25  have made an effort to do so, all right.

1           MR. JOHNSON:  Thank you, Your Honor.
2           THE COURT:  While I'm talking about Mr. Adams, let
3  me just -- and Mr. Macon, let me just inquire, are there any
4  other Pro Se Plaintiffs that counsel are aware of?
5           MR. ADAMS:  Not that we're aware of.
6           MR. MACON:  Not that I'm aware.
7           THE COURT:  No other Pro Se Plaintiffs.  Just
8  Sergeant Macon and Mr. Adams, correct?  That's it?
9           MR. MACON:  Yes, sir.
10          THE COURT:  Does everyone agree with that,
11 Plaintiffs' attorneys?
12          MS. RUCKER:  As far as we know, Your Honor, yes.
13          THE COURT:  Right.  Okay.  All right.  Thank you for
14 your submissions.  I appreciate that.  I have given it a lot
15 of thought in an effort to determine just what the Court
16 should do to comply with the Circuit's mandate, and it's clear
17 that the Circuit Court affirmed this court in its -- this
18 court's ruling that the first step is to determine, indeed,
19 subject matter jurisdiction.
20          So, here's how we're going to proceed.  Actually,
21 let me back up a second.  With respect to a motion to strike
22 counsel, I'm going to deny that, and I'll set forth the
23 Court's rationale in an order, and I'm not going to spend any
24 time.  I don't have any questions about that.  I'll deny the
25 Government's motion to strike counsel, though, I believe that

1  it's clear from the record that counsel indeed represented the
2  Class on appeal, and I'll set forth my rationale in an order,
3  but that motion is denied.
4          We're going to focus on moving forward, and this is
5  how we're going to move forward, and I'll spell this out in an
6  order with dates, actual dates, but let me just tell you the
7  broad parameters of how this case is going to proceed at this
8  point.
9          All right.  Thirty days -- and again, I'll plug in
10 the dates in an order, but 30 days after today's date the
11 parties are going to file one pleading.  Not two pleadings.
12 Not multiple pleadings.  One pleading.  And the parties are
13 going to figure out how they're going to file that one
14 pleading.  It may well be that the Plaintiffs probably will
15 insert the information in the pleading that they believe is
16 appropriate and complies with the Court's directive and then
17 gives it to the Government, I don't know, but there will be
18 one pleading, and I'm not going to consider anymore than one
19 pleading.
20         But you're going to file that separate -- that joint
21 pleading.  Call it whatever you want to call it, may be a
22 precipe, call it -- the nomenclature is yours, but it's going
23 to contain this information.
24         First, it's going to contain a list of Plaintiffs
25 that the -- list of names of the Plaintiffs that the parties

1  agree have exhausted their -- their remedies as set forth by
2  this Circuit.
3           Second, is going to contain a list of individuals
4  that were once involved in the lawsuit but that the parties
5  agree have not exhausted and are thus not within the Court's
6  jurisdiction.
7           Third, it's going to contain a list of individuals
8  as to whom exhaustion is disputed.
9           And finally, it's going to contain a certification
10 by the Plaintiffs that so far as they are aware, this list
11 constitutes a complete list of possible class members.
12          Now, 30 days after -- and these dates are going to
13 be firm and I'm not going to extend it, the dates, for any
14 reason.  I'll telling everyone now.  Obviously, if there's a
15 very compelling reason or an emergency -- actually, strike
16 "compelling."  If there's some emergency, I'll consider it,
17 but these are firm dates.  I want to get this case in a
18 posture where I can, at the appropriate time, and that time is
19 not now, rule on class certification issues.  So, I'm not
20 going to be inclined to grant extensions of time.
21          If anyone does not understand that, please raise
22 your hand, and I'll explain it to you again, but we're going
23 to proceed in a very timely but fair manner.
24          30 days after that pleading is submitted, the
25 Plaintiffs shall file a new complaint, pleading, subject

1  matter jurisdiction as set forth in the Circuit Court's
2  decision for individual and class claims.  With that
3  complaint, the Plaintiffs shall file a comprehensive list of
4  Plaintiffs', slash, Class Members which must be the same as
5  that set forth in the first section that I just addressed with
6  respect to the list of individuals the parties agree on and a
7  list of individuals that the parties don't agree on.
8       60 days after that submission, the Defendants shall
9  file a 12(b)(1) motion with respect to all disputed
10 individuals.  No extensions of time.
11      Now, I will then give the Plaintiffs 90 days within
12 which to oppose the Government's motion.  Included in that
13 90-day period of time, the Plaintiffs may take discovery for
14 60 days with regards to Defendant's factual attacks on
15 Plaintiffs' exhaustion claims only.  Not facial.  Factual
16 attacks.  So that's 90 days built in.
17      After that 90-day period has concluded, the
18 defen- -- and the Plaintiffs have filed their submission,
19 within 30 days thereafter, the Defendants shall reply, and I
20 will, in a timely manner, either with or without a hearing --
21 I don't know at this point whether a hearing will be
22 beneficial.  If the hearing is going to be beneficial to the
23 Court, I'll schedule a hearing.  If I don't have any
24 questions, I'm not going to schedule a hearing.
25      I'll decide the motion, and I remind the parties,

1   especially the Plaintiffs, that in considering the 12(b)(1)
2   motion to dismiss for lack of subject matter jurisdiction,
3   it's the Plaintiffs' burden to establish by a preponderance of
4   the evidence that the Court has subject matter jurisdiction,
5   i.e., that indeed they have exhausted their claims.
6           Now, let me go back to Mr. -- Mr. Adams for a second
7   because he was a class representative, I believe, at one
8   point.  His participation in this case is rather, rather
9   significant.  And again, I don't want to get into attempting
10  to resolve what may well be irreconcilable differences between
11  Mr. Adams and his attorney, but at some point I'm going to
12  need to know the answer to the question sooner than later,
13  whether or not he's still a lead Plaintiff, whether he
14  continues to be represented by counsel and whether he will,
15  after today's date, be represented by counsel because he
16  had -- he had a significant posture in this case at one point.
17          So, I need to get those issues resolved between
18  Mr. Adams and his attorney sooner than later because his --
19  his participation either as a pro se or as represented by
20  counsel is -- is important.  I need to resolve -- I need to
21  know what his status is sooner than later because -- well, I
22  just need to know that.
23          So, I'll refer it to Judge Facciola, just that
24  issue.  I'm not going to burden the magistrate judge with any
25  of these other issues at this point.

1          Every other motion on the Court's calendar is denied
2    without prejudice at this point because those motions, it
3    would be premature for this court to focus on motions for
4    summary judgment, motions for class certification.  The
5    threshold issue that this court needs to focus on, consistent
6    with the Circuit's decision, is to consider jurisdiction.
7          I'm hopeful -- this may not come to fruition -- I'm
8    hopeful, though, that once this court has resolved any -- any
9    12(b)(1) motions attacking jurisdiction of -- attacking
10   subject matter jurisdiction of individuals, I'm hoping that
11   the case will then be in a posture for mediation.  It's not
12   there by any stretch of the imagination now, but we're not
13   going to waste a lot of time getting to that point where it
14   then becomes a fair question whether or not the parties can,
15   in good faith, sit down in an effort to attempt to resolve
16   their controversies.
17         And you may not be able to, and if the parties in
18   good faith tell me they aren't interested in talking to a
19   mediator or a panel of mediators or however you wish to
20   proceed, I'm not going to force that on you.  I'm not going to
21   waste your time, I'm not going to waste the mediator's time,
22   but in that regard, hopefully, we could be creative and we can
23   be as creative as your imagination will permit you to be
24   creative.
25         We could, once we get to that point, talk about a

1  panel of mediators maybe, or talk about a mediator selected by
2  all the attorneys.  Maybe you have confidence in someone in
3  the bar who you feel can fairly mediate what then exists as
4  legitimate -- as a legitimate controversy among the parties.
5  I don't know.  But I'm just laying that out right now because
6  I'm hoping -- well, I know we're going to get to that point
7  sooner than later.
8             I can tell you we're going to get to that point, and
9  what happens when we get to that point, I don't know, but at
10 least I want you to start thinking about that, because these
11 time frames are fair, and these are the time frames under
12 which we're going -- the Court, this court will proceed to
13 address the questions that the Circuit has instructed this
14 court to address and resolve.
15            I'm going to resolve all these in a timely manner,
16 and the parties -- and this case has been around for awhile,
17 and the parties want an early resolution of at least the very
18 threshold issues that bring you back to court and I'm going to
19 give you that, but I want you to start thinking about if and
20 when we get to the point where mediation may or may not be a
21 viable issue to discuss, and if it's not, then we get onto
22 issues of summary judgment and class certification, et cetera,
23 et cetera.  But right now, the focus is going to be on
24 jurisdiction, subject matter jurisdiction consistent with what
25 the Circuit said.

1          Now, does anyone have any questions, or maybe
2    someone has a suggestion for how we can better proceed.  I've
3    already considered your submissions.  If you have a suggestion
4    that you didn't include in your submissions, I welcome the
5    opportunity here, but I don't want to open this up for any
6    discussion about everything you've submitted because I've
7    already considered your suggestions, and I appreciate
8    everyone's time and effort in preparing and filing your
9    submissions, and I've considered all of them, and I don't have
10   really any questions.
11         And I have but one desire, and that is to get on
12   with this case and resolve these issues just as soon as I
13   possible can.  I'm not going to refer it to a magistrate
14   judge.  I'm going to keep these issues, so you've got my
15   undivided attention along with all my other cases, but you've
16   got my undivided attention.
17         Anyone have anything else to say?
18         MR. MACON:  I have a question, Your Honor.
19         THE COURT:  Sure, Sergeant Macon.
20         MR. MACON:  Sir, I did not have --
21         THE COURT:  Why don't you come to the microphone.
22         MR. MACON:  Sir, I did not get notified in regards
23   to any of the proceedings that are going on here today, any
24   notification from the U.S. Circuit, U.S. District Circuit, I
25   have received no notification.

1        THE COURT:  That's probably because you were
2   ostensibly a member of the class.  I don't know.  I don't want
3   to get into that, but we'll make sure you get notification of
4   these proceedings.  I don't know why you didn't.
5        MR. MACON:  Yes.
6        THE COURT:  Are you on ECF?
7        MR. MACON:  No, sir.
8        THE COURT:  Should be, shouldn't he?  Let me talk to
9   Carol.  We'll check that.  Have you asked to be allowed to
10  participate by way of ECF?
11       MR. MACON:  I didn't inquire into it.
12       THE COURT:  Electronic case filing?
13       MR. MACON:  Yes, I'm familiar with the process, but
14  I haven't updated.
15       THE COURT:  You didn't ask for that.
16       MR. MACON:  No, sir.
17       THE COURT:  You should.  Talk with Carol after this
18  hearing.  We'll make sure you get notice.  We're not trying to
19  keep you out, all right.
20       MR. MACON:  Okay.  Thank you.
21       THE COURT:  Now, let me -- Mr. Adams, did you get
22  notice?
23       MR. ADAMS:  Through Attorney Gebhardt but not
24  through the Court.
25       THE COURT:  Well, you probably wouldn't because this

1  still reflects that you're represented by counsel, and I don't
2  know whether that's going to change or not and I don't want to
3  get into that, but are you and counsel optimistic in resolving
4  that or not?
5              MR. JOHNSON:  Let's keep our fingers crossed, Your
6  Honor.
7              THE COURT:  All right.  Okay.  I need to know sooner
8  than later.  You need to file something and let me know.
9              All right.  What I'm going to suggest, though, since
10 you're here in court today -- I haven't talked to Judge
11 Facciola about him resolving this today, but you should stop,
12 both you and -- is it Sergeant Adams?
13             MR. ADAMS:  Lieutenant Adams.
14             THE COURT:  Lieutenant Adams.  I'm sorry.  You and
15 Lieutenant Adams should stop there and talk to someone in his
16 office and get a date and time to meet with him to try and
17 resolve this, all right.
18             All right.  Yes, Counsel.  Yes, Mr. Roback.
19             MR. ROBACK:  Your Honor, my only question is this:
20 In terms of the Defendant's responsive pleading under Rule
21 12(b)(1) to the anticipated complaint, in the ordinary course,
22 a defendant, if they so choose to move under Rule 12, can move
23 not only under Rule 12(b)(1) but also, for instance, under
24 Rule 12(b)(6).  Now, I understand the Court, obviously, in
25 light of the D.C. Circuit's decision, wants to focus on its

1   subject matter jurisdiction.

2           THE COURT:  Right.  I think I should focus on that,
3   but that's a good point.  Let me think about that.  I think I
4   should strictly focus on jurisdiction, but I don't want to
5   deprive you of what other remedy, but let me think about that.

6           MR. ROBACK:  Very well.

7           THE COURT:  Let me ask you this:  If I proceed
8   strictly with 12(b)(1), how are you prejudiced?  I guess
9   you're prejudiced because you don't get a 12(b)(6) issue
10  before the Court in a timely manner, right?

11          MR. ROBACK:  Well, Your Honor, we may not be
12  prejudiced.  I mean, we may have to subsequently file a motion
13  under 12(b)(6) or some other provision of Rule 12.  I just --
14  to the extent the Court is interested in moving this case
15  forward --

16          THE COURT:  I am.  Believe me I am.

17          MR. ROBACK:  As I believe all the parties are,
18  whether represented or not --

19          THE COURT:  Any interest in trying to settle this
20  case?  I mean, and this is a fair question, does the
21  Government know enough about who may have exhausted to attempt
22  to resolve some claims, if you know that people did exhaust
23  remedies?

24          MR. ROBACK:  Your Honor, I think the parties have a
25  very different view about which officers exhausted and which

1  officers did not, and so I think once the Court resolves the
2  jurisdictional question, then the Government will be in a --
3  well, and the Plaintiffs, I think, will be in a better
4  position to discuss settlement.
5              In terms of the Government's position right now on
6  settlement, we are certainly willing to discuss settlement
7  with the Plaintiffs, and in fact, the parties, prior to the
8  appeal being fully briefed, did engage in, I think, two
9  mediation sessions with counsel for Plaintiffs.
10 Unfortunately, those sessions were unsuccessful, I think.
11             THE COURT:  Right.  Meeting with private mediators
12 or the magistrate judge?
13             MR. ROBACK:  With a private mediator, Your Honor.
14             THE COURT:  Is there any -- I haven't thought about
15 asking this question, but I'll ask it.  There's no harm in
16 asking the question.  Is there any -- so there's no interest
17 now in talking about mediation with Plaintiffs' counsel, or is
18 there?
19             MR. ROBACK:  Your Honor, I think we're always
20 interested in seeing whether we can resolve a case without
21 further court intervention, but in this particular case, I
22 think settlement discussions would be facilitated with a
23 definitive ruling from the Court on jurisdiction.
24             THE COURT:  I think that's only fair.  I think
25 that's the way to proceed.

1      Yes, counsel.  Ms. Rucker.

2      MS. RUCKER:  I think the reasons counsel has offered
3 would be a good reason for the Court to stay with the plan
4 that was proposed and focusing on 12(b)(1).

5      THE COURT:  Right.  I think I should.  I think
6 that's the approach the Court -- the Circuit has sanctioned.
7 The Circuit affirmed the Court with respect to vicarious, so
8 you know, not minimizing the Court's role at this point, but I
9 should focus on jurisdiction, who's exhausted, how they're
10 exhausted, let's see on which Plaintiffs the Government agrees
11 have indeed exhausted, and maybe those individuals can be
12 segregated out and maybe their claims can be the focus of
13 mediation.  I don't know.  But I think this is the best
14 incremental approach to complying with the Circuit's mandate,
15 I think, at this point.

16      Yes, Counsel.

17      MR. ROBACK:  That's fine if that's the route the
18 Court wants to take.  I just want to make clear for the record
19 that the Defendant would at some time, if it believes that a
20 plaintiff has not stated a claim, which we think under Rule
21 12(b)(6), would be an equally important issue to address
22 sooner rather than later.

23      THE COURT:  I totally agree with you, and I'm not
24 doing anything that's to the prejudice of any side here.  I
25 want to see which ones you can agree on and which ones you

1   can't, and that's going to trigger more litigation, I'm sure.

2              So, whatever I'm doing is not to the prejudice of

3   Plaintiffs or Defendants, but I think it's the best first step

4   forward to finality in this court.  And what happens after

5   that, happens after that, but I'm going to give you finality

6   as soon as I can, the parties, all right.

7              MR. ROBACK:  Jurisdictional --

8              THE COURT:  Hopefully, the finality will be the

9   proof of a settlement agreement.  That would be great.  That

10  would make me very happy and make the Plaintiffs happy and

11  hopefully the Government happy as well, but we're not there

12  yet.  We're going to get there.

13             I know you didn't have a lot to say, but it's not

14  because your loss for words.  You said what you wanted to say

15  in your pleadings, and I read your pleadings, and I considered

16  your thoughts, and this has been very productive and I think

17  this is the right way to proceed, so I appreciate everyone

18  being here.

19             Plaintiffs are always welcome to be here.  It's good

20  seeing everyone again, and hopefully we'll get these claims

21  settled as soon as we can, and if not, then I'll resolve them

22  in a litigation mold but it will be fairly done and just as

23  quickly done as -- quickly -- and done just as quickly as the

24  Court can do it.  So, it's good to see everyone.

25             Any other questions?  Counsel, I hope you and -- and

```
 1   Lieutenant Adams can resolve your matter.  If not, I need to
 2   know that it's not resolved because of his role in this case,
 3   his prior role.  I'm not sure what his current role is, but I
 4   need to know that.
 5            MR. JOHNSON:  Yes, sir.
 6            THE COURT:  All right.  So, I just ask that you go
 7   to Judge Facciola's office, just get a date and time from his
 8   staff to meet with him.
 9            MR. JOHNSON:  Will do, Your Honor.
10            THE COURT:  All right.  All right.  You're too quiet
11   here.  No other questions?
12            All right.  Let me just say one thing, and I'm
13   saying this very respectfully, but you know, we read lots of
14   pleadings that come in.  Some pleadings -- in some pleadings
15   you read, you can tell that -- let me see what I want to say.
16   Be very careful.
17            You can tell that the relationship has been strained
18   among counsel, and it comes through loud and clear, and I've
19   seen that in some of these pleadings, and I'm not looking at
20   anyone in particular.  I'm moving my head back and forth, but
21   I've seen that, and you know, it's really -- because of all
22   the pleadings we have to read, it's really annoying for us to
23   have to read pleading after pleading when we can tell the
24   relationships have been strained, so I just -- I'm not
25   imposing any sanction, I'm not doing that, that's not any
```

1  style.
2          I'm just encouraging counsel to think twice, more
3  than twice before you display evidence of strain -- of a
4  strained relationship with your opponents.  That's about the
5  best way I can put it, all right.  So, leave the invective
6  out, okay.
7          All right.  It's good to see everyone.  All right.
8  Have a nice afternoon and wonderful weekend.
9          THE DEPUTY CLERK:  This honorable court now stands
10 in recess.
11         (PROCEEDINGS END AT 3:05 P.M.)
12                         *-*-*-*
13
14
15                    **CERTIFICATE OF REPORTER**
16         I, Catalina Kerr, certify that the foregoing is a
17 correct transcript from the record of proceedings in the
18 above-entitled matter.
19
20
21
22 _____   _____
   Catalina Kerr                      Date
23
24
25