## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**SHARON BLACKMON-MALLOY, et al.,**

> **Plaintiffs,**

> **v.**

**Civil Action No. 01-cv-2221-EGS**

**UNITED STATES CAPITOL POLICE BOARD,**

> **Defendants.**

_____

### PLAINTIFFS' COUNSEL, NATHANIEL D. JOHNSON'S, RESPONSE TO COURT'S APRIL 25, 2018 MINUTE ORDER

Nathaniel D. Johnson, files the following Plaintiffs' Counsel, Nathaniel D. Johnson's, Response to Court's April 25, 2018 Minute Order.

1. On April 25, 2018, the Court entered a Minute Order directed the undersigned to show cause why he should not be held in contempt of court for not complying with the Court's March 30, 2018 Minute Order.

2. The Court should not hold the undersigned in contempt of court for the following reasons.

   A. On June 29, 2015, 2015, the undersigned mailed by first class United States mail to those Plaintiffs that he presented in this matter, Plaintiff's Counsel, Nathaniel D. Johnson's Motion for Leave to Withdraw as Counsel ("Motion to Withdraw"). (ECF 411). Exhibit 1. Appended to that Motion to Withdraw (Exhibit 2 to Motion to Withdraw) was the Notice required by Local Civil Rule 83.6. That Notice was served independent of the Motion to Withdraw by first class United States mail, postage prepaid. In the Court's March 30, 2018 Minute Order, the Court observed that the

certificate of service appended to the Motion to Withdraw did not comply with Local Civil Rule 83.6, since the certificate of service did not list those Plaintiffs' last known addresses.

B.  Contemporaneously with the filing of this Response, the undersigned is filing Plaintiffs' Counsel Nathaniel D. Johnson's Certificate of Service Per This Court's March 30, 2018 Minute Order, reflecting the service that of the Motion to Withdraw on June 29, 2015, amended to reflect service upon his clients at their last known addresses ("Corrected Certificate of Service").

C.  Service of the Motion to Withdraw on those Plaintiffs represented was effected since the undersigned counsel subsequently held telephone conferences with the Plaintiffs that he represented, with the exception of those that are deceased.

D.  Plaintiff's counsel, who is a sole practitioner, between March 30, 2018 and the present date, has had several intervening professional commitments, including lengthy depositions and appellate briefs, that precluded filing the certificate of service complying with the March 30, 2018 Minute Order on or before April 13, 2018.

E.  Between the entry of the Court's March 30, 2018 and the April 25, 2018, the undersigned counsel was suffering from a serious health condition that required medical treatment and precluded him from fully discharging all professional responsibilities.

F.  Subsequent to the entry of the March 30, 2018 Minute Order, the undersigned counsel contacted Mr. Frederick Herrera, a representative of the United States Capitol Police Board to obtain any available updated last known addresses for the Plaintiffs represented by him.  On May 9, 2018, Mr. Herrera graciously provided, according to

2

U.S. Capitol Police personnel records, updated last known addresses for the Plaintiffs represented by the undersigned. The certificate of service that is being filed contemporaneously with this Response contains the last known addresses for those Plaintiffs according to the undersigned counsel's and United States Capitol Police's personnel records.

G. Although not mandated by the Court's March 30, 2018 Minute Order, the undersigned counsel is re-serving the Motion to Withdraw (ECF 411) on all Plaintiffs that he represents at the updated last known addresses known to the undersigned and as updated by the United States Capitol Police on May 9, 2018.

H. Plaintiff's counsel has been involved in this litigation since its inception and consistently has met all other Court-imposed deadlines.

I. No parties have been harmed or prejudiced by the failure to file the certificate of service on or before April 13, 2018 since the next scheduled status conference is July 25, 2018.

3. The undersigned regrets any inconvenience caused by the failure to file the certificate of service on or before April 13, 2018 and his conduct was not deliberate and contumacious.

DATED: MAY 9, 2018.

Respectfully submitted,

Nathaniel D. Johnson (MD#14729)
The Johnson Law Office, LLC
10665 Stanhaven Place, Suite 3101
White Plains, Maryland 20695
(301) 645-9103 (Phone)/(888) 492-9434 (Fax)
ndjesquire@gmail.com

## **CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing Plaintiffs' Counsel, Nathaniel D. Johnson's,

Response to Court's April 25, 2018 Minute Order was served this 9th day of May 9, 2018 upon

the counsel of record through the Court's ECF document filing system:

Nathaniel D. Johnson