UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Sharon Blackmon-Malloy, et al

Plaintiffs,

v.

United States Capitol Police Board

Defendant.

Civil Case No: 1:01-cv-02221-EGS

Honorable Emmet G. Sullivan

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Sharon Blackmon-Malloy, Plaintiff, hereby files this reply in opposition to Defendant's September 4, 2019 opposition to her motion for reconsideration filed on August 21, 2019. Plaintiff supports her opposition to Defendant's motion with facts based upon persuasive, as well as, mandatory legal authorities.

**PROCEDURAL BACKGROUND**

On February 14, 2017, Plaintiff filed a Motion for Reconsideration requesting this Honorable Court to accept the claim alleged in her original complaint for non-promotion to Lieutenant in 2000 and allow it to go forward because that claim was erroneously omitted from Magistrate Judge John Facciola's Report (ECF No. 365) and improperly dismissed in Appendix I to the Court's Memorandum Opinion (ECF No. 429-1) dated October 13, 2016, even though Judge Facciola found that it was timely filed and exhausted.

1

RECEIVED
SEP 09 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

On August 21, 2019 Plaintiff re-filed her Motion for Reconsideration of the Court's October 13, 2016 Memorandum Opinion and Order pursuant to, and in accordance with the Court's March 30, 2018 Minute Order that denied Plaintiff's Motion for reconsideration (ECF # 431), ruling that "Plaintiff does not indicate whether reconsideration is sought pursuant to Federal Rules of Civil Procedure 59(e) (providing relief from a judgment) or Rule 60 (providing relief from a judgment or order). Because the Court has not yet entered an Order to accompany 429 Memorandum Opinion pending the resolution of the attorney representation issues, Plaintiff's motion is premature."

Plaintiff's motion was denied without prejudice subject to the timely re-filing after the Court entered the Order to accompany 429 Memorandum Opinion. Therefore, pursuant to the Court's March 30, 2018 Minute Order and Rule 60 of the Federal Rule of Civil Procedure, Plaintiff filed a timely motion requesting the Court to provide relief from its previous judgment or order and deny Defendant's present motion in opposition.

**HISTORY**

Plaintiff previously filed a Motion for Reconsideration (ECF # 431) of a complaint alleging that she was discriminated against by the United State Capitol Police (USCP) Board during the United States Capitol Police's (USCP) promotional process in the year 2000. Plaintiff provided the Court with a preponderance of evidence that clearly demonstrated she completed all jurisdictional prerequisites by initiating counseling on April 12, 2001 and engaging in mass counseling with the Congressional Office of Compliance on all of the following dates; April 28, April 30, and May 5, 2001, within 180 days of her non-promotion claim for the rank of lieutenant in the 2000 promotional process.

Plaintiff submitted the following exhibits to this Court on 8/21/2019 to further support her valid claims. [ECF #470 Exhibit (A) Letter dated August 2, 2001 from William W. Thompson, II Executive Director of the Office of Compliance filed October 29, 2001 Complaint [#1] at Exhibit 1.] Plaintiff also submitted evidence to the Court that she engaged in a group mediation on June 22, 2001, as well as, an individual mediation on July 25, 2001 regarding her 2000 non-promotion claim and other claims submitted in her administrative complaint supported by [ECF #470] Ex. (B) Plaintiff Blackmon-Malloy Mediation Agreement dated July 25, 2001. Plaintiff participated in mediation and complied with the confidentiality rules as outlined in the Office of Compliance despite the Defendant's assertion that Plaintiff "did not exhaust this claim." Plaintiff complied with the procedural rules of the Congressional Office of Compliance.

## STANDARD OF REVIEW

Here comes Defendant, presenting yet another distraction to the Court regarding Federal Rules for which the Court did not address nor seek. Defendant alleged in its current opposition that Rule 54(b) of the Federal Rule of Civil Procedure is controlling when in fact, the Court stated in its Minute Order that; "Plaintiff does not indicate whether reconsideration is sought pursuant to Federal Rules of Civil Procedure 59(e) (providing relief from a judgment) or Rule 60 (providing relief from a judgment or order)."

The Court's order clearly defines Rule 59(e) and Rule 60 of the Federal Rules as controlling relative to this issue and practically compels Plaintiff to respond specifically to either of those Rules. Pro Se Plaintiff Blackmon-Malloy simply submitted her motion for reconsideration in compliance with the Court's order and pursuant to Rule 60.

Federal Rule of Civil Procedure 60(b) authorizes a court to relieve a party from a previous judgment or order for six enumerated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) a void judgment; (5) a *Norris v. Salazar* Civil Action No. 3 09-01042 (BAH) (D.D.C. Oct. 18, 2011) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

If the first five reasons set forth in Rule 60(b) are inapplicable, the court may look to the "catch-all" provision of Rule 60(b)(6), which "gives courts discretion to vacate or modify judgments when it is `appropriate to accomplish justice.'" *8 Gilcrease Lane*, 668 F. Supp. 2d at 130-131 (quoting *Klapprott v. U.S.*, 335 U.S. 601, 614-15 (1949)); see also *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Rule 60(b)(6) is only available when "the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."; Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007) (Rule 60(b)(6) is mutually exclusive with other grounds for relief under Rule 60(b)).

Rule 60 (b)(6) provides that relief can be granted the "catch all" provision. *United States v. 8 Gilcrease Lane*, 668 F. Supp. .2d 128, 131 (D. C. Cir. 2009). "Rule 60 (b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the [C]ourt's conscience that justice be done in light of all the facts." See *Small v. United States*, 471 F. 3d 186, 191 (D.C.Cir. 2006). *Good Luck Nursing Home*, 636 F.2d at 577 (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 399 U.S. 927 (1970)). Thus, the granting or denial of a Rule 60(b)(6) motion "is entrusted to the sound discretion of the district court." *Randall v. Merrill Lynch, Pierce, Fenner Smith, Inc.*, 110 F.R.D.

342, 344 (D.D.C. 1986) (citing *S. Pac. Telecomm. Co. v. Am. Tel. Tel. Co.*, 740 F.2d 1011, 1017 (D.C. Cir. 1984). The requisite "extraordinary circumstances" under Rule 60(b)(6) may be found when a faultless plaintiff seeks relief from a final judgment or order due to counsel's ineffective assistance amounting to neglect of the movant's case." See *Peter B. v. U.S.*, No. 05-2189, 2006 WL 2038512, at *1-2 (D.D.C. Jul. 19, 2006). Rule 60(b) states that on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for mistake, excusable neglect or any other reason justifying relief from the operation of the judgment. It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture. *See Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir.1993).

The information Plaintiff has already presented to the Court that is now a part of the record, along with the Honorable Judge Faciolla's recommendation that her 2000 non-promotion claims are viable, demonstrate that vacating the judgment will not be an empty exercise or a futile gesture.

## ARGUMENT

Defendant made numerous erroneous assertions in its opposing motion; therefore Plaintiff replies as follows:

1. **Defendant stated:** in its opposition that "Plaintiff does not establish any error by this Court in determining that she had not exhausted such a claim."

**Plaintiff's Reply:** Defendant continues to use this meritless, 18-year-old jurisdictional allegation regarding the exhaustion of administrative remedies against Plaintiff Blackmon-Malloy in spite of the District of Columbia Circuit Court's ruling in *Blackmon-Malloy v. U.S. Capitol Police Board*, 575 F. 3d 699 (D.C. Cir. 2009), and in complete dichotomy with the record as documented in the beforementioned unambiguous statements within this reply, demonstrating that Plaintiff clearly provided information to the Court on numerous occasions that proves she exhausted all administrative remedies; and yes, an error was apparently made by the Court when it omitted from Magistrate Judge John Facciolo's Report (ECF No. 365), and improperly dismissed in Appendix I to the Court's Memorandum Opinion (ECF No. 429-1) dated October 13, 2016, Judge Facciola's finding that Plaintiff Blackmon-Malloy's claim was timely filed and exhausted.

**2. Defendant stated:** in its opposition, "Nor did she object to Judge Facciola's identification in his Report and Recommendation of the claims on which she could proceed from a jurisdictional standpoint (which list did not include a 2000 non-promotion claim). Accordingly, Plaintiff Blackmon-Malloy has waived any objection to this Court's adoption of that aspect of the Report and Recommendation."

**Plaintiff's Reply:** To the extent the Court may view Defendant's argument relevant, Plaintiff relies upon Rule 60 (b)1; which state that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Plaintiff asserts that if she failed to object to a dis-favorable ruling against her, it was due to a mistake, inadvertence, or

excusable neglect and ask the Court for relief from its Minute Order that denied Plaintiff's Motion for reconsideration (ECF No. 431).

**3. Defendant stated:** in its opposition that "Defendant acknowledges that, regarding the 2000 promotion process claim, Defendant had initially stated that Plaintiff had exhausted that claim. [ECF #315-1 at 294.] However, the record reflects otherwise. According to evidence submitted with Defendant's motion to dismiss, although Plaintiff Blackmon-Malloy appeared at a mediation session in July 2001, she did not exhaust this claim. [ECF # 299 Declaration of Herrera ¶ 7.]"

**Plaintiff's Reply:** Defendant continues to distort the record in an effort to confuse this Court. Herrera's declaration states "Another officer, Sharon Blackmon-Malloy, also appeared to mediate her claims. The parties were not able to resolve any of these claims." [ECF # 299 Declaration of Herrera ¶ 7.] Defendant is aware that a failure to resolve claims does not constitute a failure to exhaust those claims. Plaintiff submitted the required documentation to exhaust her claims and Defendant conceded on two separate occasions see [ ECF #151] at 1, the Defendant conceded to Plaintiffs viable claim by providing the following: "Defendant concedes jurisdiction as to the hostile work environment and non-promotion claim filed in the lead case." Additionally, the" Defendant acknowledges that, regarding the 2000 promotion process claim, Defendant had initially stated that plaintiff had exhausted that claim. [ECF#315-1 at 294."] This Court, in the interest of justice should re-adopt Judge Facciola's Report and Recommendation [#151-4] filed March 19, 2007. Appendix D: viable claim, and Report [#376] Appendix B dated 12/14/12 viable claim.

7

4. **Defendant stated:** in its opposition that "Plaintiff attaches to her motion for reconsideration a declaration dated May 24, 2004, but that declaration does not contradict Defendant's evidence. [ECF # 470, Ex. A ¶ 10, stating only that she attended a mediation session without identifying what, if anything, was discussed.]"

**Plaintiff's Reply:** Defendant is well aware of the confidentially rules of the Congressional Office of Compliance which prohibits parties from discussing or revealing anything discussed during mediation. Notwithstanding, Defendant was put on notice regarding all of Plaintiff's claims, yet Defendant failed to render a successful resolution. Plaintiff complied with procedures annotated in the Congressional Accountability Act (CAA) regarding counseling and mediation and fully exhausted all administrative remedies. See *Blackmon –Malloy v. U.S. Capitol Police Brd.*, 575 F .3d 699 (D.C. Cir. 2009).

Plaintiffs presented more than a preponderance of record evidence to this Court to show that she exhausted her claim. Plaintiff fully complied with the OC confidentiality mediation agreement. First and foremost, Section 416(a) and (b) of the CAA requires that counseling and mediation be conducted under conditions of absolute confidentiality. To require Plaintiff to produce any aspect of a confidential mediation session would be a clear violation of the OC confidentiality statute. Plaintiff participated in mediation and complied with the confidentiality rules as outlined in the Office of Compliance despite the Defendant's assertion that Plaintiff "did not exhaust this claim." Plaintiff will rely on support from the Office of Compliance Procedural Rules which states:

**Section §1.08 Confidentiality.**

"(a) Policy. Except as provided in sections 416(d), (e), and (f) of the Act, the Office shall maintain confidentiality in counseling, mediation, and the proceedings and deliberations of hearing officers and the Board in accordance with sections 416(a), (b), and (c) of the Act.

(b) Participant. For the purposes of this rule, participant means an individual or entity who takes part as either a party, witness, or designated representative in counseling under Section 402 of the Act, mediation under section 403, the complaint and hearing process under section 405, or an appeal to the Board under Section 406 of the Act, or any related proceeding which is expressly or by necessity deemed confidential under the Act or these rules.

(c) Prohibition. Unless specifically authorized by the provisions of the Act or by these rules, no participant in counseling, mediation, or other proceedings made confidential under Section 416 of the Act ("confidential proceedings") may disclose a written or oral communication that is prepared for the purpose of or that occurs during counseling, mediation, and the proceedings and deliberations of Hearing Officers and the Board."

Therefore, to possess and store, attempt to use any confidential information outside of the venue of the OC would be a violation worthy of prosecution. To further support Plaintiff's position attached hereto this motion [ECF #284-1 Declaration of Ms. Teresa M. James, Executed May 26, 2010.] See Exhibit I attached herein.

Plaintiff Blackmon-Malloy timely filed her reply to Defendant's opposition to Plaintiff's Motion for Reconsideration in compliance with the above Federal Rules of Civil Procedures, supplemented by the Office of Compliance Procedural Rules, U.S. District Court for the District of Columbia and the U.S. Court of Appeals for D.C. Circuit applicable authorities.

For all the foregoing reasons supported with undisputed factual record evidence, Plaintiff Blackmon- Malloy's non-promotion claim for the rank of lieutenant should be allowed to proceed.

## CONCLUSION

Plaintiff Blackmon-Malloy request that the Court rely of the thoroughness of Judge Faciolla's Report and Recommendation which recommended that her claims are viable and should go forward, as well as a wealth of documentary evidence Plaintiff has submitted to the Court. Plaintiff Blackmon-Malloy has complied with the Federal Rules of Civil Procedure (eff. Dec. 1, 2018) which governs civil proceedings in the United States district courts with a purpose "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Counsel for the Defendant notified of this instant Motion.

A proposed Order accompanies this Motion.

Respectfully submitted,

/s/ Sharon Blackmon-Malloy
Sharon Blackmon-Malloy
Pro Se Plaintiff
2525 36th Street, S.E.
Washington, DC 20020
francsharon@aol.com

Dated September 9, 2019

10

# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON BLACKMON-MALLOY, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> U. S. CAPITOL POLICE BOARD, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 01-2221 (EGS) |

### DECLARATION OF TERESA M. JAMES

1. I, Teresa M. James, am employed by the Office of Compliance ("OOC") as the Chief Resolution Officer, a position I have held for the past year. I have been continuously employed by the OOC since March 1999 when I was hired to serve in the position of Director of Counseling. I have worked in the counseling and mediation area of the OOC since March 1999, serving in various positions; therefore, I have personal knowledge of the counseling and mediation process that has existed at the OOC since March 1999.

2. Counseling and mediation are mandated by Title IV of the Congressional Accountability Act of 1995 ("CAA") in sections 402 and 403 *(2 U.S.C. Secs. 1402-1403)*. Proceedings under sections 402 and 403 are initiated when an employee submits a request for counseling with the OOC.

3. The CAA does not require that a request for counseling be submitted in writing, and neither the CAA nor the OOC's Procedural Rules (applicable in 2001)[1] require that the request

---

[1] In 2004, the Procedural Rules were amended to require a "written request for counseling." Rule 2.03(a) (2004).

be in any particular form. As a matter of practice, however, in 2001, the OOC requested that an employee wishing to initiate counseling fill out and sign a Formal Request for Counseling on a form provided by the OOC. In cases where the counselor and employee agree to present allegations to an employing agency under Section 416(a), the Request for Counseling itself would not be disclosed; rather, the counselor would do so in a manner that would best protect the complainant's confidentiality interests while presenting the allegations in a way most likely to achieve voluntary resolution of the matter. The Request for Counseling contains the following statement:

> "**CONFIDENTIALITY**:
>
> Please be advised of the importance of confidentiality in this process. Section 416 of the Act provides that all counseling shall be strictly confidential. However, you and the [OOC] may agree to notify the employing office of your allegations during counseling by signing an agreement waiving confidentiality for that purpose."

4. The OOC has determined that it must keep the Request for Counseling and any documents produced by the employee "strictly confidential" pursuant to Section 416(a) of the CAA, 2 U.S.C. § 1416(a). Prior to taking a Request for Counseling or any documents from an employee, OOC staff promise the employee that any information furnished during the counseling process will be kept "strictly confidential." The OOC Procedural Rules also provide that counseling shall be confidential. (Procedural Rules of the OOC § 2.03(a)). As an agency, the OOC has determined that promising employees the type of strict confidentiality required by the CAA is necessary to encourage "full and frank" disclosures to counselors, who are then better

2

able to provide informed and candid advice, and that the effectiveness of the counseling program would be seriously undermined if the OOC was required to breach the strict confidentiality provision in the statute. Not all employees who request counseling also request mediation -- underscoring the office's need to uphold the promise of confidentiality during counseling.

5. The information contained on the Request for Counseling Form neither defines nor limits what occurs during counseling. Employees need not even specify why they are initially seeking counseling. Frequently, employees raise issues in a Request for Counseling that are not pursued after the counselor provides information with respect to the rights of the employee. Similarly, after receiving information concerning rights from the counselor, some employees will raise issues not contained in the Request for Counseling. Requests for Counseling and documents produced during counseling can contain embarrassing and private information about employers and employees that have nothing to do with the litigation that is later pursued.

6. After receiving a Request for Counseling, the OOC assigns the matter a case number, which includes, in parenthesis, paired initials corresponding to the types of violations alleged. The OOC uniformly identifies allegations under Title VII of the Civil Rights Act of 1964 as "CV"; allegations under the Family and Medical Leave Act as "FM"; allegations under the Americans with Disabilities Act as "DA"; allegations under the Age Discrimination in Employment Act as "AG"; and allegations of retaliation under Section 207 of the CAA as "RP". For example, a case caption carrying the number "04-CP-30 (AG, RP)" would signify that the employee presented allegations against the Capitol Police of age discrimination under section 201 and retaliation under section 207 of the CAA. These shorthand designations are assigned to

3

the case at the outset of counseling; in the event new or different allegations surface during the counseling period, the designations are modified accordingly. By the same token, if an employee were to abandon an allegation presented at the outset of counseling, the corresponding designation would be deleted.

7. At the completion of the counseling process, the OOC notifies the employee by letter that the counseling period has ended, and that if the employee wishes to request mediation, such request must be made in writing within 15 days of the receipt of the notice. An employee who elects to proceed then completes a standard form entitled "Request for Mediation," in which the employee "hereby request[s] mediation in this matter." This form does not discuss or describe the employee's substantive allegations.

8. During mediation, the employee (and/or counsel) meets with representatives of the employing agency in the presence of the mediator assigned by the OOC to discuss the subject matter of the claims being made. The employee and representatives of the employing office may also meet separately with the mediator. Normally, neither I nor any other OOC official participates in the substantive aspects of the mediation process.

9. During 2001, if mediation was unsuccessful, the OOC issued a Notice of End of Mediation to the parties stating the subject of mediation and that the mediation period had ended. This notice contained a statement identifying the particular section of the CAA that the employee alleged to have been violated and upon which the request for mediation was based. The notice also apprised the employee of his right to pursue the matter further, either by filing a complaint with the OOC, or by filing a civil action in district court.

10. Section 416(a) and (b) of the CAA requires that counseling and mediation be conducted under conditions of absolute confidentiality. The Office is mandated to protect the absolute confidentiality of these processes.

11. I am aware of only one other case where the OOC was served a motion to compel the production of counseling records subject to a subpoena: *Banks v. Office of the Senate Sergeant-at-Arms*, et al., Case No. 03-56, 03-686, & 03-2080 (D.D.C. 2003). The Memorandum Opinion issued in this case is attached hereto as Exhibit A. In that case, the court refused to grant the motion.

12. At this time, I am not able to verify that the OOC is still in possession of the documents identified in the subpoena served upon the OOC in the instant case as their cases were filed more than nine years ago. The documents being requested are not stored electronically. Since being served with the subpoena, OOC staff has been searching the files kept in our office storage areas for these documents. As of the date of this declaration, the OOC has not located any of the files and I do not know whether they can be located.

13. According to our electronically stored correspondence file, the OOC furnished the requests for counseling and the documents produced by the plaintiffs during counseling to Plaintiffs' counsel on or about November 10, 2004. Attached as Exhibit B is a true and accurate copy of the electronically stored transmittal letter to Plaintiffs' counsel.

14. The OOC has already provided the parties herein with the "Notice of End of Mediation" and the "Certificate of Official Record." The Certificate of Official Record contains the information in the file that is not confidential, including: the date of the Request for

Counseling, the date of the Notification of the End of Counseling Period, the date of the Request for Mediation, and the date of preparation and service of the Notice of End of Mediation.

        I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 26, 2010 at Washington, D.C.

        /s/ Teresa M. James
        Teresa M. James

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sharon Blackmon-Malloy, et al, <br><br> Plaintiffs, <br><br> v. <br><br> United States Capitol Police Board <br><br> Defendant. | CASE NO. 01-2221 (EGS) <br><br> Honorable Emmet G. Sullivan |

# ORDER

UPON CONSIDERATION of Pro Se Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Reconsider of Plaintiff's Sharon Blackmon-Malloy's 2000 Non-Promotion Claim, it is hereby ORDERED that Plaintiff Blackmon-Malloy Motion is GRANTED.

**SO ORDERED:**

Date: _____

_____
EMMET G. SULLIVAN
U.S. DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I, Pro Se Plaintiff Sharon Blackmon-Malloy, do hereby certify that on this 9th day of September 2019, the foregoing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Reconsideration was served via U.S. Postal mail as follow:

Jeremy Simon
Wynne P. Kelly
Assistant U.S. Attorneys
555 4th Street NW
Washington, DC 20530

Respectfully Submitted,

Sharon Blackmon-Malloy
Pro Se Plaintiff
2525 36th Street, S.E.
Washington, DC 20020