UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARON BLACKMON-MALLOY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 01-2221-EGS |
| U.S. CAPITOL POLICE BOARD, | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO SUPPLEMENTAL BRIEFING

Defendant, U.S. Capitol Police, respectfully responds to the Supplemental Briefing recently filed by Plaintiff Frank Adams (ECF #473).[1]  Adams' Supplemental Briefing responds to the Court's Order (ECF #429 & 463) that Adams explain how the 17 claims found actionable by Magistrate Judge Facciola and listed in the table appended to his Report and Recommendation (ECF #151-1) correspond to allegations in the Fourth Amended Complaint (ECF #278) that pertain to Adams.  As explained below, Defendant asserts that 6 of the 17 claims identified by Magistrate Judge Facciola correlate to the Fourth Amended Complaint. Defendant urges the Court to limit the claims that may proceed accordingly.

## Background

The operative language from the Court's Memorandum Opinion, which was given effect by the Court's Order dated July 30, 2019, regarding this Supplemental Briefing is reprinted here:

> With regard to Lt. Adams' claims in the main case, except for Lt. Adams' claim for hostile work environment created by racist words, it is not clear which of Lt. Adams' claims in the Fourth Amended Complaint correlate to the claims that Magistrate Judge

---

[1] Adams' Supplemental Briefing appears also at ECF#475 and #491.  ECF #475 and #491 are identical.  The only difference between ECF #473 and the other two filings is a reference to an Exhibit M not contained in the other filings.  *See* ECF #473, p. 6.

Facciola recommended survive in his 2007 Report and Recommendation. Compare ECF No. 278 with ECF No. 151-1 and ECF No. 376 at 17-18, App. B. ***Consequently, by no later than 14 days after the Court issues the Final Order associated with this Memorandum Opinion, plaintiffs shall file a supplemental briefing regarding Lt. Adams' claims in the main case as set forth in Appendix I to this Memorandum Opinion and identify which claims in the Fourth Amended Complaint correlate to the claims listed in ECF No. 151-1. Following the response and the reply, the Court will determine which of Lt. Adams' claims in the main case may proceed. The Court will only consider argument on claims in the main case.***

(ECF #429 at 69, bold and italics in original.)

In the Report and Recommendation referenced by the Court, Magistrate Judge Facciola identified 17 claims that he determined to be timely, listing them in two tables appended to the Report and Recommendation (ECF #151-1, App. A; and ECF #151-4, App. D). The two tables both list the same allegations, numbered 1-17, that were raised in this case (referred to as "the main case") and which Magistrate Judge Facciola found timely (ECF #151-4, App. D).

Because the Court's Order (ECF #463) directed Adams to "correlate" these 17 numbered claims to the allegations in the Fourth Amended Complaint, it is likely helpful to reprint the allegations in the Fourth Amended Complaint that pertain to Adams, which appear in paragraphs 30, 31 and 67 of the Fourth Amended Complaint:

30.  Lieutenant Frank Adams was subjected to the racially hostile work environment on the U.S. Capitol Police force. While assigned to the Patrol Division, white management officials allowed, encouraged, and participated with white Officers in hostilities towards Plaintiff Adams in an effort to force him to request an assignment to another division. He was subsequently involuntarily transferred. Management ordered Lt. Adams to change the performance rating of an undisciplined, disruptive K-9 Officer and to remove instructive entries regarding the negative performance of other white Officers from their Unit Personnel Records.

31.  Lt. Adams was subjected to many unsubstantiated and frivolous investigations by the Internal Affairs Division, and management refused to investigate his charges against white subordinate Officers who made untruthful and unsupported allegations against him. The U.S. Capitol Police published throughout the department the inaccurate findings from an investigation of a complaint that a white Officer made against Lt. Adams.

…

67.  Plaintiff Frank Adams was also subjected to retaliation from upper management for filing complaints of discrimination. His supervisor, Captain Preloh, reprimanded him for following direct orders from a higher-ranking Lieutenant. Captain Preloh disregarded the performance rating issued to Lt. Adams by his commanding supervisor, which impeded his opportunity for promotion. In addition, Captain Preloh and Inspector Parisi participated in and supported the making of false accusations against Lt. Adams, which in turn led to an investigation by Internal Affairs. Ultimately, Chief Varey himself authorized that corrective documentation be placed in Lt. Adams' personnel file and published in official department correspondence, regarding the findings of this flawed investigation. These actions not only hindered Lt. Adams' ability to advance in his career, but they substantially damaged his reputation, well-being, and ability to perform his duties effectively.

(ECF #278 at 10-11 and 26-27.[2])  The Fourth Amended Complaint makes numerous other allegations as well, usually connected to other identified Plaintiffs, less often unconnected to any particular persons.

In short, Adams' task in his Supplemental Briefing is to explain which of the 17 lines in Magistrate Judge Facciola's table in ECF # 151-1 correspond to one of the three paragraphs quoted above in the Fourth Amended Complaint (ECF # 278) or to some other allegation therein that relates to harm done to him.

**Defendant's Response**

As explained further below, Defendant asks the Court to find that Adams' Supplemental Briefing correlates only 6 of the 17 lines in ECF #151-1 to the Fourth Amended Complaint.

At the most literal level, Adams's Supplemental Briefing does nothing to explain the correlation between any of the 17 pertinent lines in the Report and Recommendation and the Fourth Amended Complaint, for the simple reason that the Supplemental Briefing nowhere cites any particular claim or paragraph in the Fourth Amended Complaint.  *Cf.* ECF #473 at 2 and 7 (referring to the "Fourth Amended Complaint" only twice but each time without specifying any

---

[2] Note that ¶ 32 repeats allegations from Adams' other lawsuits.

page, paragraph, or claim).  In light of this failing, the Court is left to piece together the substance of Adams' descriptions in his Supplemental Briefing with the substance of the allegations in the Fourth Amended Complaint in order to determine how, if at all, any of the 17 claims identified by Magistrate Judge Facciola correlate to the Fourth Amended Complaint.

Adams' Supplemental Briefing summarizes his claims twice.  The first time, on pages 2-7, the Supplemental Briefing makes no attempt to correlate the claims to either the 17 claims or any particular paragraphs of the Fourth Amended Complaint, though this first summary cites attached exhibits for support.  The second time through, on pages 8-11, the Supplemental Briefing helpfully references specific lines from the chart in ECF #151-1, but unfortunately makes no reference to specific portions of the Fourth Amended Complaint, nor to any of the cited Exhibits.  Because these two summaries do not reference each other, it is again necessary to resort to a comparison of the substance of the two versions, in order to determine if Adams has evidentiary support for, or clarification of, any of the 17 pertinent lines.

The chart below summarizes the correlations pieced together by Defendant:

| Line # in ECF 151-1 | Brief Description of Claim, in pages 8-11 of Supplemental Briefing (ECF #473) | Evidence cited by Adams, in pages 2-7 of Supplemental Briefing (ECF #473) | 4th Amd. Complaint correlate? |
|---|---|---|---|
| 1 | p.8, investigated for discourtesy after "bad official" comment | p.4, paragraph that cites Ex.G | ¶ 31 ¶ 67 |
| 2 | p.8, investigated for "have a nice day" comment | p.5, paragraph that cites Ex.H | ¶ 31 ¶ 67 |
| 3 | p.8, dog named "Huk" | p.4, paragraph that cites Ex.F | none |
| 4 | pp.8-9, "Gangsters" and "Friends of Gangsters" | p.3, paragraph that cites Ex.D | none |
| 5 | p.9, investigated re frivolous complaint by DeCarlo | p.5, paragraph that cites Ex. I | ¶ 31 ¶ 67 |
| 6 | p.9, removed from investigation of Officer Bauserman. | p.3, paragraph that starts "December 01, 2000," and cites no evidence | none |
| 7 | p.9, hostile work environment in the K-9 unit | p.6, paragraph that cites Ex. L, memo by Adams re discrimination in K-9 Unit | none |

| 8 | p.9, refusal by Jane Frederick to provide support | pp.3-4, paragraph that starts "December 13, 2000" | none |
| 9 | p.10, ordered to change evaluation of white officer | p.2, paragraph that cites Ex. A, memo by Adams re Technician David Douglas Davis | ¶ 30 |
| 10 | p.10, failure to investigate complaint by Adams re Officer Roberts | p.4, paragraph that  cites Ex. E, memo from Adams re violations of rules by Officer Roberts | ¶ 31 |
| 11 | p.10, performance scored lowered to hurt chances at promotion | p.2, paragraph beginning "January 12, 2001," citing no evidence | ¶ 67 |
| 12 | p. 11, Adams notified Internal Affairs of problems | p.7, paragraph citing Ex. M, a memo by Ikard.  (ECF #473) | none |
| 13-16 | not addressed by Adams | not addressed by Adams | none |
| 17 | p. 11, published inaccurate Internal Affairs findings | p.5, paragraph citing Ex. J, affidavit attesting that Adams distributed memo at board meeting | none |
| 23 | not on the list in ECF # 151-1 | | -- |

Each of these is explained in more detail below:

**Line 1** – investigation for discourtesy after "bad official" comment (ECF #473 at 8).  The paragraph on ECF #473, page 8 starting with "Line 1" appears to describe the same claim as the paragraph on page 4 that cites Exhibit G.  Defendant interprets this claim as correlating to ¶ 31 (subjected to numerous frivolous investigations) and ¶ 67 of the Fourth Amended Complaint.

**Line 2** – investigated for "have a nice day" comment (ECF #473 at 8).  The paragraph on ECF #473, page 8 that starts with "Line 2" appears to describe the same claim as the paragraph on page 5 that cites Exhibit H.  Exhibit H is an unsigned document that recommends the charge "is Not Sustained" (ECF #473 at 43), so it is unclear what evidentiary value this exhibit adds. Nevertheless, Defendant interprets this claim as correlating to ¶ 31 (subjected to numerous frivolous investigations) and ¶ 67 of the Fourth Amended Complaint.

**Line 3** – dog named "Huk"  (ECF #473 at 8).  The paragraph on ECF #473, page 8 that starts with "Line 3" appears to describe the same claim as the paragraph on ECF #473, page 4 that starts with "November 17, 2000" and cites Exhibit F.  Exhibit F appears to be a hand-written

entry of some kind noting the appearance of the new dog and his name "Huk."  (ECF #473 at 35.)  This claim appears similar to that in ¶ 19 of the Fourth Amended Complaint, but that paragraph makes no mention of Adams, and instead alleges that it was "Plaintiff Ikard" who was subject to this form of "a racially hostile work environment."  Adams' Supplemental Briefing does nothing to assert that he too was subject to this.

Furthermore, there is no apparent basis to correlate this to ¶ 30 of the Fourth Amended Complaint ("hostilities … to force him to request [a transfer]") because the alleged comments were not targeted to Adams and therefore were not plausibly done to force Adams to transfer.

**Line 4** – "Gangsters" and "Friends of Gangsters" (ECF #473 at 8-9).  The paragraph on ECF #473, page 8 that starts with "Line 4" appears to describe the same claim as the paragraph on ECF #473, page 3 that cites Exhibit D.  Exhibit D appears to be a memo written by Kenneth Weaver, dated May 8, 2000, describing the use of these "gangster" terms, but the memo makes no mention of Adams, nor does it specify the date of the incident(s) (ECF #473 at 29).  Although this claim appears to relate to ¶ 18 of the Fourth Amended Complaint, that paragraph makes no mention of Adams and instead alleges that it was Plaintiff Ikard who was subjected to this language (ECF #278 at 5-6).  The evidence in Exhibit D provides no support for the inference that Adams was also subject to this, still less when or how often.

Furthermore, there is no apparent basis to correlate this to ¶ 30 of the Fourth Amended Complaint ("hostilities towards Plaintiff Adams … to force him to request [a transfer]") because the comments were alleged not targeted to Adams and, therefore, were not plausibly part of the alleged campaign to force Adams to transfer.

**Line 5** – investigated regarding frivolous complaint by Officer DeCarlo (ECF #473 at 9).

The paragraph on ECF #473, page 9 that starts with "Line 5" appears to describe the same claim as the paragraph on ECF #473, page 5 that cites Exhibit I. This appears to correlate to ¶¶ 31 and 67 of the Fourth Amended Complaint.

**Line 6** – removed from investigation of Officer Bauserman (ECF #473 at 9). The paragraph on ECF #473, page 9 that starts with "Line 6" appears to describe the same claim as the paragraph on ECF #473, page 3 that starts "December 01, 2000," but cites no evidence, nor provides any additional detail. This claim has no apparent correlation to any claim in the Fourth Amended Complaint, still less any correlation provided by Adams's Supplemental Briefing.

**Line 7** – hostile work environment in the K-9 unit (ECF #473 at 9). The paragraph on ECF #473, page 9 that starts with "Line 7" appears to refer to the same claim described on ECF #473, page 6 in the paragraph citing Exhibit L, which appears to be a memo written by Adams describing purported problems in the K-9 Unit (ECF #473 at 61-65). Adams' memo, however, describes only harm to other officers, such as unfair performance evaluations of other Plaintiffs, and racist remarks made to others. Nothing in the memo in Exhibit L appears to correlate to any of the allegations in the Fourth Amended Complaint that pertain to Adams.

**Line 8** – refusal by Jane Frederick to provide support (ECF #473 at 9). The paragraph on ECF #473, page 9 that starts with "Line 8" appears to restate the description that appears on ECF #473, pages 3-4, that cites no evidence. This claim has no apparent correlation to any claim in the Fourth Amended Complaint, still less one that pertains to Adams.

**Line 9** – ordered to change evaluation of white officer (ECF #473 at 10). The paragraph on ECF #473, page 10 that starts with "Line 9" appears to be the same allegations in the one-sentence paragraph on ECF #473, page 2 that cites Exhibit A. Exhibit A appears to be a memo

written by Adams regarding Technician David Douglas Davis. (ECF #473 at 14-16).   This claim appears to correlate with ¶ 30 of the Fourth Amended Complaint.

**Line 10** – failure to investigate Adams' complaint by Officer Roberts (ECF #473 at 10). The paragraph on ECF #473, page 10 that starts with "Line 10" appears to be the same one that appears in the paragraph on ECF #473, page 4 that cites Exhibit E.  This exhibit appears to be a memo from Adams regarding alleged violations of rules by Officer Caline Marie Roberts (ECF #473 at 30-31).  This claim appears to correlate with ¶ 31 of the Fourth Amended Complaint.

**Line 11** – performance scored lowered to hurt chances at promotion (ECF #473 at 10). This paragraph on page 10 that starts with "Line 11" appears to be the same claim described on page 2 in the paragraph starting "January 12, 2001," which paragraph cites no supporting evidence.  This claim appears to correlate to ¶ 67 of the Fourth Amended Complaint.

**Line 12** – Adams notified Internal Affairs of problems (ECF #473 at 11).  The paragraph on page 11 that starts with "Line 12" claim appears to be the same as the one appearing on page 7 in the paragraph citing Exhibit M.  Neither of the descriptions in the Supplemental Briefing nor Exhibit M (ECF #473 at 66-68) allege that the failure to investigate resulted in harm to Adams. Therefore, this does not correlate to any allegations in the Fourth Amended Complaint that pertain to him.  *Cf.* ¶ 42 (similar allegation but pertaining to Clifford Green), and ¶ 64 (Phelps).

**Lines 13-16** – not addressed by Adams.  These claims should be deemed dropped.

**Line 17** – published inaccurate Internal Affairs findings (ECF #473 at 11).  This paragraph on ECF #473, page 11 that starts with "Line 17" appears to describe the same claim as the one appearing on ECF #473, page 5 in the paragraph that cites Exhibit J (ECF #473 at 57-58), which purports to be an affidavit signed by Charles Sutton.  The affidavit describes a board meeting at which Adams gave each board member a copy of a memo Adams had written

"characterizing the Union as in competed [sic] and having a total disregard of the truth" (ECF #473 at 58)).  The affidavit provides no further details regarding the board meeting or the findings by Internal Affairs.  This has no apparent correlation to the claims in the Fourth Amended Complaint, still less claims that pertain to Adams.

**Line 23** – Adams' Supplemental Briefing addresses Line 23 from ECF #151-1, but this claim is not one of the claims in "the main case" for which supplemental briefing was ordered.

In sum, Adams was, at best, only able to correlate 6 of the 17 claims to the allegations in the Fourth Amended Complaint.  Defendant does not concede that any of the 6 claims are adequately pled or viable.  As set forth in Defendant's Status Report Regarding Further Proceedings, Defendant requests that it be afforded the opportunity to propose a briefing schedule for any motion that it may file under Rule 12(b)(6) following the Court's resolution of Adams' Supplemental Briefing (ECF #481 at 4).

## CONCLUSION

Defendant respectfully asks the Court to find that 6 of the 17 claims described above correlate to the allegations in the Fourth Amended Complaint.

October 7, 2019                                     Respectfully submitted,

                                                    JESSIE K. LIU, D.C. Bar #472845
                                                     United States Attorney for the District of Columbia

                                                    DANIEL F. VAN HORN, D.C. Bar #924092
                                                    Assistant United States Attorney

                                                     /s/ *Alan Burch*
                                                    ALAN BURCH, D.C. Bar #470655
                                                    Assistant United States Attorney
                                                    United States Attorney's Office, Civil Division
                                                    555 Fourth St., NW
                                                    Washington, DC 20530
                                                    (202) 252-2550, alan.burch@usdoj.gov
                                                    *Counsel for Defendant*

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 7th day of October, 2019, the foregoing Defendant's Response to Supplemental Briefing was served via the Court's ECF system on parties with ECF access, and served by first class U.S. Mail upon Plaintiffs listed below who have entered *pro se* appearances:

| | |
|---|---|
| Arnold Fields<br>306 Jennings Mill Drive<br>Bowie, MD 20721-7216 | Leonard Ross<br>9379 Principal Lane<br>Waldorf, MD 20603 |
| Ave Marie Harris<br>5404 Stratford Lane<br>Temple Hills, MD 20748 | Luther S. Peterson, Jr.<br>1359 E Street, SE<br>Washington, DC 20003 |
| Danny L. McElroy<br>7102 Meadow Rue Terrace<br>Upper Marlboro, MD 20772 | Regina Bolden-Whitaker<br>5812 Jackies Way<br>Clinton, MD 20735 |
| Frank Adams<br>5817 South Marwood Boulevard<br>Upper Marlboro, MD 20772 | Regina Ikard<br>4629 Eastern Avenue<br>Mount Rainer, MD 20712 |
| Frank W. Wilkes, Jr.<br>8907 Hardesty Drive<br>Clinton, MD 20735 | Reginald Waters<br>11409 Croom Road<br>Upper Marlboro, MD 20772 |
| Governor Latson<br>10110 Kathleen Drive<br>Ft. Washington, MD 20744 | Richard Webb<br>10752 Green Mountain Cir.<br>Columbia, MD 21044 |
| Kendrick A. Young<br>10114 Georgian Lane<br>Upper Marlboro, MD 20072 | Sandra Brown-James<br>38 15 Butler Springs Dr.<br>Loganville, GA 30052 |
| Kevin Matthews, Sr.<br>2507 32nd Street SE<br>Washington, DC 20020 | Tammie D. Greene<br>30 Regency Drive<br>Stafford, VA 22554 |

 /s/ *Alan Burch*
ALAN BURCH, D.C. Bar #470655
Assistant United States Attorney