**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SHARON BLACKMON-MALLOY, *et al.*,

                Plaintiffs,

  v.

UNITED STATES CAPITOL POLICE
 BOARD,

                Defendant.

Civil Action No. 1-2221
      (EGS)

<u>**MEMORANDUM OPINION AND ORDER**</u>

The plaintiffs in this case allege that they suffered discrimination and retaliation in violation of the Congressional Accountability Act, 2 U.S.C. § 1301, *et seq.* Pending before the Court are: (1) the plaintiffs' objections and the defendant's responses to Magistrate Judge Facciola's 2012 Report and Recommendation as to plaintiff Lt. Frank Adams' claims, *see* ECF No. 386, ECF No. 381, ECF No. 393-1; and (2) plaintiff Lt. Sharon Blackmon-Malloy's Motion for Reconsideration of the Court's dismissal of her 2000 non-promotion claim, *see* ECF No. 470.

Upon careful consideration of the motions, responses and replies thereto, the applicable law, and the entire record, Court: (1) **ADOPTS IN PART** Magistrate Judge Facciola's recommendations as to Lt. Adams; and (2) **GRANTS** Lt. Blackmon-

Malloy's motion for reconsideration.

## I.  Background

On October 13, 2016, the Court issued a Memorandum Opinion, ECF No. 429, ruling on the defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 298 and the objections to Magistrate Judge Facciola's Reports and Recommendations on the Motion; and the plaintiffs' Motion for Leave to File a Fifth Amended Complaint, ECF No. 396. Due to various attorney-representation issues that arose and are described in the Memorandum Opinion, the Court stayed the effectiveness of the ruling and withheld issuance of any Final Order regarding the motions and objections until the various attorney-representation issues that were pending had been resolved. Following the eventual resolution of those issues, on July 30, 2019, the Court issued the Final Order associated with the Court's October 13, 2016 Memorandum Opinion. The Court assumes the parties' familiarity with the factual and procedural background in this case as well as the exhaustive analysis of the issues in the Court's October 2016 Memorandum Opinion. *See* Mem. Op., ECF No. 429.

## II.   Plaintiffs' Objections to Magistrate Judge Facciola's Report and Recommendation

### A. Standard of Review for Objections to a Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b), once a magistrate judge has entered a recommended disposition, a party may file specific written objections. The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). Proper objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection." Local R. Civ. P. 72.3(b). As numerous courts have held, "objections which merely rehash an argument presented to and considered by the magistrate judge" are not properly objected to and are therefore "not entitled to de novo review." *Morgan v. Astrue*, Case No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (collecting cases). Likewise, the Court need not consider cursory objections made only in a footnote. *Hutchins v. District of Columbia*, 188 F.3d 531, 539 n.3 (D.C. Cir. 1999); *see also Potter v. District of Columbia*, 558 F.3d 542, 553 (D.C. Cir. 2009) (Williams, J. concurring) ("[J]udges are not like pigs, hunting for truffles buried in briefs.")(internal citations omitted).

3

**B. Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

A federal district court may only hear a claim over which it has subject matter jurisdiction; therefore, a Rule 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). That burden must be established by a preponderance of the evidence. *Gordon v. Office of the Architect of the Capitol*, 750 F. Supp. 2d 82, 87 (D.D.C. 2010). In evaluating the motion, the Court must accept all of the factual allegations in the complaint as true and give the "plaintiff the benefit of all inferences that can be [drawn] from the facts alleged." *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)(internal citation omitted). The Court is "not required . . . to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Cartwright Int'l Van Lines, Inc. v. Doan*, 525 F. Supp. 2d 187, 193 (D.D.C. 2007) (quotation marks omitted). However, because the plaintiff bears the burden, the "factual allegations in the complaint  . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Gordon*, 750 F. Supp. 2d at 87

4

(internal citations omitted). Finally, to resolve a 12(b)(1) motion, the Court "'may consider materials outside of the pleadings.'" *Id.* (quoting *Jerome Stevens Pharm, Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### C. Administrative Exhaustion under the Congressional Accountability Act

The Congressional Accountability Act of 1995, 2 U.S.C. § 1301, *et seq.*, "extend[s] the protections of Title VII of the Civil Rights Act of 1964, as well as ten other remedial federal statutes, to employees of the legislative branch." *Blackmon-Malloy v. U.S. Capitol Police Bd.* ("*Blackmon-Malloy III*"), 575 F.3d 699 at 701 (D.C. Cir. 2009). Subchapter IV of the Act (Sections 1401–1416) governs the procedures for the administrative processing of any disputes under the Act. As relevant here, it sets forth "a three-step process that requires counseling and mediation before an employee may file a complaint seeking administrative or judicial relief." *Id.* The employee must first engage in counseling regarding her particular complaint. Then, she must proceed to mediation. Upon completion of mediation, she may elect to file suit in federal court.

In determining whether the employee "has completed counseling and mediation," 2 U.S.C. § 1408(a), as required to file a lawsuit, the Court is not empowered to examine what actually

transpired in any counseling or mediation session or to determine the effectiveness of those sessions. *Blackmon-Malloy III*, 575 F.3d at 711-12. Rather, "the reference in section 1408(a) to 'completed counseling . . . and mediation' means no more than that[: (1)] the employee timely requested counseling and mediation, [(2)] the employee did not thwart mediation by failing to give notice of his or her claim upon request, [(3)] that the mandated time periods have expired, and [(4)] the employee received end of counseling and mediation notices from the Office." *Id.* at 713.

### 1.   The Counseling Requirement

The first step an employee must take is "counseling as provided in section 1402." 2 U.S.C. § 1401(1). "'[T]o commence a proceeding,' the employee must request counseling within 180 days of the date of the alleged violation of a law made applicable by the [Congressional Accountability Act]." *Blackmon-Malloy III*, 575 F.3d at 702 (quoting 2 U.S.C. § 1402(a)). "As regards counseling, '[t]he Office shall provide the employee with all relevant information with respect to the rights of the employee.'" *Id.* at 702 (quoting 2 U.S.C. § 1402(a)). "The [Congressional Accountability Act] further provides that '[t]he period for counseling shall be 30 days unless the employee and the Office agree to reduce the period.'" *Id.* (quoting 2 U.S.C. §

1402(b)). The Court of Appeals held that the counseling
requirement does not encompass a requirement that the
complaining employee be physically present for counseling,
"[g]iven the limited purpose of counseling to provide the
employee with information about his or her rights and the
limited benefit that would inure to the employee or the Office
from performing this function in person." *Id.* at 708. Finally,
"[t]he Office must 'notify the employee in writing when the
counseling period has ended.'" *Id.* (quoting 2 U.S.C. § 1402(c)).

### 2.   The Mediation Requirement

The second step that an employee must take is "mediation as
provided in section 1403." 2 U.S.C. § 1401(2). "'[N]ot later
than 15 days after receipt . . . of notice of the end of the
counseling period . . . but prior to and as a condition of
making an election under section 1404," the employee must "file
a request for mediation with the Office.'" *Blackmon-Malloy III*,
575 F.3d at 702 (quoting 2 U.S.C. § 1403(a)). "Mediation 'may
include the Office, the covered employee, the employing office,
and one or more individuals appointed by the Executive Director'
of the Office, but 'shall involve meetings with the parties
separately or jointly for the purpose of resolving the dispute
between the covered employee and the employing office.'" *Id.*
(quoting 2 U.S.C. § 1403(b)(1), (2)). "The mediation period

'shall be 30 days,' which may be extended upon joint request of the parties, and (as with counseling) the Office must 'notify in writing the covered employee and the employing office when the mediation period has ended.'" *Id.* (quoting 2 U.S.C. § 1403(c)). Just as for counseling, mediation need not involve the complaining individual's physical presence. *See id.* at 710.

### 3.   Election

The third and final step is "election, as provided in section 1404 . . . of either . . . a formal complaint and hearing . . . subject to Board review . . . and judicial review in the United States Court of Appeals for the Federal Circuit . . . or . . . a civil action in a district court of the United States as provided in section 1408." 2 U.S.C. § 1401(3); *see also Blackmon-Malloy III*, 575 F.3d at 702. If the civil-action route is chosen, the three-step procedure constitutes a jurisdictional requirement. The Congressional Accountability Act declares that "[t]he district courts of the United States shall have jurisdiction over any civil action commenced under section 1404 . . . by a covered employee who has completed counseling under section 1402 . . . and mediation under section 1403 . . . . A civil action may be commenced by a covered employee only to seek redress for a violation for which the employee has completed counseling and mediation." 2 U.S.C. § 1408(a). This language,

8

combined with its location in a section entitled "jurisdiction," led the Court of Appeals to hold that "it is apparent from the plain terms of the text that Congress intended counseling and mediation to be jurisdictional requirements." *Blackmon-Malloy III*, 575 F.3d at 705. Accordingly, district courts are "not empowered to apply the equitable doctrine of vicarious exhaustion to excuse compliance." *Id.* at 706.

### D. Discussion

#### 1. Civil Action No. 01-2221

In his 2012 Report and Recommendation, Magistrate Judge Facciola "recommend[ed] that the court maintain jurisdiction over those actions that survived in [his] previous Report and Recommendation ["2007 Report and Recommendation"]" as to Lt. Adams. R. & R., ECF No. 376 at 17-18. However, the 2007 Report and Recommendation, *see* ECF No. 151; was issued on March 19, 2007, predating the Fourth Amended Complaint, which was filed on May 10, 2010, *see* ECF No. 278. Accordingly, the Court requested supplementary briefing to clarify which of Lt. Adams' claims in the Fourth Amended Complaint correlate to the claims that survived in Magistrate Judge Facciola's 2007 Report and Recommendation. *See* Order, ECF No. 463 at 2.

Lt. Adams' supplementary briefing addressed all seventeen claims set forth in Appendix A to the 2007 Report and

Recommendation. *See* Pl.'s Suppl. Br., ECF Nos. 473, 491; Def.'s Resp. to Suppl. Br., ECF No. 492; Pl.'s Reply to Def.'s Resp. to Pl.'s Suppl. Br., ECF No. 493. Based on the supplementary briefing, and as set forth in Appendix I to this Memorandum Opinion and Order, the Court has correlated all but one claim in the Fourth Amended Complaint to the claims Magistrate Judge Facciola recommended proceed.[1] The supplementary briefing did not address the claim in paragraph 54 of the Fourth Amended Complaint that Mr. Adams was unfairly denied a promotion after the 2000 lieutenant's examination. *See generally* Pl.'s Suppl. Br., ECF Nos. 473, 491; Def.'s Resp. to Suppl. Br., ECF No. 492; Pl.'s Reply to Def.'s Resp. to Pl.'s Suppl. Br., ECF No. 493.

The defendant filed an initial response to the 2012 Report and Recommendation, *see* ECF No 381; and then responded to the plaintiffs' objections, *see* ECF No. 393-1. In the initial response, the defendant stated that it had no objection to the 2012 Report and Recommendation and that it should be adopted by the Court. Def.'s Resp., ECF No. 381 at 1. With regard to Lt. Adams' claims, the defendant noted that the 2012 Report and Recommendation "may have inadvertently incorporated claims that

---

[1] Appendix I contains a chart listing the disposition of each plaintiffs' claims and the reasons therefore and was attached to the Court's October 2016 Memorandum Opinion. *See* ECF No. 429-1. Updated redline comparison and clean versions of Appendix I are attached to this Memorandum Opinion and Order.

were not included in the [Fourth Amended Complaint]" and that "the only claim that may appear timely for [Lt.] Adams . . . is his claim of discrimination and hostile work environment as it relates to his selection in the 2000 Lieutenant's Promotion Process." *Id.* at 2. Accordingly, Lt. Adams may proceed on the claim in paragraph 54 of the Fourth Amended Complaint that he was unfairly denied a promotion after the 2000 lieutenant's examination.

The plaintiffs' sole objection to the 2012 Report and Recommendation as to Lt. Adams is that "the 2007 Report of the Magistrate Judge indicated that some of Lieutenant Adams' claims regarding a hostile work environment were made within 180 days of the request for counseling. As a hostile work environment is a continuing practice, the timely claims render all of Lieutenant Adams' claims regarding earlier incidents subject to trial in this action. *National R.R. Passenger Corp. v. Morgan*, *supra*, 536 U.S. at 118-19.[2] The plaintiffs concur in the Magistrate Judge's Report with regard to the remaining claims of the main case." ECF No. 386 at 32-33.

---

[2] Magistrate Judge Facciola noted that "[t]he defendant had previously conceded jurisdiction for Lt. Adams's hostile work environment and adverse actions claims filed in the lead case," R. & R., ECF No. 376 at 17. Accordingly, it is not clear what plaintiffs are objecting to.

The plaintiffs do not specifically identify which claims they are referring to, nor do they provide any factual support for their assertion. Accordingly, they have failed to properly object, have failed to demonstrate that counseling and mediation were completed for the violations alleged, and have failed to meet their burden of establishing, by a preponderance of the evidence, that Lt. Adams sought counseling within 180 days of the alleged violation. Accordingly, the Court will **ADOPT** the recommendation and Lt. Adams may proceed on the claims in Civil Action No. 01-2221 set forth in Appendix II to this Memorandum Opinion and Order.[3]

### 2. Civil Action No. 04-943

In Civil Action No. 04-943, Magistrate Judge Facciola recommends that the following claims proceed: (1) non-selection for Johns Hopkins PELP program; (2) non-selection to a management college; (3) non-selection to the FBI Academy; (4) threat of transfer; and (5) involuntary transfer. App. B to R. &. R., ECF No. 376 at 40. He notes that the defendant conceded jurisdiction for these claims. *Id.* at 17. The plaintiffs concur with this recommendation except that they contend that Lt. Adams

_____

[3] Appendix II lists the remaining plaintiffs and their viable claims and was attached to the Court's October 2016 Memorandum Opinion. *See* ECF No. 429-2. Updated redline comparison and clean versions of Appendix I are attached to this Memorandum Opinion and Order.

"raise[d] a timely exhausted claim for hostile work environment created by the negative remarks of Division Commander Callaway." ECF No. 386 at 33. With regard to this claim, Mr. Adams avers that: (1) the incidents occurred on October 30, 2003 and November 4, 2003; (2) the counseling period began on January 20, 2004 and ended on March 15, 2004; and (3) he attended mediation on February 27, 2004. Decl. of Lt. Frank Adams, ECF No. 331-4 at 6-7. The defendant does not address these claims. *See generally* ECF No. 393-1. The plaintiffs have demonstrated that counseling and mediation were completed for the violation alleged, and they have met their burden of establishing, by a preponderance of the evidence, that Lt. Adams sought counseling within 180 days of the alleged violation. Accordingly, the Court will **ADOPT** the recommendation in part and Lt. Adams may proceed on the claims set forth in Appendix II to this Memorandum Opinion and Order.

### 3. Civil Action No. 05-491

In Civil Action No. 05-491, Magistrate Judge Facciola recommends that the following claims proceed: (1) Lt. with less seniority was promoted; (2) denied Captain promotion; (3) denied request to transfer. App. B to R. & R., ECF No. 376 at 40. The plaintiffs object that the 2012 Report and Recommendation does not include Lt. Adams' claims for hostile work environment, including discrimination in training opportunities. ECF No. 386

13

at 33. The plaintiffs do not specifically identify which claims they are referring to, nor do they provide any factual support for their assertion. Accordingly, they have failed to properly object, have failed to demonstrate that counseling and mediation were completed for the violations alleged, and have failed to meet their burden of establishing, by a preponderance of the evidence, that Lt. Adams sought counseling within 180 days of the alleged violation. Accordingly, the Court will **ADOPT** the recommendation and Lt. Adams may proceed on the claims set forth in Appendix II to this Memorandum Opinion and Order.

### 4. Civil Action No. 06-653

In Civil Action No. 06-653, Magistrate Judge Facciola recommends that Lt. Adams' claim for non-selection to Captain position proceed. App. B to R. & R., ECF No. 376 at 40.

The defendant asserts that Lt. Adams did not exhaust his administrative remedies regarding his claims in Civil Action No. 06-0653. ECF No. 393-1 at 10. However, the defendant has provided no argument or factual support for this assertion. *See generally id.*

The plaintiffs object that the 2012 Report and Recommendation does not include Lt. Adams' claims for continuing hostile work environment. ECF No. 386 at 34. The plaintiffs do not specifically identify which claims they are referring to,

14

nor do they provide any factual support for their assertion. Accordingly, they have failed to properly object, have failed to demonstrate that counseling and mediation were completed for the violation alleged, and have failed to meet their burden of establishing, by a preponderance of the evidence, that Lt. Adams sought counseling within 180 days of the alleged violation. Accordingly, the Court **ADOPTS** the recommendation and Lt. Adams may proceed on the claims set forth in Appendix II to this Memorandum Opinion and Order.

## III. Lt. Blackmon-Malloy's Motion for Reconsideration

The Court's July 30, 2019 Order, among other things, adopted Magistrate Judge Facciola's 2012 Report and Recommendation as to Lt. Blackmon-Malloy's claims in view of the plaintiffs' concurrence with the recommendation. Order, ECF No. 463. In so doing, the Court dismissed Lt. Blackmon-Malloy's 2000 non-promotion claim. *See* App. I to Mem. Op., ECF No. 429-1 at 4. Lt. Blackmon-Malloy seeks reconsideration of the Court's dismissal of that claim. *See* Mot. for Recons., ECF No. 470 at 5.

### A. Motion for Reconsideration of Non-Final Judgment

The legal standards governing motions for reconsideration of non-final judgments begins with Federal Rule of Civil Procedure 54(b), which "governs reconsideration of orders that do not constitute final judgments in a case." *Cobell v. Norton*,

15

355 F. Supp. 2d 531, 539 (D.D.C. 2005)). Whether or not to grant a motion pursuant to Rule 54(b) is the "as justice requires" standard. *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006). The considerations that a court may take into account under this standard include "whether the court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *In Def. of Animals v. Nat'l Inst. of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (internal quotation marks omitted). The party moving to reconsider has the burden of demonstrating "that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Id*. at 76 (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)). "[E]ven if justice does not require reconsideration of an interlocutory ruling, a decision to reconsider is nonetheless within the court's discretion." *Id*. (internal quotation marks omitted). However, this discretion is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Id*. (quoting *Singh v. George Washington Univ*., 383 F. Supp. 2d 99, 101 (D.D.C. 2005)) (internal quotation marks omitted).

**B. Discussion**

In support of her motion, Lt. Blackmon-Malloy cites Appendix B to Magistrate Judge Facciola's 2012 Report and Recommendation. Mot. for Recons., ECF No. 470 at 5 (citing R. & R., ECF No. 376). Appendix B lists claims that Magistrate Judge Facciola recommended proceed. With regard to Lt. Blackmon-Malloy, Magistrate Judge Facciola recommended that the following claims proceed: "[i]ncorrect score on Lt. exam, receipt of CP-550 performance notes and CP-534." App. B to R. & R., ECF No. 376 at 40. Magistrate Judge Facciola did not discuss the "incorrect score on Lt. exam" in his 2012 Report and Recommendation, *see* R. & R., ECF No. 376 at 19; rather it only appears in Appendix B.

The defendant acknowledges that it conceded that Lt. Blackmon-Malloy exhausted her 2000 promotion process claim, *see* ECF No. 315-1 at 294; but now argues that the record does not support exhaustion of that claim. Opp'n, ECF No. 487 at 3. The defendant further argues that Lt. "Blackmon-Malloy waived any objection to [Magistrate] Judge Facciola's [2012] Report and Recommendation, which did not list a non-promotion claim for the 2000 time period as among the claims that could proceed from a jurisdictional standpoint." *Id*. at 4.

As an initial matter, the Court is being asked to reconsider its adoption of Magistrate Judge Facciola's 2012

17

Report and Recommendation as to Lt. Blackmon-Malloy's 2000 non-promotion claim. Once a Magistrate Judge has issued a Report and Recommendation, the parties must file proper objections to obtain de novo review of the recommendations by a District Court. L. Civ. R. 72.3(c) ("A district judge shall make a de novo determination of those portions of a magistrate judge's findings and recommendations to which objection is [properly] made . . . "). Here, however, the defendant did not object to the recommendation as to Lt. Blackmon-Malloy. *See generally* Def.'s Resp. to Pls.' Objs. to the Magistrate Judge's Initial and Suppl. R. & R., ECF No. 393-1. Accordingly, the defendant may not obtain de novo review of the recommendation.[4]

The Fourth Amended Complaint sets forth Lt. Blackmon-Malloy's allegations regarding her 2000 non-promotion claim:

> Lead Plaintiff Sharon Blackmon-Malloy,[5] an African American woman and President of the U.S. Capitol Black Police Association, has been discriminated against on the basis of her race by being denied promotions and promotional opportunities and unfairly written up. Lt. Blackmon-Malloy was employed with the U.S. Capitol Police from October 12, 1982, until she retired early on October 31, 2007. She has taken part in promotional

---

[4] Since subject matter jurisdiction may be raised at any time, Fed. R. Civ. P. 12(h)(3), the defendant can make this argument in the alternative in the anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court notes that the defendant acknowledged such an approach to resolve its questions about Lt. Adams' claims. *See* Def.'s Resp., ECF No. 381 at 2 n.2.
[5] Sgt. Blackmon-Malloy was eventually promoted to Lieutenant on November 8, 2004, more than three years after filing this

examinations a number of times. She was
finally promoted to Sergeant on July 12, 1993.
Thereafter, then-Sgt. Blackmon- Malloy took
part in three examinations for promotion to
Lieutenant. In the examination administered on
November 4, 2000, then-Sgt. Blackmon-Malloy
received an on-site score of 75, which would
have moved her into the next phase of the
Lieutenant's examination. However, when the
applicants' scores were posted, her score was
recorded as a 69, which impacted her overall
score and resulted in her not being promoted.
Sgt. Blackmon-Malloy questioned this
discrepancy by speaking with Inspector Stephen
Ring and Chief James Varey, two white
officials, and by lodging numerous complaints
of race discrimination regarding the change in
her score.

Plaintiff Blackmon-Malloy was later informed
that there was an error in the calculation of
her on-site score. Plaintiff Blackmon-Malloy
submits that the limited number of African
American Sergeants and Lieutenants in the
department is the direct result of racially
discriminatory practices, including the
lowering of her examination score in 2000.

ECF No. 278 at 17-18, ¶¶ 47-48. Magistrate Judge Facciola

recommended that Lt. Blackmon-Malloy proceed on her "[i]ncorrect

score on Lt. exam," *see* App. B to R. & R., ECF No. 376 at 40;

but did not discuss the "incorrect score on Lt. exam" in the

2012 Report and Recommendation. *See* R. & R., ECF No. 376 at 19.

The plaintiffs concurs with Magistrate Judge Facciola's 2012

Report and Recommendations as to Lt. Blackmon-Malloy and the

defendant raises no objections. *See* ECF No. 386 at 28, *see*

*generally* ECF No. 394. In so doing, they do not object to Lt.

Blackmon-Malloy proceeding on her "[i]ncorrect score on Lt. exam" claim. Because Magistrate Judge Facciola did not discuss the 2000 non-promotion claim nor refer to the applicable provisions in the Fourth Amended Complaint, the Court did not understand "[i]ncorrect score on Lt. exam" in Appendix B to the 2012 Report and Recommendation to refer to this claim. Denial of reconsideration here would cause tangible harm to Lt. Blackmon-Malloy. In view of the Court's misunderstanding of Magistrate Judge Facciola's recommendation regarding Lt. Blackmon-Malloy's 2000 non-promotion claim, the Court **GRANTS** Lt. Blackmon-Malloy's Motion for Reconsideration, ECF No. 470; and reinstates her 2000 non-promotion claim as set forth in Appendix II to this Memorandum Opinion and Order.

**SO ORDERED.**

**Signed:      Emmet G. Sullivan
            United States District Judge
            March 18, 2021**