UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON BLACKMON-MALLOY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     Civil Action No. 01-2221 (EGS) |
| | ) |
| UNITED STATES CAPITOL POLICE | ) |
| BOARD, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE MOTION TO DISMISS

Defendant, the United States Capitol Police Board ("Defendant"), hereby respectfully moves for a 45-day extension within which to file its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), up to and including October 11, 2021.  Pursuant to the Minute Order of this Court dated April 12, 2021, the due date for the Motion to Dismiss is presently August 27, 2021.  This is the first request for an extension of the due date.

**Defendant's Local Civil Rule 7(m) Statement**

Pursuant to the requirements of Local Civil Rule 7(m), Defendant attempted to contact the various Plaintiffs to seek their consent for the requested relief.  This process was difficult as there are 22 Plaintiffs, 19 of whom are proceeding pro se, and three are represented by counsel, and only a handful have emails and/or telephone numbers identified on the docket.  The following has transpired with respect to Local Rule 7(m):

On August 6, 2021, undersigned counsel spoke with Plaintiffs Sharon Blackmon-Malloy and Ave Marie Harris, both of whom kindly consented to the 45-day extension request.

On August 6, 2021, undersigned counsel spoke with Algernon Marques Pitre, counsel for three of the Plaintiffs herein: Arnold Fields, Dale Veal, and Reginald Waters.  Attorney Pitre indicated he would be willing to assent to the extension if the other Plaintiffs agreed to the extension.

On August 6, 2021, a message was left at the telephone number listed on the docket for Plaintiff Regina Bolden Whittaker with respect to the motion and the relief requested, but no response has been received as of the filing of this motion.

On August 9, 2021, a message was left at the telephone number listed on the docket for Plaintiff Kevin Matthews, Sr., with respect to the motion and the relief requested, but no response has been received as of the filing of this motion.

On August 9, 2021, a call was placed to the telephone number listed on the docket for Plaintiff Danny McElroy, with respect to the motion and the relief requested, but the message stated that voice mail had not been set up.

On August 9, 2021, a call was placed to the telephone number listed on the docket for Plaintiff Luther Peterson, with respect to the motion and the relief requested, but the telephone rang with no answer and was not sent to voice mail.

With respect to Plaintiffs Gary Goines and Duval Phelps, there is no contact information for them listed on the docket.

On August 6, 2021, an email was sent to Plaintiff Frank Adams with respect to the motion and the relief requested.  In a responsive email dated August 6, 2021, Mr. Adams did not consent and indicated his opposition to the requested relief.

On August 13, 2021, letters have been mailed to the remaining 10 Plaintiffs at the addresses listed on the docket with respect to the motion and the relief requested, with a copy of this motion enclosed.

**Argument**

There are good reasons for the extension of the due date for the Motion to Dismiss.

This case involves different employment discrimination claims of 22 plaintiffs, 19 of whom are proceeding pro se and 3 who are represented by counsel.  The original complaint was filed on October 29, 2001.  There were several amended complaints filed and the most recent complaint now at issue is the Fourth Amended Complaint, filed on May 10, 2010.  (ECF no. 278).

Undersigned counsel is a relative newcomer to the Office of the United States Attorney and entered his notice of appearance in this case on December 20, 2020.

The second to last status report in this matter was filed by Defendant on August 29, 2019 (ECF No. 481).  At that time, the Court's order dated July 30, 2019, constituted the final order that effectuated the Memorandum Opinion issued in October 2016 which resolved, among other things, Defendant's motion to dismiss for lack of jurisdiction under Rule 12(b)(1) with respect to the Fourth Amended Complaint (ECF No. 298).  *See* Memorandum Opinion (Oct. 13, 2016).  That motion was filed in accordance with the Court's order, dated March 8, 2010, which directed Defendant to limit that motion to arguments based on Rule 12(b)(1) of the Federal Rules of Civil Procedure and, specifically, "focusing solely on the issue of whether [plaintiffs] have exhausted their administrative remedies under the standard set forth by the D.C. Circuit."  This case and the related cases previously identified 312 Plaintiffs, which number has been substantially reduced.

It was also noted in the August 29, 2019 status report that Defendant had not yet had the opportunity to address any defects in the Fourth Amended Complaint under Rule 12(b)(6) as

regards to the claims remaining following the Court's July 30, 2019 order.  It was reported to the Court that Defendant anticipates filing a motion under Rule 12(b)(6) in response to the remaining claims of the 22 plaintiffs in this case.[1]

However, two issues remained open with respect to the previously filed motion to dismiss under Rule 12(b)(1), and which needed to be resolved prior to the filing of a motion to dismiss under Rule 12(b)(6).   First, with respect to Plaintiff Adams, the Court's October 2016 Memorandum Opinion states in relevant part:

> With regard to Lt. Adams' claims in the main case, except for Lt. Adams' claim for hostile work environment created by racist words, it is not clear which of Lt. Adams' claims in the Fourth Amended Complaint correlate to the claims that Magistrate Judge Facciola recommended survive in his 2007 Report and Recommendation. *Compare* ECF No. 278 *with* ECF No. 151-1 *and* ECF No. 376 at 17-18, App. B. ***Consequently, by no later than 14 days after the Court issues the Final Order associated with this Memorandum Opinion, plaintiffs shall file a supplemental briefing regarding Lt. Adams' claims in the main case as set forth in Appendix I to this Memorandum Opinion and identify which claims in the Fourth Amended Complaint correlate to the claims listed in ECF No. 151-1. Following the response and the reply, the Court will determine which of Lt. Adams' claims in the main case may proceed. The Court will only consider argument on claims in the main case.***

Second, on August 21, 2019, Plaintiff Blackmon-Malloy filed a motion for reconsideration of the Court's dismissal under Rule 12(b)(1) of a non-promotion claim from the 2000 time period.

Those two outstanding issues pertaining to Defendant's previously filed motion to dismiss under Rule 12(b)(1) were resolved by this Court in its Memorandum Opinion and Order dated March 18, 2021.

---

[1]      The Court's order dated July 30, 2019, states that "only those plaintiffs listed in Appendix II [of the Court's October 13, 2016 memorandum opinion] will be allowed to proceed in this action, and they will be permitted to proceed only as to the claims listed in that chart."  Appendix II identifies 24 plaintiffs.  However, by separate orders dated July 30, 2019, the Court ordered Mr. John Johnson and Mr. Vernier Riggs withdrawn as Plaintiffs based on motions filed by those individuals, which the Court construed as motions to withdraw from the case.  Accordingly, only 22 plaintiffs remain in this action.

Undersigned counsel has been assigned a very active litigation caseload of 92 cases, with new ones being added on a weekly basis, and also emergency matters.  For example, a significant part of July and the first part of August was spent by the undersigned researching, briefing, and responding to emergency relief requested in immigration matters with respect to a Diversity Immigrant Visa program involving thousands of Plaintiffs, which program is set to expire on September 30, 2021.  Given the active litigation caseload, the extensive record in this case, and the numerous claims, it would be extremely difficult to prepare a comprehensive pleading for this Court's review by the present due date.  Undersigned counsel is in the process of reviewing voluminous documentation, the lengthy record, and the various claims made by the Plaintiffs. Undersigned counsel requests additional time in order to prepare a thorough and legally accurate presentation to the Court.

Given that undersigned counsel is relatively new to this case, this matter is nearly twenty years old and involves multiple parties, a voluminous record, and there are, at present, over 500 docket entries, Defendant United States Capitol Police Board requests that it be given a 45-day extension of time to prepare its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), up to October 11, 2021.  A proposed form of order is submitted herewith.

August 13, 2021                                    Respectfully submitted.

                                                   CHANNING D. PHILLIPS
                                                   D.C. Bar No. 415793
                                                   United States Attorney

                                                   BRIAN P. HUDAK
                                                   Acting Chief, Civil Division

                                                   By: *Thomas W. Duffey*
                                                   THOMAS W. DUFFEY
                                                   Assistant United States Attorney

Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2510
Thomas.duffey@usdoj.gov

Counsel for Defendant

## CERTIFICATE OF SERVICE

The foregoing motion was served this 13th day of August 2021 via the Court's ECF filing system on pro se Plaintiffs Sharon Blackmon Malloy and Frank Adams, and upon Algernon Marques Pitre, counsel for Plaintiffs Arnold Fields, Dale Veal, and Reginald Waters.   The foregoing motion was served, via first-class mail, postage prepaid on the following Plaintiffs who have entered appearances, *pro se*, in this action:

Regina Bolden-Whitaker
5812 Jackies Way
Clinton, MD 20735

Ave Marie Harris
5404 Stratford Lane
Temple Hills, MD 20748

Luther S. Peterson, Jr.
1359 E Street, SE
Washington, DC 20003

Danny L. McElroy
7102 Meadow Rue Terrace
Upper Marlboro, MD 20772

Leonard Ross
9379 Principal Lane
Waldorf, MD 20603

Regina Ikard
4629 Eastern Avenue
Mount Rainer, MD 20712

Frank W. Wilkes, Jr.
8907 Hardesty Drive
Clinton, MD 20735

Tyronne Brooks
10310 Arethusa Lane
Upper Marlboro, MD 20772

Richard Webb
10752 Green Mountain Cir.
Columbia, MD 21044

Tammie D. Greene
30 Regency Drive

Stafford, VA 22554

Governor Latson
10110 Kathleen Drive
Ft. Washington, MD 20744

Sandra Brown-James
38 15 Butler Springs Dr.
Loganville, GA 30052

Kevin Matthews, Sr.
2507 32nd Street SE
Washington, DC 20020

Brent Mills
1087 Sugar Maple Terrace
Upper Marlboro, MD 20774

Kendrick Young
10114 Georgian Lane
Upper Marlboro, MD 20772

/s/ *Thomas W. Duffey*
Thomas W. Duffey

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON BLACKMON-MALLOY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CAPITOL POLICE BOARD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 01-2221 (EGS) |

## [PROPOSED] ORDER

This matter, having come before the Court on the Motion of Defendant for an extension of time within which to file a Motion to Dismiss, and the Court having considered the motion and any opposition thereto, it is hereby ORDERED,

That the motion is granted and Defendant shall file its motion to dismiss on or before October 11, 2021.

_____
EMMETT G. SULLIVAN
UNITED STATES DISTRICT JUDGE