**ORIGINAL**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON BLACKMON-MALLOY, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CAPITOL POLICE BOARD, <br><br> Defendant | Case No. 01-2221 EGS <br> Hon. Emmet G. Sullivan |

## MOTION TO CORRECT ENTRY REGARDING PLAINTIFF TYRONE D. BROOKS IN APPENDIX II TO THE COURT'S MEMORANDUM OPINION AND ORDER

Plaintiff Tyrone D. Brooks, representing himself *pro se,* hereby moves this Honorable Court, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure and the Court's inherent authority to correct a misstated description of his pending claim of non-promotion in the 2002 Sergeant's promotion process in Appendix II to the Court's Memorandum Opinion and Order dated March 18, 2021 [Dkt. 497-4].

Rule 60(a) states as follows:

(a) Corrections Based on Clerical Mistakes, Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

*Id.*



RECEIVED Mail Room AUG 11 2021 Angela D. Caesar, Clerk of Court U.S. District Court, District of Columbia

In its Memorandum Opinion and Order dated October 13, 2016 [Dkt 429 at 72] this Court accepted Magistrate John Facciola's recommendation that the Court allow Officer Brooks' non-promotion claim to go forward [Dkt. 376 at 22]. However, in Appendix II, the chart refers only to a claim described as "retaliation," when it should accurately read "discrimination in non-promotion in the 2002 Sergeant's examination based on race (African American)." Plaintiff is moving the court to correct this typographical error repeated in its Memorandum Opinion and Order dated March 18, 2021 [Dkt. No. 497] and Appendix II [Dkt. No. 497-4 at 2] to accurately reflect his surviving claim of non-promotion based on race.

Defendant received a verbal notification concerning the relief sought in this Motion on 8/6/2021, and on 8/9/2021 this instant Motion was sent via email notification to Defendant. However, as of this filing date the Defendant has not consented nor opposed this Motion.

As correctly noted in Appendix II, Plaintiff originally brought his claim in <u>Kendrick Young v. United States Capital Police Board</u>, Civil Action No. 04-320 (EGS), which has since been consolidated with the above-captioned case. [Dkt. 108]. The Plaintiffs in <u>Young</u>, including Officer Brooks, alleged that "Defendant discriminated against Plaintiffs on the basis of their race (African American) when it administered the examinations for promotion to Sergeant and Lieutenant, in violation of the Congressional Accountability Act." <u>Kendrick Young, et al. v. United States Capitol Police Board</u>, Civil Action No. 04-CV-0320 (EGS) [Dkt. No. 1].

Plaintiff's claim, as stated in his Affidavit dated January 6, 2005, and subsequently recommended for adjudication by Magistrate Judge John Facciola, is a claim for denial of a promotion during the 2002 Sergeant's promotion process based on race (African American), which is described as follows in Plaintiff's Affidavit:

> Date of discriminatory/retaliatory act complained of in Office of Compliance 03-CP-83 (CV, AP): on or about May 10, 2003 (learned of decision to allow white officers to take exam at a later date).

Declaration of Plaintiff Tyrone D. Brooks [Dkt. No. 332-1 at 16]. Plaintiff's claim was subsequently listed as number 55 in Appendix B to Judge Facciola's Report and Recommendation dated March 19, 2007. Plaintiff successfully appealed the dismissal of this claim on September 12, 2007 [Dkt. 181-2 #29] and the D.C. Circuit reinstated his claim. *See* <u>Blackmon-Malloy v. U.S. Capital Police. Board</u>, 575 F.3d 699 (2009).

By agreement of the parties, Plaintiff's claim was listed among those for which the Officers in the case had exhausted their administrative remedies. *See* Parties' Joint Report in Response to the Court's March 8, 2010 Order [Dkt. No. 275 at 1].

Subsequently, Magistrate Judge Facciola recommended that Plaintiff's claim in Civil Action No. 04-320 be allowed to go forward because Defendant conceded that "Officer Brooks may go forward with his claim for retaliation with respect to the 2002 Sergeant promotion process." Report and Recommendation re Motion to Dismiss for Lack of Jurisdiction (Dec. 14, 2012) [Dkt. No. 376 at 22].

Judge Facciola correctly concludes that Plaintiff's non-promotion claim may go forward but mistakes the basis for retaliation [Dkt. 376 at 22] even though the claim was originally brought on the basis of race (African American). *See* Class Action Complaint, Kendrick Young, et al. v. United States Capitol Police Board, Civil Action No. 04-CV-0320 (EGS) [Dkt. No. 1] at 12. As noted above, the non-promotion complaint identifies white officers as comparators, which make this an essential distinction. *See id.* and Plaintiff's Declaration [Dkt. No. 332-1 at 16].

In its Memorandum Opinion and Order dated October 13, 2016, *the Court adopts Magistrate Judge Facciola's recommendation with respect to Plaintiff's non-promotion claim* [Dkt No. 429 at 72] but inaccurately lists the claim in Appendix II as simply "retaliation' [Dkt No. 429-2 at 1], a mistake it repeats in Appendix II to its most recent Memorandum Opinion and Order [Dkt No. 429-2]. Because Magistrate Judge Facciola misstated the basis for the non-promotion claim, it is unsurprising that the court would simply refer to it by the shorthand abbreviation "retaliation," but this clerical error may create confusion that could lead to a substantial miscarriage of justice unless the Court corrects it before the parties file any further motions.

Unlike the motion for reconsideration of Lt. Sharon Blackmon-Malloy which the court granted in its most recent Memorandum Opinion, Plaintiff is not asking the Court to reconsider its adoption of the Magistrate Judge's recommendation that his claim for discriminatory non-promotion in the 2002 sergeant's examination

proceed but only to correct the inaccurate description of the claim from simply "retaliation" to "discrimination in non-promotion based on race (African-American)."

Moreover, there is no prejudice to the Defendant, which has been on notice of Officer Brooks' actual claim throughout the past 18 years of litigation. *See, e.g.,* Parties' Joint Report in Response to the Court's March 8, 2010 Order [Dkt No. 275] and Defendant's Reply in Support of Defendant's Motion to Dismiss the Fourth Amended Complaint [Dkt No. 365 at 28].

For all these reasons, Plaintiff's Motion should be granted and item 4 of Appendix II to the Court's Memorandum Opinion and Order corrected to read "discrimination in non-promotion in the 2002 Sergeant's examination based on race (African American)." A proposed Order accompanies this Motion.

Respectfully submitted,

*/s/ Tyrone Brooks*

TYRONE BROOKS
1310 Arethusa Lane
Upper Marlboro, MD 20772-4367
tyjobrooks@yahoo.com
301-648-4847

August 10, 2021                           Plaintiff *pro se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON BLACKMON-MALLOY, ET AL.,

    Plaintiff,

v.

UNITED STATES CAPITOL
POLICE BOARD,

    Defendant

Case No. 01-2221 EGS

Hon. Emmet G. Sullivan

## ORDER

UPON CONSIDERATION of Plaintiff's Motion to Correct Entry Regarding Officer Tyrone D. Brooks in Appendix II to the Court's Memorandum Opinion and Order, and the full record, it is hereby this ___ day of August 2021, **ORDERED**:

1. That Plaintiff's Motion is GRANTED; and

2. That the Clerk shall substitute "discrimination in non-promotion in the 2002 Sergeant's examination based on race (African American)" for "retaliation" in item 4 of Appendix II to the Court's Memorandum Opinion and Order dated March 18, 2021 [Dkt 497-4 at 2].

_____
EMMET G. SULLIVAN
U.S. DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I, Pro Se Plaintiff Tyrone D Brooks, do hereby certify that on this 10th day of August 2021, the foregoing Motion to Correct Entry Regarding Plaintiff Tyrone D. Brooks in Appendix II to the Court's Memorandum Opinion and Order was served via U.S. postal mail as follow:

Thomas W. Duffey
Assistant U.S. Attorney
555 4th Street N.W
Washington, DC 20530

Respectfully submitted,

TYRONE BROOKS
1310 Arethusa Lane
Upper Marlboro, MD 20772-4367