UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON BLACKMON-MALLOY, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CAPITOL POLICE BOARD, <br><br> Defendant, | Case No. 01-2221 EGS <br> Hon. Emmet G. Sullivan |

**MOTION FOR THIS HONORABLE COURT TO PROMPTLY FILE ITS DISPOSITION TO ALL PENDIING MATTERS UNDER SUBMISSION**

Pro Se Plaintiff Sharon Blackmon-Malloy hereby moves this Honorable Court to timely file it's disposition in the above captioned case to all pending matters under submission   This plaintiff and other pro se plaintiffs have devoted over twenty-one years litigating this case while suffering racial discrimination and retaliation from the United States Capitol Police in violation of the Congressional Accountability Act,  2 U.S.C. § 1301.  This instant motion is being submitted in compliance with this Court's <u>Standing Order Governing Civil Cases Before Judge Emmet G. Sullivan</u> [464] filed July 30, 2019.

**RELIEF SOUGHT**

Plaintiff expects this Honorable Court to adhere and follow its own published Federal Rules of Civil Procedure specifically, Rule 1 Scope and Purpose which states "They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. In addition to Rule 1 stated

herein this Honorable Court must immediately comply with the Code of Conduct for United States Judges Canon 3 (A)(5) effective March 12, 2019. Canon 3 "A judge should perform the duties of the office fairly, impartial, and diligently. (A) Adjudication responsibilities and (5) A judge should depose promptly of the business of the court.

Additional delays will continue to injure this case.  This is particularly true for those plaintiffs who have died, as well as those who could not continue to support and sustain the enormous cost of a twenty-one-year-old litigation. In support of this instant motion a well-known published report from Michael Heise, *Justice Delayed*: *An Empirical Analysis of Civil Case Disposition Time* 50 Case W. Rsrv. L. Rev. 813 (2000) Available at: https://scholarlycommons.law.case.edu/caselrev/vol50/iss4/3  See the relevant and factual contents extracted from this report. "The relation between case disposition time and civil justice goals is straightforward.[7] Prolonged case disposition time frequently correlates with an increase in litigation costs[8] and threatens evidentiary quality as memories fade, evidence spoils, and witnesses and litigants die.[9] Delays in the resolution of civil disputes erode public confidence in the civil justice system, disappoint and frustrate those seeking compensation through the legal system, and generate benefits for those with the financial ability to withstand delays or otherwise benefit from them.[10] Such factors, individually and collectively, undermine public faith and confidence in the ability of our civil justice system to operate efficiently and, more importantly, equitably."  This Honorable Court must do better!

**Local Civil Rule 7 (m)**

Pursuant to Local Civil Rule 7(m), Plaintiff Blackmon-Malloy contacted Counsel for Defendant, Counsel Algernon Marques Pitre, counsel for four plaintiffs Arnold Fields, Dale Veal, Reginald Waters, and Regina Ikard Personal Representative of the Estate of Larry Ikard. Pro Se Plaintiffs Daniel McElroy, Ave' Maria Harris, Regina Bolden-Whitaker, Sandra Brown-James, Leonard Ross, Frank Wilkes, Kendrick Young, Tyrone Brooks, Governor Latson, Jr. Luther Peterson, Jr. Frank Adams, Duvall Phelps, Brent Mills, Tammie Green, Richard Webb, and Kevin Matthews notified of this instant motion.

**CONCLUSION**

For the foregoing reasons stated herein, this Honorable Court will have ten days to provide its disposition to Plaintiff. If for some reason this Honorable Court is unable to meet this deadline an explanation for the delay must be immediately provided to the undersigned Plaintiff. A response that does not comply with the timeliness requirement and established rules outlined in this motion will not be acceptable moving this matter forward.

Respectfully submitted,

/s/ Sharon Blackmon-Malloy
SHARON BLACKMON-MALLOY
2525 36th Street S.E.
Washington, DC 20020
202-306-2242

May 31, 2022                                    Plaintiff *pro se*

**CERTIFICATE OF SERVICE**

I, Pro Se Plaintiff Sharon Blackmon-Malloy do hereby certify that on this 31st day of May 2022, Plaintiff Motion for this Honorable Court to Promptly File its Disposition in all matters currently pending before this Court was served via email as follow:

Thomas W. Duffey
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, D.C. 20530
Thomas.Duffey@usdoj.gov

A. Marques Pitre
1300 Pennsylvania Avenue NW, Suite 700
Washington, DC. 20004
Ampitre@ampitreassociates.com

By: /s/Sharon Blackmon-Malloy, pro se
SHARON BLACKMON-MALLOY
2525 36th Street S.E.
Washington, DC 20020
202-306-2242