# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHARON BLACKMON-MALLOY, et al.

     Plaintiff,

          v.                   Case No. 01-2221 (EGS)

UNITED STATES CAPITOL POLICE BOARD,     Hon. Emmet G. Sullivan

     Defendant.

 

**PLAINTIFF KEVIN MATTHEWS SR., MEMORANDUM OF POINTS AND AUTHORTIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF MATTHEWS' CLAIMS**

## TABLE OF CONTENTS

TABLE OF AUTHORTIES ………………………………………………….7

I.  INTRODUCTION …………………………………………………8

II.  BACKGROUND …………………………………………………9

III.  STANDARD OF REVIEW …………………………………………13

IV.  ARGUMENT …………………………………………………...16

V.  CONCLUSION …………………………………………………....18

CERTIFICATE OF SERVICE …………………………………………19-20

TABLE OF EXHIBITS…………………………………………………21-24

PROPOSED ORDER ……………………………………………… .25

TABLE OF AUTHORITIES

Cases

Ashcroft v. Iqbal, 556, U.S. 662, 678 (2009) …………………………………13

Atherton v. D.C. Office of the Mayor, 567 F .3d 672, 681 (D.C. Cir., 2009) …13

Banneker Ventures, LLC V. Graham, 798 F.3d 119 (D.C. Cir., 2015) ……….13,14

Barr v. Clinton, 370 F. 3d 1196 (D.C. Cir., 2004) …………………………14

Bell Atlantic Corp., v. Twombly, 550 U.S. 544 (2007) ………………………14

Fennell v. AARP, 770 F Supp .2d 118, 127 (D.D.C. 2011………………………13

Haines v. Kerner, 404 U.S. 519, 520 (1972)). …………………………………15

Higgs v. Cava Grp., Inc., 239 F. Supp .3d 257 (D.D.C. 2017) …………………14

Johnson v. District of Columbia, 49 F. Supp .3d 115 (D.D.C. 2014) ………….13

Matrix Initiatives, Inc., et al v. Siacusano et al., 563 U.S. 27 (2011) ………….13

Nat'l R.R. Passenger Corp., v. Morgan, 536 U.S. 101 (2002) …………………14

Ocheltree v. Scollon Prod., Inc., 335 F. 3d 325, 332 (4th Cir. 2003) ……………15

Reeves v. C.H. Robinson Worldwide, Inc 594, F .3d 798, 807 (11th Cir., 2010...15

William v. District of Columbia, 317 F. Supp .3d 195 (D.D.C. 2018) ………….13

Statutes

Congressional Accountability Act, 2 U.S.C. § 1311……………………………………8

Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ……………………………8

Rules

Rule 12(b)(6) ………………………………………………………………………8

Rule 8 (a)(2) ………………………………………………………………………14

**INTRODUCTION**

In accordance with Rule 12 (b)(6) of the Federal Rules of Civil Procedure and Rule 7 of the United States District Court for the District of Columbia Local Rules, Plaintiff Kevin M. Matthews Sr., by and through his own violation do hereby requests this Honorable Court to deny Defendant's Motion to Dismiss (DMTD) Plaintiff's claims as stated in the Fourth Amended Complaint filed in Blackmon-Malloy Civil Action No. 01: 2221.

Plaintiff Matthews career began with the United States Capitol Police department ("USCP" or "Defendant") on April 20, 1982. The Defendant is aware that Plaintiff is African American and a member of a protected class.

Plaintiff was subjected to unfair discipline, retaliation, and a hostile working environment.  Defendants failed to create a safe work environment free from fear, insult, and intimidation due to plaintiff protected activity and race.

Plaintiff Matthews have engaged in activity protected by the Congressional Accountability in violation of the Congressional Accountability Act, 2 U.S.C. § 1311, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., which it applies. Plaintiff Matthews has met his burden of providing sufficient facts for this Honorable Court to grant relief.

## FACTUAL BACKGROUND

Plaintiff Matthews presents this Court with enough facts to state facially plausible claims in this opposition motion to Defendant's motion to dismiss. Plaintiffs' Fourth Amended ("Complaint" ECF No. 278) describes a department ingrained with illegal acts of racial discrimination in areas of hostile environment, retaliation, the administration of an unfair promotion process and a lack of career advancement opportunities for black officers. Plaintiff Matthews joined USCP thinking that it would be a progressive and forward-thinking agency.  Plaintiff would soon learn that the hostile working environment pre-existed plaintiff's employment.

In 1990 Black Officers began to highlight many illegal racist acts committed at the hands of the USCP against Black Officers and employees. These illegal acts were widely publicized in congressional hearings, local, state, national, and world-wide news organizations.  A chapter of the National Black Police Association was formed in1990 to combat illegal acts of misconduct by the USCP in violation of applicable statues.

Plaintiff Matthews present this court with the following facts: On 2/13/2001, at approximately 2:55 p.m., plaintiff met with Inspector Michael A. Jarboe, Captain Debra A. Reynolds, Lieutenant James W. proctor Jr. and Union Representative Officer Willie Schwenger. Plaintiff was presented with a CP-534 (Command Discipline Report) and received a penalty "Filed with a Warning" for the following violations: "Operational Directive PRF1.3 Rules of Conduct, Category B: Performance of Duty, Rule B1: Unsatisfactory Performance, and (d) The

failure to take appropriate action on a crime, disorder, or other condition deserving police attention. See Exhibit I CP-534 dated 2/13/2001.

Plaintiff reluctantly signed the CP-534, as instructed by Inspector Jaboe and disagreed with the circumstances surrounding the incident. Specifically, the swift removal from plaintiff regular assignment as an Emergency Responder in the Rayburn House Office Building. Plaintiff alleges that two other officers, who received identical discipline a few months earlier "Filed with a Warning" and in both instances they were allowed to remain on their regular assignments.

In addition, one of the above officers received a CP-550 (Personnel Performance Note) a less severe form of corrective action from his immediate supervisor for the first incident and received a CP-534 for a second incident, which included the same violation. The officer received a violation for altering an official document.

Plaintiff contends that the lack of fairness and inconsistency created low morale, and a hostile working environment with co-workers and supervisors. The USCP caused the working environment to grow and fester in misconduct which was common practice in 2000 and continues to this present date. Plaintiff Matthews was subjected to unfair discipline, retaliation, and a hostile working environment due to his race and protected activity. These illegal acts committed against black officers ultimately led to the filing a class wide racial discrimination complaint in April 2001.

Plaintiff Mathews claims are supported by Plaintiffs' Fourth Amended ("Complaint" ECF No. 278) which highlights a hostile work climate for black officers and employees. In the year 2000, black officers and employees held multiple demonstrations in opposition to the USCP unfair disciplinary process which primarily impacted black officers.

10

The latest protest occurred November 6, 2000, well within the statutory administrative exhaustion filing period with the Office of Compliance (OC). Specifically, the misconduct of USCP General Counsel John T. Caulfield's alleged use of the word "nigger" toward a Virginia cab driver when Mr. Caulfield was detained in early February 2000.

The racial slur from Mr. Caulfield, who had responsibility for giving advice on discipline and promotions in the department, was particularly disturbing for black officers who feared that they would not be treated in a fair manner. This misconduct contrast severely with the disciplinary actions that Mr. Caulfield recommended against police officers when charged with similar offenses.

Plaintiff Matthews and other black officers were impacted by Mr. Caulfield's alleged racist and offensive conduct and opposed the continuation of his employment.  Since the initial 2001 filing of plaintiff complaint "Courts have upheld plaintiff's claims of a hostile work environment even when the plaintiff is not the target of the conduct. See, e.g., Reeves v. C.H. Robinson Worldwide, Inc., 594 F. 3d 798, 807 (11th Cir. 2010) (en banc). ("We began by reiterating several core principals of employment discrimination law…a plaintiff can prove a hostile work environment by showing severe and pervasive discrimination directed against her protected group, even if she herself is not individually singled out in the offensive conduct.") see also Ocheltree v. Scollon Production, Inc., 335 F. 3d 325, 332 (4th Cir. 2003)(en banc) holding that discriminating conduct that did not specifically target the plaintiff was nonetheless sufficient support for a hostile work environment claim."

Plaintiff was part of a protected group of black officers opposing racial discrimination in the workplace. Therefore, anyone who is impacted by offensive conduct in the workplace may be a victim of illegal acts.

Plaintiff Matthews hostile work environment claim survives the DMTD because "any reasonable person in plaintiff position would objectively believe that Mr. Caulfield's misconduct added to the already pre-exited hostile, racist, offensive, and humiliating work environment for many black officers and employees.

Plaintiff Matthews was retaliated against and removed from his regular assignment due to plaintiffs protected activity.  Other officers who committed worse or similar offenses were allowed to keep their regular assignments. Plaintiff retaliation and unfair discipline claims occurred prior to the administrative class wide complaint filing in the OC.

The USCP failed to correct and hold its supervisors and commanders accountable for a plethora of alleged illegal acts identified in Plaintiffs' Fourth Amended ("Complaint" ECF No. 278.) Therefore, the USCP must be held liable for condoning, assisting, participating, and tolerating misconduct and illegal acts directed against black officers and employees.

Plaintiff Matthews rely on this court judicial experience to correct the record for plaintiff hostile work environment claim. Plaintiff Matthews hostile work environment also survived the Office of Compliance (OC) administrative exhaustion period in 2001. Plaintiff submitted "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff claim was filed in the Office of Compliance. See Exhibit II dated 4/23/01, OC # 01-CP-126 (CV, RP).

Plaintiff fulfilled the requirement to warrant a legal remedy in compliance with Federal Rule of Civil Procedure 8 (a)(2).  Plaintiff hostile work environment claim should be corrected and added to the unfair discipline claim in ECF Document No. 497-4 Appendix II.

To deny plaintiff this timely claim will continue to cause irreparable judicial harm to plaintiff twenty-two-year-old litigation.  Plaintiff hostile working environment claim filed in the OC is restated in plaintiffs' declaration in ECF No. 332-2 at 4 refiled 3/01/11.

### Standard of Review

Plaintiff Matthews relies on his factual allegations submitted herein and this Court "must accept as true all of the factual allegations contained in the complaint." Williams v. Dist. of Columbia, 317 F.Supp.3d 195, 199 (D.D.C. 2018) (quoting Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal quotations omitted)); see also Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

Plaintiff Matthews complaint itself is not required to prove the allegation at this stage, but rather "raise a reasonable expectation that discovery could lead to evidence of liability."  Matrix Initiatives, Inc., et al. v. Siacusano et al., 563 U.S. 27 (2011).

Several "[C]ourts in this Circuit have consistently recognized the 'ease with which a plaintiff claiming employment discrimination can survive ... a motion to dismiss.'" Williams, 317 F.Supp.3d at 199 (quoting Fennell v. AARP, 770 F.Supp.2d 118, 127 (D.D.C. 2011)). "Determining the plausibility of a claim for relief is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Johnson v. Dist. of Columbia, 49 F.Supp.3d 115, 118 (D.D.C. 2014) (quoting Iqbal, 556 U.S. at 679).

The totality of circumstances surrounding the events and Title VII violations must be addressed in this instant complaint. A court shall consider evidence and allegations with respect to untimely acts of discrimination or retaliation may well be considered "as background evidence in support of a timely claim" about another alleged occurrence. Morgan, 536 U.S. at 113, 122 S. Ct. 2061.

Courts must accept "the allegations of the complainant as true," Banneker Ventures, LLC v. Graham, 798 F., 3d. 1119, 1129 (D.C. Cir. 2015), and construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged." Barr v. Clinton 370 F.3d 1196, 1199 (D.C. Cir. 2004).

Plaintiff Matthews evidence and records submitted to this Court is "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). However, this burden is not a heavy one; "a short and plain statement of the claim showing that the pleader is entitled to relief" is all that is required. Fed. R. Civ. P. 8(a)(2). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts" to warrant a legal remedy. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff Matthews complaint presents "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Higgs v. Cava Grp., Inc., 239 F.Supp.3d 257, 260 (D.D.C. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted)).

The USCP discriminatory practices violated Title VII which "prohibits federal agencies from discriminating against their employees based on race, color, religion, sex, and national origin. see 42 U.S.C. § 2000e. This title also makes it unlawful to retaliate against an

14

employee because [s]he has opposed any practice made an unlawful employment practice."
Plaintiff Matthews did not work in safe and secure environment free from discrimination.

Plaintiff Matthews' reply to the DMTD Rule (b)(6), should be held to less stringent
standards. "If the complainant is pro se, the factual allegations contained in their complaint
should be held to less stringent standards than formal pleadings drafted by lawyers." Haines v.
Kerner; 404 U.S. 519, 520 (1972)).

"…Courts have upheld plaintiff's claims of a Hostile work environment even when the
plaintiff is not the target of the conduct. See, e.g., Reeves v. C.H. Robinson Worldwide, Inc., 594
F. 3d 798, 807 (11th Cir. 2010) (en banc). ("We began by reiterating several core principals of
employment discrimination law…a plaintiff can prove a hostile work environment by showing
severe and pervasive discrimination directed against her protected group, even if she herself is
not individually singled out in the offensive conduct.") see also Ocheltree v. Scollon Production,
Inc., 335 F. 3d 325, 332 (4th Cir. 2003) (en banc) holding that discriminating conduct that did not
specifically target the plaintiff was nonetheless sufficient support for a hostile work environment
claim.

The courts in Reeves and Ocheltree saw that workplaces can harbor severe and pervasive
discrimination without specific targets; discrimination that materially alters the conditions of the
workplace for the affected employee without being targeted. (The impact of such overtly racist
actions exceeded their immediate targets and cast a pall of fear and intimidation over the black
officers who were aware of what had occurred.")

**ARGUMENTS**

1.    **Defendants argue** that "Plaintiff fails to sufficiently plead allegations that make his claims plausible. He complained of one incident where he was discipline for not completing a police report and a written warning was issued." … "This does not constitute an adverse employment action under CAA."

   **Plaintiff Response**: Plaintiff Matthews deny Defendant's allegation that "plaintiff fails to sufficiently plead allegations that make his claims plausible. Plaintiffs refer Defendants to the above case citations, which supports plaintiff allegations stated herein. Defendant is quick to downplay the severity of plaintiff's unfair discipline penalty. A CP-534 is a serious charge which can negatively impact plaintiff performance ratings, promotional opportunities, training opportunities, specialized assignments, and other career advancements opportunities. Plaintiff Matthews did not benefit from the same opportunities as officers who did not engage in protected activity which resulted in adverse employment actions.

2.    **Defendants argue** that "Plaintiff has failed to plead a sufficient adverse action to support a claim of discrimination."

   **Plaintiff Response**: Plaintiff deny Defendant's allegations that plaintiff failed to plead a sufficient adverse action to support a claim of discrimination. Although plaintiff was not the direct target of Mr. Caulfield's misconduct the impact suffered by plaintiff was severe and pervasive and altered plaintiff work environment for the duration of plaintiffs' career.

Plaintiff was retaliated against for his protected activity by the USCP leading up to the administrative filing in the OC. Plaintiff received unfair discipline and was removed from his regular assignment while two other officers who received identical discipline as plaintiff was allowed to keep their regular assignments.

3.      **Defendants argue** "There is no claim by plaintiff that any other penalty was issued, and Magistrate Judge Facciola identifies this disciplinary action as Plaintiff sole claim that survived administrative exhaustion."

   **Plaintiff Response**: Plaintiff Matthews admit to receiving a CP-534 "Filed with a Warning" and will instruct this court to review plaintiff hostile work environment administrative complaint filed in the OC in 2001 attached herein and restated in plaintiff declaration. *See* ECF No. 332-2 at 4 refiled 3/01/11. Plaintiff Matthews fulfilled the OC administrative exhaustion jurisdictional requirements through his attorney Charles J. Ware.

4.      **Defendants argue** that "Plaintiff has failed to allege any facts demonstrating that he was subjected to any discriminating treatment other than a minimal written warning with which he agreed…."

   **Plaintiff Response**: Plaintiff deny Defendant's allegations that "Plaintiff has failed to allege any facts demonstrating that he was subjected to any discriminating treatment other than a minimal written warning with which he agreed…" Defendant attempts to minimize the severity of plaintiff's unfair discipline penalty. Again, a CP-534 is a serious charge which can negatively impact plaintiff performance ratings, promotional opportunities, specialized training opportunities, specialized assignments, and other career advancements opportunities.

White officers could and did perform their duties in a stress-free work environment without the lingering thoughts of being unfairly discipline, loss of career opportunities and the possibility of being subjected to unwarranted and unfair future discipline.

## CONCLUSION

Plaintiff Kevin M. Matthews Sr. has presented this Court with sufficient facts that support each claim for which relief should be granted.  For the foregoing reasons stated herein, Plaintiff Kevin M. Matthews Sr. respectfully requests this Honorable Court to deny Defendant's Motion to Dismiss in its entirety and grant such relief that is just and proper.

Respectfully submitted,

KEVIN MATTHEWS, SR.
2507 32nd Street, S.E.
Washington, DC 20020

May 22, 2023

18

## <u>CERTIFICATE OF SERVICE</u>

I, Pro Se Plaintiff Kevin Matthews, Sr., do hereby certify that on May 22, 2023,

the foregoing Memorandum in Opposition to Defendants Motion to Dismiss

Plaintiff Kevin Matthews Sr. claims, and proposed ORDER was electronically served on

the following:

Thomas W. Duffey
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, D.C. 20530
Thomas.Duffey@usdoj.gov

A. Marques Pitre
1300 Pennsylvania Avenue NW, Suite 700
Washington, DC. 20004
Ampitre@ampitreassociates.com

Additionally, the below listed unrepresented plaintiffs identified in this civil action will

be served via U.S. postal first-class mail.

FRANK ADAMS
5817 South Marwood Blvd.
Upper Marlboro, MD. 20772

AVE MARIE HARRIS
5404 Stratford Lane
Temple Hills, MD 20748

FRANK W. WILKES
8907 Hardesty Drive
Clinton, MD 20735

GOVERNOR LATSON, JR,
1116 Silver Oaks Court
Raleigh, NC 27614

KENDRICK A. YOUNG
10114 Georgian Lane
Upper Marlboro, MD 20772

REGINA BOLDEN-WHITAKER
5812 Jackies Way
Clinton, MD 20735

RICHARD WEBB
10752 Green Mountain Circle
Columbia, MD 21044

TAMMIE D. GREEN
30 Regency Drive
Stafford, VA 22554

TYRONE BROOKS
1310 Arethusa Lane
Upper Marlboro, MD 20772-4367

DANNY L. MCELROY
7102 Meadow Rue Terrace
Upper Marlboro, MD 20772

SHARON BLACKMON-MALLOY
2525 36th Street S.E.
Washington, DC 20020

LUTHER S. PETERSON, JR.
1359 E Street S.E.
Washington, DC 20003

Respectfully submitted,

KEVIN MATTHEWS, SR.
2507 32nd Street, S.E.
Washington, DC 20020

May 22, 2023

20